Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF    0 8 - 1 2 5**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District |
|---|---|

| Name (under which you were convicted): Ezeadigo Oduche | Docket or Case No.: I.D. NO. 0511012724 |
|---|---|

| Place of Confinement: YORK COUNTY PRISON, 3400 CONCORD ROAD YORK PA 17402 | Prisoner No.: 107414 |
|---|---|

| Petitioner (include the name under which you were convicted) Oduche Ezeadigo | Respondent (authorized person having custody of petitioner) |
|---|---|
| | Department of Homeland Security |

v.

The Attorney General of the State of DELAWARE

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: In the Superior court of the state of Delaware in and for New Castle county

    (b) Criminal docket or case number (if you know): I.D. NO. 0511012724

2.  (a) Date of the judgment of conviction (if you know): March 30, 2006

    (b) Date of sentencing: March 30, 2006

3.  Length of sentence: 3 years at Level V (suspended immediately for 1 year at Level III

4.  In this case were you convicted on more than one count or of more than one crime?    Yes ☐    No ☑

5.  Identify all crimes of which you were convicted and sentenced in this case: Aggravated Menacing

6.  (a) What was your plea? (Check one)

    Not guilty ☐          (3)   Nolo contendere (no contest) ☐

    (2)   Guilty ☑          (4)   Insanity plea ☐



F I L E D

MAR - 3 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Page 4

(h) Did you file a petition for certiorari in the United States Supreme Court?          Yes ☐ No ☑

If *yes*, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court of the State of Delaware

(2) Docket or case number (if you know): I.D. NO. 0511012724

(3) Date of filing (if you know): October 25, 2007

(4) Nature of the proceeding: Denied

(5) Grounds raised: Ineffective Assistance of Counsel,
Coerced Confession or guilty Plea, Suppression of
~~Probable~~ Favorable evidence / False Arrest

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I plead guilty to aggravated Menacing. Plead not guilty P.D.W.D.E.F., 2 counts of aggravated menacing, Terror Threat, Resist Arrest.

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐        Judge only ☐

7    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐ No ☑

8    Did you appeal from the judgment of conviction?

Yes ☐ No ☑

9    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    Yes ☐ No ☑

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   Yes ☐ No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court: _____

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   Yes ☐ No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition,

application, or motion?

   (1)  First petition:          Yes ☐ No ☑

   (2)  Second petition:      Yes ☐ No ☑

   (3)  Third petition:         Yes ☐ No ☑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: Because
I am out of ~~state~~ State of Delaware and I don't have
know way of getting Appeal forms or case law from.

_____

Page 6

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): My Attorney never Advised me of my consequences of my guilty plea that was gone to effect my immigration status. Now the Department of Homeland Security are now on the procedures of deporting me as an alien convicted of aggravated felony.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Delaware Superior Court, New Castle county

Docket or case number (if you know): I.D. NO.0511012724

Date of the court's decision: January 17, 2008

Result: (attach a copy of the court's opinion or order, if available). _____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The Appeal I am filing is this one. I am raising the issue now.

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Just a PCRA Rule 61

_____

GROUND TWO: Coerced Confession of guilty plea

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

I was coerced to taking a plea of guilty, by my Attorney telling me he could not beat the case, and I know I am innocent this charge. He Also told me If I go to trail and lose I would recieve alot of time in prison.

_____

Page 8

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: I did not appeal
this judgement I am using this form as my appeal, because I
never knew I would have immagration problems,

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post - Conviction Relief

Name and location of the court where the motion or petition was filed: _____

_____ The Superior Court of Delaware, New Castle County

Docket or case number (if you know): 0511012724

Date of the court's decision: January 17, 2008

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The appeal I am filing in this one. I am raising the issue now.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: PCRA Rule 61

**GROUND THREE:** Suppression of Favorable Evidence / False Arrest

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was told I could not have a suppression hearing, to show a letter from victim that said I am innocent, also officer believed a person with no evidence to arrest me.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

Because they denide denied my P.C.R.A.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: I never filed an appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction Relief

Name and location of the court where the motion or petition was filed: The Superice Court of Delaware, New Castle county

Docket or case number (if you know): I.O. NO. 0511012724

Date of the court's decision: January 17, 2008

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The Appeal I am filing is this one I am raising the issue now.

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: P.C.R.A. Rule· 61

_____

GROUND FOUR: Never offered the right to confront my witness ~~who wrote a~~

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): I was never give a chance to let my witness speack to prove my innocents or was I able to present the writen statement or the victim wrote in my behalf, and the statement declaring my innocence as was writen in supporting deposition in police complant report.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑✓

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Because I am using</u> <u>this form as my Appeal</u>

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑✓  No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Post-Conviction Relief</u>

Name and location of the court where the motion or petition was filed: <u>The Superior Court</u> <u>of Delaware, ← New Castle county</u>

Docket or case number (if you know): <u>I.D. NO. 0511012724</u>

Date of the court's decision: <u>January 17, 2008</u>

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑  No ❑✓

(4) Did you appeal from the denial of your motion or petition?

Yes ❑  No ❑✓

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The Appeal I am Filing is this one. I am raising the issue now.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: P.C. R.A. Rule 61

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☑ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: I did not raise ground Four in my Post-Conviction Relief, Because you can only raise 3 grounds.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☑ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. The Supreme Court of Delaware, Kent County, a petition for extraordinary writs. Still pending. I.D. NO. 0511012724

15. Do you have any petition or appeal _now pending_ (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☑   No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. The Supreme Court of Delaware, Kent County a petition for extraordinary Writs. I.D.NO. 0511612724 Same as PCRR Rule 61

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Public Defender David d.d. Facciolo, 500 King Street 2 floor, Wilmington, DE. 19801-3704

(b) At arraignment and plea: Public Defender David dd Facciolo

(c) At trial: Public Defender David dd Facciolo

(d) At sentencing: Public Defender David dd Facciolo

(e) On appeal: I never had an appeal

(f) In any post-conviction proceeding: Pro - se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro - se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☑ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition. *

I never knew I would be deported for excepting a guilty plea for this crime, that I am innocent of from the start. However my Attorney coerced me into taking this plea, he told me that if I went to trail I would Recieve alot of time if I lost trail, I put trust in him because I never really understood english well, and I don't know anything about the law and the rules of the legal system. Should not be held accountable for this tet illegal plea agreement.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____    _____

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

i declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this

Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____

_____ (month, date, year).

Executed (signed) on _____ (date).

*Exeedise adukke PRO-se*
Signature of Petitioner *Rodney J. William*

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing
this petition. *I help The oduche File out this petition to the best*
*of my Knowledge, because he really cant understand english thnat*
*well.*

. . . . .

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTRY

STATE OF DELAWARE           )
                            )
        v.                  )
                            )
EZEADIGO ODUCHE,            )    ID. No. 0511012724
                            )
        Defendant.          )
                            )

Submitted:   October 25, 2007
Decided:     January 17, 2008

UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
**DENIED**

## **ORDER**

Ezeadigo Oduche, Defendant, *Pro Se*

JOHNSTON, J.

1.      On March 30, 2006, Oduche pled guilty to Aggravated

Menacing. Oduche was sentenced to 3 years at Level V (suspended

immediately for 1 year at Level III, followed by 1 year at Level II).

2.      Oduche filed a *pro se* motion for postconviction relief on

October 22, 2007. Oduche claims: (i) ineffective assistance of counsel; (ii)

"coerced confession or guilty plea;" and (iii) "suppression of favorable

evidence/false arrest."

3.      In evaluating a postconviction relief motion, the Court must

first ascertain if any procedural bars of Superior Court Criminal Rule 61(i)

apply.[1] If a procedural bar is found to exist, the Court should refrain from

considering the merits of the individual claims.[2] This Court will not address

claims for postconviction relief that are conclusory and unsubstantiated.[3]

4.      Pursuant to Rule 61(a), a motion for postconviction relief must

be based on "a sufficient factual and legal basis." According to Rule

61(i)(1), a postconviction relief motion may not be filed more than a year

after judgment of conviction is final or one year after a newly-discovered,

retroactively-applicable right is recognized by the United States Supreme

---

[1] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[2] *See id.*

[3] *See id.* at 555.

2

Court or the Delaware Supreme Court. Pursuant to Rule 61(b)(2): "[T]he motion shall specify all the grounds for relief which are available to movant..., and shall set forth in summary form the facts supporting each of the grounds thus specified."

5.      Any ground for relief not asserted in a prior postconviction relief motion is thereafter barred unless consideration of the claim is necessary in the interest of justice.[4] Grounds for relief not asserted in the proceedings leading to the judgment of conviction are thereafter barred, unless the movant demonstrates: (1) cause for the procedural default; and (2) prejudice from violation of movant's rights.[5] Any formerly-adjudicated ground for relief, whether in a proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.[6]

6.      This is Oduche's first motion for postconviction relief. However, the Motion was filed more than one year after his final judgment of conviction. Superior Court Criminal Rule 45(b)(2) explicitly states that

---

[4] Super. Ct. Crim. R. 61(i)(2).

[5] Super. Ct. Crim. R. 61(i)(3).

[6] Super. Ct. Crim. R. 61(i)(4).

3

the Superior Court "may not extend the time for taking any action" under Rule 61(i)(1).[7]  This time limit is not applicable if "the court lacked jurisdiction or…there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity, or fairness of the proceedings leading to the judgment of conviction."[8]

7.    As a threshold matter, the Court must determine whether Oduche's  claim of ineffective assistance of counsel constitutes a "constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceeding."[9]  Ground (i) of Oduche's claim is ineffective assistance of counsel.  Ground (ii) ("Coerced Confession of guilty plea") is based on counsel's alleged advice to defendant. Therefore, the Court will consider ground (ii) as if it were an ineffective assistance claim.  Ground (iii) ("suppression of favorable evidence/false arrest") is barred by Rule 61(i)(1).

8.    To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that counsel's errors were so grievous that

---

[7] *See Smallwood v. State*, No. 473, 2006, Steele, C. J. (Del. Feb. 13, 2007).

[8] Del. Super. Ct. Crim. R. 61(i)(5).

[9] *State  v. Morla*, 2007 WL 2566012, at *3 (Del. Super.).

4

counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice, that is, that there is a reasonable degree of probability that but for counsel's errors, the outcome of the proceedings would have been different.[10]  In making a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[11]  Although the *Strickland* standard is a two-part test, the showing of prejudice is so central to this claim that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[12]  In other words, if the Court finds that there is no possibility of prejudice, even if a defendant's allegations regarding counsel's representations were true, the claim may be dismissed on this basis alone.

9.    Oduche claims his attorney should have made a motion for discovery. Oduche states that his attorney "was advised there were statements from victims saying [Oduche] was innocent." Any such

---

[10] *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).

[11] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990); *Robinson v. State*, 562 A.2d 1184, 1185 (Del. 1989).

[12] *Strickland*, 466 U.S. at 697.

statements were required to be produced to defense counsel as exculpatory *Brady* material. Therefore, no discovery motion was necessary.

10.    Oduche also alleges that his attorney "never advised me of what could happen if I pled guilty....I was coerced to take a plea of guilt, by attorney telling defendant he could not beat case, and would receive many years in prison and I would not be deported by pleading guilty."

11.    Oduche pled guilty to Aggravated Menacing, and received a probationary sentence. Had Oduche gone to trial, and been found guilty, he faced the possibility of 41 years incarceration, having been indicted on 3 counts of Aggravated Menacing, Possession of a Deadly Weapon During Commission of a Felony, and Resisting Arrest. The weapon possession charge carries a 2 year minimum mandatory sentence.

12.    Oduche indicated on his Truth-in-Sentencing Guilty Plea Form that he was "satisfied with his lawyer's representation" and he "freely and voluntarily decided to plead guilty." In the absence of clear and convincing evidence to the contrary, Oduche is bound by these representations.[13] The plea colloquy evidences that counsel fully and carefully discussed the consequences of the guilty plea with Oduche. The Court finds Oduche's ineffective assistance of counsel claims are without merit.

---

[13] *Felix v. State,* 2006 WL 1971786, at *2 (Del. July 14, 2006).

13.    Oduche also asked the Court to appoint counsel to pursue this motion. Pursuant to Rule 61(e)(1), "[t]he court will appoint counsel...only in the exercise of discretion and for good cause shown, but not otherwise."[14] Considering the Court's findings concerning Oduche's postconviction relief motion, appointment of counsel is not warranted.

14.    Based on the foregoing, Defendant's Motion for Postconviction Relief is hereby **DENIED.** Defendant's Motion for Appointment of Counsel is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[14] Super. Ct. Crim. R. 61(e)(1).

Mr. Ezeadigo Oduche
**Inmate# 107414**
**A# 48-810-588**
York County Prison
3400 Concord Road
York, PA  17402

a pro forma caution is not enough.[28] Another California appellate court held that the noncitizen "may have been prejudiced by [his attorney's] failure to investigate, and utilize defense alternatives to a plea of guilty to an "aggravated felony."[29] The Colorado Supreme Court adopted a similar test in *People v. Pozo*,[30] holding that failure to advise of deportation consequences constitutes ineffective assistance of counsel.[31]

The ▓▓▓▓▓▓▓ Supreme Court has held that the advice of criminal defense counsel that the noncitizen "may" be deported upon his plea was not affirmative misadvice giving rise to an ineffective assistance of counsel claim.[32] The decision overrules the prior lower appellate court opinion requiring a heightened standard of representation and finding ineffective assistance of counsel. The Ore▓▓▓▓▓▓▓▓▓▓▓▓▓▓lid affirm that the state constitution requires defense counsel to inform the client that deportation may result, but refused to extend that protection to require warnings that deportation would almost certainly result upon his plea to an aggravated-felony offense. This information, according to the court, was too specific to affirmatively require counsel's advice.

In another noteworthy decision▓▓▓▓▓▓▓▓▓▓▓▓▓e Court has held that a criminal defendant's attorney has "an affirmative duty to determine [the defendant's] immigration

---

[28]*People v. Soriano*, 194 Cal. App. 3d 1470, 1481–82, 240 Cal. Rptr. 328, 65 A.L.R.4th 705 (1st Dist. 1987).

[29]*People v. Bautista*, 115 Cal. App. 4th 229, 8 Cal. Rptr. 3d 862 (6th Dist. 2004), as modified on other grounds, (Feb. 17, 2004) and review denied, (Apr. 14, 2004) (an LPR of 17 years with his entire family in the U.S. pled to "possession of marijuana for sale" after 100 lbs. of marijuana belonging to his U.S. citizen brother was found in a storage locker that they shared; the defense attorney admitted "it had never crossed his mind" that alternatives existed which would avoid a plea to an aggravated felony for immigration purposes); *see also* an unpublished decision from the same California appellate court, *People v. Sanchez-Martinez*, 2004 WL 693225 (Cal. App. 6th Dist. 2004) (the defense attorney's testimony that he could not remember informing the defendant that deportation was mandatory for an aggravated felony conviction and that "he thought he told defendant he would 'probably be deported'" if the defendant went to state prison resulted in the court finding ineffective assistance, and remanding for withdrawal of plea, since the attorney did not advise the defendant that he *would* be deported even if he received probation, which did not allow the defendant to make an informed decision).

[30]*People v. Pozo*, 85 Colo. 319 (1987).

[31]*See also Lyons v. Pearce*, 694 P.2d 969 (Or. 1985) (*Lyons I*).

[32]*Gonzalez v. State*, 340 Or. 452, 134 P.3d 955 (2006).

status and provide him with specific advice regarding the impact a guilty plea would have on his immigration status." The Court held that not only would "misleading" advice be deficient under the federal *Strickland* test (including advice that one "could" be deported when deportation for an aggravated felony would be almost certain) but in dicta also stated that "nonadvice" would be deficient as well since "the consequence is the same: the defendant did not receive information sufficient to make an informed decision to plead guilty."[33] has also held that affirmative misadvice states a colorable claim of ineffective assistance of counsel.[34]

found ineffective assistance of counsel for affirmatively misadvising the noncitizen defendant about the immigration consequences of a conviction.[35]

As noted by the noncitizens from an easily recognized group of defendants, so that a criminal defense attorney should be alerted to the need to investigate potential immigration consequences, including the viability of seeking a JRAD. Where immigration consequences of a criminal conviction indirectly lengthened the incarceration defendant suffered as a result of the conviction, counsel may be held to have rendered ineffective assistance of counsel by misinforming the defendant concerning the immigration consequences.[37] Texas courts have likewise recognized that claims of affirmative misadvice by counsel

---

[33]*State v. Paredez*, 101 P.3d 799 (2004) (motion to withdraw plea remanded for an evidentiary hearing regarding prejudice under second prong of *Strickland*, though a strong inference existed that prejudice had occurred, since even though the defendant received only probation and a suspended sentence, the defendant was a permanent resident, and he was not apparently advised that the conviction, for "criminal sexual contact of a minor in the third degree," would most certainly result in his deportation for an aggravated felony).

[34]*Rollins v. State*, 591 S.E.2d 796 (Ga. 2004).

[35]*Rosa v. State*, 2005 WL 2038175 (Tex. App. Dallas 2005), petition for discretionary review refused, (Dec. 14, 2005) ("[m]isinformation regarding a matter about which a defendant is not entitled to be informed may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation").

[36]*United States v. Russell*, 686 F.2d 35, 41–42 (D.C. Cir. 1982).

[37]*State v. Garcia*, 320 N.J. Super. 332, 727 A.2d 97 (1999).

the writ of coram nobis and reduced the sentence to 10 months.

The Fifth Circuit held that the district court improperly dismissed a corum nobis motion for lack of jurisdiction since the defendant was no longer in custody, and therefore a successive § 2255 habeas motion was no longer available to him. In dicta, the court also opined that because corum nobis is an "extraordinary writ," the defendant would be required to "provide 'sound reasons' for his failure to seek permission to assert the claims alleged in his *coram nobis* petition in a successive petition under 28 U.S.C. § 2255 while he was still in custody." The court further noted that a "regurgitation" of prior claims dismissed in a prior 2255 motion or claims that reasonably could have been raised in that petition would likely meet with failure.[30]

Respondent's success in obtaining a writ of error coram nobis from U.S. district court, which then reduced sentence for conspiracy to commit robbery from 366 days to 10 months, resulted in a BIA order terminating removal proceedings.[31]

The rules barring retroactive application on habeas corpus of new rules handed down since the conviction became final also apply in federal coram nobis cases.[32]

Coram nobis relief from a federal criminal conviction is civil in nature, so a notice of appeal must be filed within 60 days.[33]

The Florida Supreme Court held that a petition for a writ of error coram nobis was the proper vehicle for defendants, no longer in custody, to challenge criminal convictions on the ground that the trial court at the time a plea was entered failed, in violation of state law,[34] to advise them of the possibility of deportation as a result of the plea. It further held

---

[30]*U.S. v. Esogbue*, 357 F.3d 532 (5th Cir. 2004).

[31]*In re Corso* (BIA, 12/29/99, unpublished).

[32]*United States v. Swindall*, 107 F.3d 831 (11th Cir. 1997); *U.S. v. Mandanici*, 205 F.3d 519 (2d Cir. 2000).

[33]*U.S. v. Johnson*, 237 F.3d 751 (6th Cir. 2001)(majority view, agreeing with Second, Fifth, Seventh and Tenth Circuits, but disagreeing with the Eighth and Ninth Circuits), citing *U. S. v. Morgan*, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954)(ambiguous in describing coram nobis both as a "step in the criminal case" and as "of the same general character as one under 28 U.S.C.A. Section 2255.").

[34]Fla. R. of Crim. P. 3.172(c)(8).

that the petition must be filed within two years after the defendant became aware, or should have become aware, of the threat of deportation as a result of the plea.[35] Finally, it held that the defendant need only show that s/he would not have entered the plea if s/he had known of the deportation consequences, but need not show any likelihood of acquittal at trial.[36]

### § 4:11    Common law writs; coram nobis—Audita querela

A writ of audita querela, like a writ of coram nobis, was available at common law to challenge a judgment in both civil and criminal actions.[1] Audita querela is defined as a common law writ constituting the initial process in an action brought by a defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise.[2]

Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished such writs, and substituted relief by motion pursuant to the terms of the rule. Nevertheless, as held by the Supreme Court in *United States v. Morgan*,[3] Rule 60(b) applies only in civil cases, and consequently cannot be said to have abolished the availability of coram nobis relief in criminal actions. By analogy, audita querela provides a heretofore untapped basis for relief from judgment "necessary to plug a gap in the system of federal postconviction remedies."[4] In contrast to coram nobis, which focuses upon the legality of the judgment, or habeas corpus, in which the defendant must demonstrate unlawful restraint upon his liberty, audita querela offers a mechanism to obtain relief from the *consequences* of a judgment in order to avoid consequences from

---

[35]Since the rule it announced was a new rule, the court in fairness allowed defendants to file a petition within two years after April 13, 2000, the date the case was decided.

[36]*Peart v. State*, 756 So. 2d 42 (Fla. 2000).

**[Section 4:11]**

[1]*Salgado v. United States*, 692 F. Supp. 1265 (E.D. Wash. 1988).

[2]Black's Law Dictionary (5th ed.).

[3]*United States v. Morgan*, 346 U.S. 502 (1954). *See also United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) (relief denied as 28 U.S.C.A. § 2255 habeas relief available, but availability of relief affirmed in principle).

[4]*Id.*

appropriate if there is an error that is plain, which affects substantial rights and the outcome of the case.[15]

The Ninth Circuit has held that appeals or post-conviction actions raising a *Booker* challenge ask whether "the sentence imposed would have differed materially if the district court judge were applying the Guidelines as advisory rather than mandatory," normally requiring remand to the district court for such a determination.[16]

The U.S. Supreme Court has further indicated erosion of the related precedent of *Almendarez-Torres v. United States*,[17] which held the fact of a prior conviction used to enhance a sentence, such as for illegal reentry following deportation, need not be found by the jury. Recent case law has suggested that this precedent be reconsidered.[18]

*Post-Conviction Review Under Blakely.* Because it involves a procedural rule,[19] federal courts of appeal have uniformly begun to hold that *Blakely/Booker* errors are not retroactive to cases already final and in a post-conviction posture.[20] The Tenth Circuit has also explained that *Blakely* announced a new rule that was not dictated by precedent such as *Apprendi v. New Jersey*,[21] that also was not a "watershed" new rule of criminal procedure that warranted retroactive application to new § 2255 motions to vacate.[22] However, in state prosecu-

---

ror); *U.S. v. Rodriguez-Ceballos*, 407 F.3d 937 (8th Cir. 2005) (finding plain error).

[15]*U.S. v. Cotton*, 535 U.S. 625, 631-32, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002); *see, e.g., U.S. v. Duncan*, 381 F.3d 1070 (11th Cir. 2004) (holding that any *Blakely* error was not "plain" under plain error standard of review).

[16]*U.S. v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc).

[17]*Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

[18]*Shepard v. U.S.*, 125 S. Ct. 1254 (U.S. 2005).

[19]*Schriro v. Summerlin*, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (U.S. 2004) (the Supreme Court stated that its earlier decision in *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), holding that a death sentence violated the Sixth Amendment if it is based on factors not presented to the jury, would not apply retroactively since the retroactivity of procedural criminal rules is limited to very narrow situations, citing the rule created in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)).

[20]*U.S. v. Price*, 400 F.3d 844 (10th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005).

[21]*Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[22]*U.S. v. Price*, 400 F.3d 844 (10th Cir. 2005).

tions, it may be easier for a petitioner to apply a new federal constitutional rule retroactively. The Supreme Court has recognized that "states are free to provide greater protections in their criminal justice system than the Federal Constitution requires."[23] South Dakota, for example, has adopted a test more favorable to the convicted petitioner than the federal law in the context of applying new federal constitutional rules retroactively.[24] The outcome may be different even for the identical legal issue.[25]

While the balance of this section will discuss the motion to correct sentence under the Federal Rules, it is worth pointing out that this area of state-court practice is becoming very important since so many aggravated felonies hinge on whether a one-year sentence has been imposed. Where a motion to correct sentence has been made and granted in state court, it is the final sentence that counts for immigration purposes.[26] The BIA affirmed the IJ's decision to honor a state court's sentence-modification order, which had nunc pro tunc reduced a 365-day sentence to 220 days of custody, as eliminating an aggravated felony conviction for removal purposes.[27]

Vacating the sentence in its entirety can eliminate the basis of removal if dependent on a particular sentence.[28] For example, in *In Re Song*, the criminal court vacated the one-year prison sentence of an alien convicted of a theft offense[29] and revised the sentence to 360 days of imprisonment. Because the latter sentence controls, and the court's order

---

[23]*California v. Ramos*, 463 U.S. 992, 1014, 103 S. Ct. 3446, 77 L. Ed. 2d 1171 (1983).

[24]*See, e.g., Cowell v. Leapley*, 458 N.W.2d 514, 517-18 (S.D. 1990) (rejecting the *Teague* rule of retroactivity as unduly narrow for state collateral review).

[25]*Compare State v. Whitfield*, 107 S.W.3d 253 (Mo. 2003) (applying *Ring* retroactively to death row inmates in Missouri) with *Schriro v. Summerlin*, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (U.S. 2004) (refusing to apply *Ring* retroactively).

[26]*See Matter of Martin*, 18 I. & N. Dec. 226 (BIA 1982).

[27]*See* Ch 7, n.221.38a.

[28]*In Re Min Song, Respondent*, 23 I. & N. Dec. 173, 2001 WL 1030900 (BIA 2001).

[29]INA § 101(a)(43)(G), 8 U.S.C.A. § 1101(a)(43)(G) (Supp. V 1999).

vacated the sentence *nunc pro tunc* (from the beginning) the
alien no longer had a conviction for an aggravated felony.[30]

The Board of Immigration Appeals has reaffirmed the *Song*
decision[31] that a criminal court's decision to reduce a crimi-
nal sentence nunc pro tunc is entitled to full faith and credit
without regard to the trial court's reasons for effecting the
modification or reduction.[32] Thus, the Board held that *In re
Pickering*[33] is inapplicable in the sentence-modification
context and that a modified criminal sentence must be given
effect in immigration proceedings even if grounds of legal in-
validity are not proven and the intent in modifying the
sentence was to avoid the immigration consequences or to
achieve rehabilitative relief.

Thus, as the law stands, legal grounds need not be alleged
and proven to effectively modify a sentence. An order modify-
ing a condition of probation that imposes a sentence of one
year or more in custody and replacing it with a new order
imposing no more than 364 days in custody is effective. The
modification order will be accepted by the BIA as eliminat-
ing the adverse immigration effects of the prior one-year
sentence. This is often possible as a discretionary decision of
the sentencing judge and will be effective even if it is
explicitly motivated by a desire to avoid the adverse im-
migration consequences of the sentence.

This law, however, may change by legislative or judicial
fiat. The safest course of action therefore is to obtain a court
order vacating or setting aside the sentence as legally in-
valid on some specified ground. This holds true regardless of
the vehicle used to mount the attack, such as habeas corpus,
coram nobis, a motion to vacate, a direct appeal, and even a
petition for a writ of *audita querela*--so long as the order

---

[30]*In Re Min Song, Respondent*, 23 I. & N. Dec. 173, 2001 WL 1030900
(BIA 2001). A California Court of Appeal has held that a sentencing court
lacked jurisdiction to grant a generic motion to modify a sentence, filed
years after probation had expired, seeking to reduce the sentence of 365
days to 364 days *nunc pro tunc* in order to avoid deportation consequences.
*People v. Borja*, 95 Cal. App. 4th 481, 115 Cal. Rptr. 2d 728 (4th Dist.
2002). Coram nobis should be used if a *nunc pro tunc* order cannot be
obtained.

[31]See *In re Song*, 23 I. & N. Dec. 173, 2001 WL 1030900 (B.I.A. 2001).

[32]*In re Cota-Vargas*, 23 I. & N. Dec. 849, 2005 WL 3105750 (B.I.A.
2005).

[33]*In re Pickering*, 23 I. & N. Dec. 621, 2003 WL 21358480 (B.I.A.
2003).

recites that the sentence is vacated *because it is legally invalid.*

The next-safest course of action is to word the order as "vacating and setting aside" the previous custody order (without mentioning the grounds), even if the order is granted as a matter of discretion, and imposing a new non-deportable custody order. This is likely to be effective, because the BIA may not "look behind" a state court order to determine whether the court acted in conformity with state law, but must instead afford "full faith and credit" to the judgment.[34]

If a sentence is vacated or modified under a state rehabili-tative statute, however, there is a risk that the ICE might take the position the order is ineffective to eliminate the original sentence and therefore the immigration consequences.[35] It is safest, therefore, to avoid modifying a troublesome sentence on this basis, if a safer or more effec-tive alternative can be found.

A reduction in sentence after a Colorado defendant suc-cessfully completed a training program was not a mere suspension of execution of sentence, but effectively reduced the defendant's sentence from imprisonment to probation, with the result that his conviction could not be regarded as an aggravated felony conviction for illegal-reentry sentenc-

---

[34]*In re Coto-Vargas,* 23 I. & N. Dec. 849, 2005 WL 3105750 (B.I.A. 2005); *In re Rodriguez-Ruiz,* 22 I. & N. Dec. 1378, 2000 WL 1375514 (B.I.A. 2000). The BIA has rejected the Service's argument that a convic-tion vacated for purposes of avoiding removal, rather than based on a ground of legal invalidity, remains a conviction under the INA, and held that a vacated conviction will not constitute a conviction for immigration purposes so long as it is not vacated under a state rehabilitative statute. In an unpublished decision, the BIA held that a state court order modify-ing a one-year sentence *nunc pro tunc* to reflect a sentence of 220 days' confinement was effective to eliminate the previously-imposed one-year sentence as a basis to find a conviction to be an aggravated felony.

[35]In *In re Roldan-Santoyo,* 22 I. & N. Dec. 512, 1999 WL 126433 (B.I.A. 1999), review granted, order vacated, 222 F.3d 728 (9th Cir. 2000) (rejected by, Acosta v. Ashcroft, 341 F.3d 218 (3d Cir. 2003)) (en banc), the Board of Immigration Appeals relied on the IIRAIRA statutory definition of conviction to hold that a state court action to "expunge, dismiss, cancel, vacate, discharge or otherwise remove a guilty plea or other record of guilt or conviction by operation of a state rehabilitative statute" does not elimi-nate the conviction for immigration purposes. This decision is limited to situations in which a state court clears a state conviction from the record pursuant to a "state rehabilitative statute," rather than on a ground of legal invalidity. See § 4:21 for further discussion.

ing enhancement purposes, likening this reduction of sentence to a Federal Rule 35(b) reduction.[36]

The Ninth Circuit set aside an order dismissing a petition for review for lack of jurisdiction upon reduction in sentence from 365 to 364 days, thereby removing the aggravated felony basis of removal.[37]

Important information, on which a criminal sentence is based, must be scrutinized with particular care to ensure its accuracy.[38] This may create an argument for invalidating a sentence on due process or ineffective counsel grounds if inaccurate information is used, or even if counsel fails to offer critical mitigating information (such as the drastic immigration consequences from a 365-day sentence) during sentencing.

In federal courts, a sentence can be enhanced on the basis of an uncounselled misdemeanor conviction.[39] Two states, however, have rejected this conclusion on the basis that they are too unreliable.[40] Counsel may be held ineffective, and the sentence itself invalidated on constitutional grounds, for failure to investigate and present important mitigating information or for allowing the sentence to be based on inaccurate and damaging information.

For example, counsel could argue that original counsel rendered ineffective assistance by failing to determine and present the actual adverse immigration consequences (information that a certain sentence would destroy the innocent family) to the prosecution and court as mitigation of sentence in an effort to obtain a nondeportable sentence of 364 days or less.

The Supreme Court held that any increase at all in criminal custody resulting from defense counsel's ineffectiveness is sufficient to constitute prejudice.[41]

The Seventh Circuit held the INS had not proven by clear

---

[36]*U.S. v. Landeros-Arreola*, 260 F.3d 407 (5th Cir. 2001).

[37]*Bayudan v. Ashcroft*, 298 F.3d 799 (9th Cir. 2002).

[38]*Lewis v. Lane*, 832 F.2d 1446 (7th Cir. 1987); see, e.g., *U.S. v. Culps*, 300 F.3d 1069 (9th Cir. 2002) (calculating the approximate amount of marijuana sold based on clearly erroneous information as to the transaction size and days of operation required resentencing).

[39]*Nichols v. United States*, 511 U.S. 738 (1994).

[40]*Brisson v. State*, 63 Crim. L. Rptr. 55 (Wyo. Sup. Ct. 1998); *State v. Sinagoga*, 918 P.2d 228 (Hawaii Interim Ct. App. 1996).

[41]*Glover v. United States*, 531 U.S. 198 (2001).

and convincing evidence that Sandoval was deportable on
account of an initial felony conviction of possession of more
than 30 grams of marijuana, after the state court had altered
a sentence to one only proper for possession of less than 30
grams.[42] Sandoval had filed a motion attacking that convic-
tion, on grounds of ineffective assistance of counsel, and the
state court had thereafter modified his sentence to a sentence
that was proper only for a conviction of possession of 30
grams of marijuana or less. The court distinguished *In re
Roldan-Santoyo*[43] on the grounds that here, the state court
judge had not used a state rehabilitative statute but rather
used a statute authorizing him to vacate a conviction or
sentence on grounds of a constitutional violation. The court
also held that the INS had not proven the state judge acted
without authority under state law.

> The INS also alleges that the modification was entered solely
> for immigration purposes, and is thus ineffective. This allega-
> tion is unfounded. The judge's modification was in response to
> Sandoval's properly filed motion stating a cognizable claim of
> ineffective assistance of counsel. That Sandoval may have filed
> his motion in response to the threat of deportation is
> irrelevant. Further, even if the state court judge's decision to
> modify Sandoval's sentence was motivated by the conse-
> quences of the federal immigration law, that fact would not
> render the modification ineffective for immigration purposes.
> See *Matter of Kaneda*, 16 I. & N. Dec. 677 (BIA 1979); *Matter
> of O'Sullivan*, 10 I. & N. Dec. 320, Interim Decision 1294 (BIA
> 1963).[44]

The court thus held the BIA and IJ erred in finding re-
spondent deportable, and remanded for entry of an order
terminating deportation proceedings.

## § 4:14  Vacating the sentence—Rule 35 motion to correct sentence

Effective December 1, 1991, Fed. R. Crim. P. 35 limits a
district court's authority to correct a sentence to two circum-

---

[42]*Sandoval v. INS*, 240 F.3d 577 (7th Cir. 2001).

[43]*In re Roldan-Santoyo*, 22 I. & N. Dec. 512, 1999 WL 126433 (B.I.A.
1999), review granted, order vacated, 222 F.3d 728 (9th Cir. 2000) (rejected
by, Acosta v. Ashcroft, 341 F.3d 218 (3d Cir. 2003)); *Lujan-Armendariz v.
INS*, 222 F.3d 728 (9th Cir. 2000).

[44]*Sandoval v. INS*, 240 F.3d 577 (7th Cir. 2001).

stances only.[1] First, a district court may modify a sentence
after a federal court of appeals remands a case pursuant to

---

**[Section 4:14]**

[1]Rule 35 of Fed. R. Crim. P. states:

**Rule  35.   Correction of Sentence**

(a) **Correction of a sentence on remand.** The court shall correct a
sentence that is determined on appeal under 18 U.S.C.A. 3742 to have
been imposed in violation of law, to have been imposed as a result of an

court's refusal to allow withdrawal of a guilty plea where the
defendant provided a defense on the merits to a charge of
reentering the United States after having been deported and
without securing the permission of the Attorney General.[20]
The circuit opined that entry more than five years after the
deportation order may not be a crime.[21]

A defendant in an illegal reentry case had shown sufficient
cause to withdraw a plea six months after entry when he
presented substantial evidence that he may in fact be a
United States citizen, where he moved promptly after
discovering the evidence.[22] Entry of a guilty plea waives all
non-jurisdictional defenses, including a claim that the indict-
ment was defective under *Apprendi*.[23]

A withdrawal of plea denial was remanded by a panel of
the Ninth Circuit in another illegal reentry conviction where
a panel of the Ninth Circuit found that the immigration
judge failed to follow applicable regulations and procedures
for removing a juvenile alien and failed to advise of the alien
of his right to seek discretionary relief from removal.[24]
However, it was not error to refuse to allow a noncitizen to
withdraw his illegal reentry plea prior to sentencing where
he was not able to show prejudice from the lack of access to
discretionary relief on the underlying deportation order.[25]

## § 4:6    Motion to withdraw plea of guilty—Collateral immigration consequences

Noncitizens who have sought to withdraw a guilty plea by
alleging that they had not realized their conviction would
lead to deportation have generally been unsuccessful. The
Court of Appeals for the District of Columbia Circuit has
held the Rule 11 requirement that the defendant understand

standard satisfied by defendant's showing a lack of knowledge of deporta-
tion consequences). It is worth noting, however, that the appellate court in
*Shapiro* was applying the relevant standard on review, and not determin-
ing the matter under Rule 32(d).

[20]*United States v. Idowu*, 108 F.3d 728 (D.C. Cir. 1997).

[21]*United States v. Idowu*, 108 F.3d 728 (D.C. Cir. 1997).

[22]*United States v. Gomez-Orozco*, 188 F.3d 422 (7th Cir. 1999).

[23]*United States v. Ulloa-Porras*, 246 F.3d 683 (10th Cir. 2001), citing
*Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

[24]*U.S. v. Mejia-Cortez*, 81 Fed. Appx. 697 (9th Cir. 2003)
(unpublished).

[25]*U.S. v. Sandoval*, 390 F.3d 1294 (10th Cir. 2004).

recites that the sentence is vacated *because it is legally invalid.*

The next-safest course of action is to word the order as "vacating and setting aside" the previous custody order (without mentioning the grounds), even if the order is granted as a matter of discretion, and imposing a new non-deportable custody order. This is likely to be effective, because the BIA may not "look behind" a state court order to determine whether the court acted in conformity with state law, but must instead afford "full faith and credit" to the judgment.[34]

If a sentence is vacated or modified under a state rehabilitative statute, however, there is a risk that the ICE might take the position the order is ineffective to eliminate the original sentence and therefore the immigration consequences.[35] It is safest, therefore, to avoid modifying a troublesome sentence on this basis, if a safer or more effective alternative can be found.

A reduction in sentence after a Colorado defendant successfully completed a training program was not a mere suspension of execution of sentence, but effectively reduced the defendant's sentence from imprisonment to probation, with the result that his conviction could not be regarded as an aggravated felony conviction for illegal-reentry sentenc-

[34]*In re Cota-Vargas*, 23 I. & N. Dec. 849, 2005 WL 3105750 (B.I.A. 2005); *In re Rodriguez-Ruiz*, 22 I. & N. Dec. 1378, 2000 WL 1375514 (B.I.A. 2000). The BIA has rejected the Service's argument that a conviction vacated for purposes of avoiding removal, rather than based on a ground of legal invalidity, remains a conviction under the INA, and held that a vacated conviction will not constitute a conviction for immigration purposes so long as it is not vacated under a state rehabilitative statute. In an unpublished decision, the BIA held that a state court order modifying a one-year sentence *nunc pro tunc* to reflect a sentence of 220 days' confinement was effective to eliminate the previously-imposed one-year sentence as a basis to find a conviction to be an aggravated felony.

[35]In *In re Roldan-Santoyo*, 22 I. & N. Dec. 512, 1999 WL 126433 (B.I.A. 1999), review granted, order vacated, 222 F.3d 728 (9th Cir. 2000) (rejected by, Acosta v. Ashcroft, 341 F.3d 218 (3d Cir. 2003)) (en banc), the Board of Immigration Appeals relied on the IIRAIRA statutory definition of conviction to hold that a state court action to "expunge, dismiss, cancel, vacate, discharge or otherwise remove a guilty plea or other record of guilt or conviction by operation of a state rehabilitative statute" does not eliminate the conviction for immigration purposes. This decision is limited to situations in which a state court clears a state conviction from the record pursuant to a "state rehabilitative statute," rather than on a ground of legal invalidity. See § 4:21 for further discussion.

Seeking an executive pardon, returning to the criminal trial court, or challenging the custodian in habeas corpus may be a noncitizen's only options to remain in the United States if he or she is subject to removal or inadmissible for a final criminal conviction and is not eligible for relief under the immigration laws.

If the timing of the request for post-conviction relief is not right, it may be difficult for a noncitizen to benefit. The Eighth Circuit refused to consider a resentencing order, that had not been presented in the immigration proceedings, holding its judicial review was limited to the administrative record.[6] A motion to reopen is a proper vehicle to bring successful post-conviction relief to the immigration factfinder's attention. Therefore, to avoid immigration consequences, counsel must obtain post-conviction relief in time to present it during the administrative proceedings, i.e., within 90 days after the date of the BIA decision, so a motion to reopen proceedings on the basis of the new evidence would be timely. The BIA regularly grants untimely motions to reopen for noncitizens who have vacated the conviction the government relied on to establish that a noncitizen was subject to removal, provided, however, that the government has not executed the removal order.[7]

## II. VACATION OF JUDGMENT AND RELATED ASPECTS OF POST-CONVICTION RELIEF

### § 4:2    Generally

When a court, acting within its jurisdiction, vacates an original judgment of conviction, that conviction no longer constitutes a valid basis for removal. However, a conviction vacated for reasons "solely related to rehabilitation or immigration hardships, rather than on the basis of a procedural or substantive defect in the underlying criminal proceed-

---

[6]*Lukowski v. I.N.S.*, 279 F.3d 644 (8th Cir. 2002), citing 8 U.S.C.A. § 1252(b)(4)(A); *Ramirez-Alejandre v. Ashcroft*, 276 F.3d 517 (9th Cir. 2002), reh'g en banc granted, 2002 WL 538459 (9th Cir. 2002).

[7]See *Cruz v. Attorney General of U.S.*, 452 F.3d 240 (3d Cir. 2006) (identifying 10 unpublished BIA decisions in which BIA granted untimely motions where noncitizens vacated conviction on which removal order was based).

ings" is *not* eliminated for immigration purposes.[1] This principle applies to controlled substance violations as well as to crimes involving moral turpitude or other crimes proscribed in the INA, including firearms convictions.[2] There are several related remedies available in both state and federal courts. Some procedures will vacate or nullify a conviction or eliminate the consequences that flow from a conviction notwithstanding the fact of conviction.[3] However, due to the vagaries of labels applied to various state statutes, it is important to investigate the requirements of a particular state vacatur provision before relying on it to remove the basis for deportation or inadmissibility.[4] Long-standing and consistent BIA precedent is that a conviction vacated as *legally invalid* is eliminated for all immigration purposes.[5] What is forbidden and ineffective are vacaturs *"solely"* based

---

[Section 4:2]

[1]*In re Adamiak*, 23 I. & N. Dec. 878, 2006 WL 307908 (B.I.A. 2006) (vacating a conviction under a state advisal statute effectively eliminates conviction for immigration purposes); *In re Pickering*, 23 I. & N. Dec. 621, 2003 WL 21358480 (B.I.A. 2003).

[2]See *In re Marroquin-Garcia*, 23 I. & N. Dec. 705, 2005 WL 731412 (AG 2005); *In re Luviano-Rodriguez*, 23 I. & N. Dec. 718, 2005 WL 731413 (B.I.A. 2005); *Matter of Sirhan*, 13 I. & N. Dec. 592 (B.I.A. 1970). *See also Matter of O*, 7 I. & N. Dec. 171 (B.I.A. 1956); *Matter of Kaneda*, 16 I. & N. Dec. 677, 680 (B.I.A. 1979).

[3]*See generally* §§ 4:3 to 4:13 (discussion of motion to withdraw guilty plea under Fed. R. Crim. P. 32(d); federal coram nobis relief, 28 U.S.C.A. § 1651; and federal habeas corpus relief, 28 U.S.C.A. § 2255, with reference to state counterparts); § 4:24 (pardon in the Immigration and Nationality Act at § 237(a)(2)(A)(iv), 8 U.S.C.A. § 1227(a)(2)(A)(iv)); § 4:22 (expungement); § 4:23 (Federal First Offender Act and state rehabilitative statutes). *See* §§ 4:13 to 4:18 for discussion of federal habeas corpus relief, 28 U.S.C.A. § 2255, and motions to correct sentence, pursuant to Fed. R. Crim. P. 35. *See* §§ 4:25 to 4:26.

[4]For example, what is commonly known as a California "expungement" of a conviction, pursuant to Cal. Penal Code § 1203.4, is a rehabilitative vacatur, and the conviction remains for immigration purposes. If the conviction is "set aside," however, through corum nobis or a Cal. Penal Code § 1016.5 action, it means the conviction is completely vacated for all purposes. On the other hand, an Alaskan "set aside" pursuant to Alaska Stat. § 12.55.085 is "rehabilitative" yet an "expungement" on the merits would probably wipe the slate clean. *See Journey v. State*, 895 P.2d 955 (Alaska 1995).

[5]*In re Adamiak*, 23 I. & N. Dec. 878, 2006 WL 307908 (B.I.A. 2006); *In re Marroquin-Garcia*, 23 I. & N. Dec. 705, 2005 WL 731412 (AG 2005); *In re Pickering*, 23 I. & N. Dec. 621, 625, 2003 WL 21358480 (B.I.A. 2003); *In re Rodriguez-Ruiz*, 22 I. & N. Dec. 1378, 2000 WL 1375514 (AG 2000).

on rehabilitative or humanitarian factors that do not involve any legal claims for relief.[6]

The Eleventh Circuit has placed the burden on the noncitizen to establish that postconviction relief was effective upon the grant of an extraordinary motion for a new trial in Georgia, followed by the state's motion to nolle prosse charges, and held that the convictions remained valid for immigration purposes.[7] This decision is contrary to the long-standing rule that the government bears the burden of establishing by clear and convincing evidence every fact necessary to prove deportability.[8]

The Fifth Circuit has held in a sweeping ruling that vacated convictions are always convictions for immigration purposes, no matter the grounds for the vacatur, based upon the illogical theory that Congress did not expressly provide for a "vacated conviction exception" to its definition of conviction in IIRAIRA.[9] This theory would lead to an absurd result, overturning long-standing traditional jurisprudence.[10] It is possible, however, that the Fifth Circuit, sitting en banc, may revisit the *Renteria* decision. At first, a panel reluctantly followed, but sharply criticized, the decision, calling it "out of step" with the rest of the nation,[11] but then the en banc court later agreed to remand to the Board of Immigration Appeals so that removal proceedings could be terminated.[12] This action followed the government's concession that the case fell within the bounds of *In re Pickering*,[13] which held that convictions vacated on the basis of procedural or substantive defects ceased to be "convictions" for immigration purposes. In further support of reconsideration, the Attorney General clearly held after *Renteria* that the definition

---

[6]*In re Pickering*, 23 I. & N. Dec. 621, 625, 2003 WL 21358480 (B.I.A. 2003).

[7]*Ali v. U.S. Atty. Gen.*, 443 F.3d 804 (11th Cir. 2006).

[8]*Woodby v. Immigration and Naturalization Service*, 385 U.S. 276, 87 S. Ct. 483, 17 L. Ed. 2d 362 (1966).

[9]*Renteria-Gonzalez v. INS*, 322 F.3d 804 (5th Cir. 2002).

[10]*Renteria-Gonzalez v. INS*, 322 F.3d 804 (5th Cir. 2002) (Benavides, J., specially concurring).

[11]*Discipio v. Ashcroft*, 369 F.3d 472 (5th Cir. 2004), vacated on denial of reh'g en banc by, 417 F.3d 448 (5th Cir. 2005) (en banc).

[12]*Discipio v. Ashcroft*, 417 F.3d 448 (5th Cir. 2005) (en banc).

[13]*In re Pickering*, 23 I. & N. Dec. 621, 2003 WL 21358480 (B.I.A. 2003).

of conviction within the INA is not intended to cover convictions that have been reversed on appeal or in collateral proceedings for reasons relating to the factual basis or the procedural validity of the conviction.[14] Convictions vacated on legal grounds or on the factual merits, according to the Attorney General, cannot be considered formal adjudications of guilt to support removal.[15]

The BIA has declined to follow the Fifth Circuit outside of that circuit, but it nevertheless has restricted the class of vacated convictions that will eliminate convictions for immigration purposes—to those vacated for procedural or substantive defects—and not solely for purposes of avoiding immigration consequences or in recognition of rehabilitation.[16] In *In re Pickering*, the BIA discussed various circuit court decisions disfavoring the vacating of criminal convictions which were not based on the merits of the underlying proceedings and found that a "conviction" within the meaning of § 101(a)(48)(A) of the INA remains unless the charges or conviction were somehow found defective.[17]

In February 2006, the Board of Immigration Appeals yet again affirmed the basic principle that convictions vacated as the result of legal errors in the proceedings are eliminated for immigration purposes while vacaturs based on equitable or rehabilitative factors alone are ineffective. *In re Adamiak*[18] repeated the principle announced in both *Pickering* and *Rodriquez-Ruiz* and applied this rule to statutory errors under the state advisal statutes, holding that a conviction vacated based on the failure of the trial court to advise the alien defendant of the possible immigration consequences of

---

[14]*In re Marroquin-Garcia*, 23 I. & N. Dec. 705, 2005 WL 731412 (AG 2005).

[15]*In re Marroquin-Garcia*, 23 I. & N. Dec. 705, 2005 WL 731412 (AG 2005).

[16]*In re Pickering*, 23 I. & N. Dec. 621, 2003 WL 21358480 (B.I.A. 2003); see Lory Rosenberg, "Recognition of Vacation of Conviction and Matter of Pickering: Comity or Tragedy?," 8 Bender's Immigration Bulletin 1103 (July 1, 2003). For additional descriptions of effective orders to vacate convictions, see N. Tooby, "Effective Post-Conviction Relief: Eliminating Criminal Convictions for Immigration Purposes," AILA Handbook on Immigration and Nationality Law Vol. II—Advanced Practice (2001-2002); N. Tooby and K. Brady, Criminal Defense of Immigrants §§ 10.2 to 10.7 (3d ed. 2003).

[17]*In re Pickering*, 23 I. & N. Dec. 621, 2003 WL 21358480 (B.I.A. 2003).

[18]*In re Adamiak*, 23 I. & N. Dec. 878, 2006 WL 307908 (B.I.A. 2006).

a guilty plea is no longer a valid conviction for immigration purposes. The Board expressly distanced itself from the *Renteria-Gonzalez* decision, stating that it does not share the view of the Fifth Circuit Court of Appeals, further noting *Discipio v. Ashcroft*[19] where the Fifth Circuit later stated that "the Board's opinion in [*In re*] *Pickering* constitutes a permissible construction of the statute because it comprehensively addresses the effect of a vacated conviction."

All circuits to consider *Pickering* have upheld its basic approach.[20] The Third Circuit has adopted the *Pickering* test in *Pinho v. Gonzales*,[21] establishing a categorical test for distinguishing between these two types of vacaturs: "To determine the basis for a vacatur order, the agency must first look to the order itself. If the order explains the court's reasons for vacating the conviction, the agency's inquiry must end there. If the order does not give a clear statement of reasons, the agency may look to the record before the court when the order was entered. No other evidence of reasons may be considered."[22] The court also stated, "We will not accept an interpretation of the Immigration and Nationality Act that permits, let alone requires, speculation by federal agencies about the secret motives of state judges and prosecutors."[23] The court found that the state vacatur effectively eliminated the conviction for immigration purposes because "[t]he only basis for the vacatur appearing in the order or the pleadings is Pinho's ineffective assistance claim."[24]

The Sixth Circuit has upheld the rationale of the Board's *Pickering* decision by finding that "the BIA correctly interpreted the law by holding that, if a court vacates an alien's conviction for reasons solely related to rehabilitation or to avoid adverse immigration hardships, rather than on the basis of a procedural or substantive defect in the underlying criminal proceedings, the conviction is not eliminated for

[19]*Discipio v. Ashcroft*, 417 F.3d 448, 450 (5th Cir. 2005).

[20]See *Resendiz-Alcaraz v. U.S. Atty. Gen.*, 383 F.3d 1262 (11th Cir. 2004); *Acosta v. Ashcroft*, 341 F.3d 218 (3d Cir. 2003); *Ikenokwalu-White v. I.N.S.*, 316 F.3d 798 (8th Cir. 2003); *Sandoval v. I.N.S.*, 240 F.3d 577 (7th Cir. 2001); *Murillo-Espinoza v. I.N.S.*, 261 F.3d 771 (9th Cir. 2001); *Herrera-Inirio v. INS*, 208 F.3d 299 (1st Cir. 2000).

[21]*Pinho v. Gonzales*, 432 F.3d 193 (3d Cir. 2005).

[22]*Pinho v. Gonzales*, 432 F.3d 193, 215 (3d Cir. 2005).

[23]*Pinho v. Gonzales*, 432 F.3d 193, 214-215 (3d Cir. 2005).

[24]*Pinho v. Gonzales*, 432 F.3d 193, 215 (3d Cir. 2005).

immigration purposes."[25] The motive for seeking to vacate the conviction, however, is irrelevant except to the extent that the rendering court relied upon it in quashing the conviction. Thus, the court reversed and terminated removal proceedings for Pickering, finding the record of conviction insufficient to meet the government's burden of proof by clear and convincing evidence that the criminal court had vacated the conviction solely to avoid its immigration consequences.

It is critical that a practitioner analyze the procedural requirements for each potential immigration benefit.[26] A noncitizen does not necessarily need to vacate the conviction to avoid certain adverse immigration consequences. Post-conviction relief that results in less than vacation of the conviction may still help a noncitizen.[27] It is well settled that the proper forum in which to challenge a criminal conviction is in the trial court and not in the context of an immigration proceeding.[28]

---

[25]*Pickering v. Gonzales*, 454 F.3d 525, 527, 2006 FED App. 0248P (6th Cir. 2006).

[26]*See* Norton Tooby, Vacating Criminal Convictions, II 1997–98 Immigration & Nationality Law Handbook 339 (R. Murphy ed. 1997); Norton Tooby, Evaluating the Chances of Obtaining Post-Conviction Relief: What Immigration Lawyers Need to Know, Practice Under IIRAIRA: One Year Later 223 (R. Murphy ed. 1997).

[27]*In re Cota-Vargas*, 23 I. & N. Dec. 849, 2005 WL 3105750 (B.I.A. 2005) (sentencing modification was effective even if it was not based on legal grounds of error, distinguishing *In re Pickering*, 23 I. & N. Dec. 621, 2003 WL 21358480 (B.I.A. 2003)); see *In re Song*, 23 I. & N. Dec. 173, 2001 WL 1030900 (B.I.A. 2001) (finding that the new definition of "conviction" and the decision of *In re Roldan-Santoyo*, 22 I. & N. Dec. 512, 1999 WL 126433 (B.I.A. 1999), does not alter the fact that vacating a sentence nunc pro tunc and imposing a revised sentence of less than 364 days will prevent the conviction from being considered an aggravated felony because the latest sentence controls for immigration purposes); see e.g. *Bayudan v. Ashcroft*, 298 F.3d 799 (9th Cir. 2002) (setting aside order dismissing petition for review for lack of jurisdiction upon reduction in sentence from 365 to 364 days); *Matter of Martin*, 18 I. & N. Dec. 226 (B.I.A. 1982) (time on resentencing stands as the only valid and legal sentence for purposes of assessing potential immigration consequences). Note also that time served under a vacated judgment is *not* considered a sentence to confinement for purposes of consequences which may attach under the INA. *Matter of H*, 9 I. & N. Dec. 380 (B.I.A. 1961), and *Matter of H*, 9 I. & N. Dec. 460 (B.I.A. 1961). *See also* discussion of sentencing consequences in Ch 6.

[28]*See, e.g., Ocon-Perez v. INS*, 550 F.2d 1153, 1154 (9th Cir. 1977); *Wing v. United States*, 46 F.2d 755 (7th Cir. 1931); *In re Catalina Arreguin De Rodriguez, Applicant*, 21 I. & N. Dec. 38, 1995 WL 314389 (B.I.A. 1995); *Matter of Gutnick*, 13 I. & N. Dec. 672 (B.I.A. 1972).



Mr. Ezeadigo Oduche
# 107-414
York County Prison
3400 Concord Rd
York PA 17402

THIS CORRESPONDENCE
ORIGINATES FROM AN
INMATE INSTITUTION

Office of the Clerk
United States District Court
844 N. King Street, Lock box 18
Wilmington, Delaware 19801 - 3570

