# IN THE UNITED STATES DISTRICT COURT
# FOR DITRICT OF DELAWARE

STATE OF DELAWARE

     V.                                      CASE: 08-125-SLR

ODUCHE EZEADIGO                                    PRO-SE

## PETITIONER'S MEMORANDUM OF LAW IN SUPPURT OF
## HABEAS CORPUS 28 U.S.C.A 2254

To the Honorable Judge's of said Court:

Now comes Petitioner, Ezeadigo Oduche, Por-Se before this Honorable Court,
with his Writ of memorandum of law in support of Habeas Corpus 28 U.S.C.A.
2254.

### LESS STRINGENT STANDARDS

Petitioner Ezeadigo Oduche, is a pro-se, litigant and is entitled to have his writ of
memorandum of law in support of Habeas Corpus 28 U.S.C.A. 2254, and
asserted claims construed liberally, because pro-se Litigants are held to less
Stringent Standards than Attorneys drafting such claims. See Richardson V.
U.S., 193 F.3d. 545, 548, (D.C. Cir. 1999) ALSO Hanes V. Kerner.,
30 L. ED. 2d. 652, 654, (1972).

### FACTUAL BACKGROUD

On November 16, 2005, the Petitioner Ezeadigo Oduche, was arrested and
charged.
Petitioner Ezeadigo Oduche, feel his rights were violated. due to his lack of
speaking proper english and Petitioner does not know how to read or write
English well and was not advised that he would lose all rights to a fair Trail
Petitioner P.D.,
was Ineffective and the petitioner did not receive information sufficient to make
an informed decision to Pleaed Guilty, See State V. Paredez, 101 P.3d 799
(2004).



APR 2 1 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

On November 16, 2005 at the Petitioner residence: 301 West 34th Street
Wilmington Delaware. Upon his arrival at the Police Department, and petitioner
was informed of (6) charges that he was charged with, and petitioner then was
taken to transported to Christian Hospital. Where he was treated, and then
transported to Gander Hill and then Smyrna Delaware Prison on March 30, 2006.
I was offered a plea which I rejected, because I was not guilty of the charges.
Then petitioner P.D.
advised him to accept the plea that was offered or face the maximum penalty.
Petitioner then plea guilty and was sentenced.

ARGUMENT

My Attorney was Ineffective on the following grounds.(a) for failure to file a
Suppression hearing on my behalf. (b) Failure to advise petitioner of his
Immigration Consequences for accepting a guilty plea. (c). Failure to seek
Judicail Recommendation against Deportation. In referance to petition Claim.
Another California appellate Court held that the noncitizen may have been
prejudiced by ( his Attorney ) Failure to investigate, advise, and Utilize defense
alternatives to a plea of guilty to an aggravated felony. The Colorado Supreme
Court adopted a similar test in People V. Pozo, 85 Colo. 319 (1987), holding that
failure to advise of Deportation Consequences cinstitutes Ineffective Assistance
of counsel. The Georgia Supreme Court has also held that affirmative misadvise
states a Colorable Claim of Ineffective Assitance of Counsel. Rollins v. State.,
591 S E 2d 796 ( Ga.2004 ) The facts are that the trail court at the time of the
petitioner plea was entered fail to advise the petitioner of his Immigration
consequeneces. See Fla. R.Crim. P. 3, 172 (2) (8). The Florida supreme Court
held that to challenge criminal conviction on the grounds that the Trail court at
the time a plea was entered failed in Violation of State Law to advise them of
possibilities of deportation as a result of his plea. I have attached Several other
case laws in reference to the grounds.  Please review.

According to Basis of the foregoing and any additional reasons that may be
included in this Memorandum of Law the Petitioner respectfully ask this
Honorable Court to grant This petition and to dismiss all charges and vacate his
sentence with prejudice.

Cc File                                    Respectfully Submitted,

                                           --------------------------------
                                           EZEADIGO ODUCHE
                                                  #107414
                                           3400 CONCORD ROAD
                                           YORK,  P.A.  17402

status and provide him with specific advice regarding the impact a guilty plea would have on his immigration status." The Court held that not only would "misleading" advice be deficient under the federal *Strickland* test (including advice that one "could" be deported when deportation for an aggravated felony would be almost certain) but in dicta also stated that "nonadvice" would be deficient as well since "the consequence is the same: the defendant did not receive information sufficient to make an informed decision to plead guilty."[33] The Georgia Supreme Court has also held that affirmative misadvice states a colorable claim of ineffective assistance of counsel.[34]

In an unpublished decision, a Texas appellate court has found ineffective assistance of counsel for affirmatively misadvising the noncitizen defendant about the immigration consequences of a conviction.[35]

As noted by the D.C. Circuit in *United States v. Russell*,[36] noncitizens from an easily recognized group of defendants, so that a criminal defense attorney should be alerted to the need to investigate potential immigration consequences, including the viability of seeking a JRAD. Where immigration consequences of a criminal conviction indirectly lengthened the incarceration defendant suffered as a result of the conviction, counsel may be held to have rendered ineffective assistance of counsel by misinforming the defendant concerning the immigration consequences.[37] Texas courts have likewise recognized that claims of affirmative misadvice by counsel

---

[33]*State v. Paredez*, 101 P.3d 799 (2004) (motion to withdraw plea remanded for an evidentiary hearing regarding prejudice under second prong of *Strickland*, though a strong inference existed that prejudice had occurred, since even though the defendant received only probation and a suspended sentence, the defendant was a permanent resident, and he was not apparently advised that the conviction, for "criminal sexual contact of a minor in the third degree," would most certainly result in his deportation for an aggravated felony).

[34]*Rollins v. State*, 591 S.E.2d 796 (Ga. 2004).

[35]*Rosa v. State*, 2005 WL 2038175 (Tex. App. Dallas 2005), petition for discretionary review refused, (Dec. 14, 2005) ("[m]isinformation regarding a matter about which a defendant is not entitled to be informed may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation").

[36]*United States v. Russell*, 686 F.2d 35, 41–42 (D.C. Cir. 1982).

[37]*State v. Garcia*, 320 N.J. Super. 332, 727 A.2d 97 (1999).

a pro forma caution is not enough.[28] Another California appellate court held that the noncitizen "may have been prejudiced by [his attorney's] failure to investigate, advise, and utilize defense alternatives to a plea of guilty to an "aggravated felony."[29] The Colorado Supreme Court adopted a similar test in *People v. Pozo*,[30] holding that failure to advise of deportation consequences constitutes ineffective assistance of counsel.[31]

The Oregon Supreme Court has held that the advice of criminal defense counsel that the noncitizen "may" be deported upon his plea was not affirmative misadvice giving rise to an ineffective assistance of counsel claim.[32] The decision overrules the prior lower appellate court opinion requiring a heightened standard of representation and finding ineffective assistance of counsel. The Oregon Supreme Court did affirm that the state constitution requires defense counsel to inform the client that deportation may result, but refused to extend that protection to require warnings that deportation would almost certainly result upon his plea to an aggravated-felony offense. This information, according to the court, was too specific to affirmatively require counsel's advice.

In another noteworthy decision, the New Mexico Supreme Court has held that a criminal defendant's attorney has "an affirmative duty to determine [the defendant's] immigration

---

[28]*People v. Soriano*, 194 Cal. App. 3d 1470, 1481–82, 240 Cal. Rptr. 328, 65 A.L.R.4th 705 (1st Dist. 1987).

[29]*People v. Bautista*, 115 Cal. App. 4th 229, 8 Cal. Rptr. 3d 862 (6th Dist. 2004), as modified on other grounds, (Feb. 17, 2004) and review denied, (Apr. 14, 2004) (an LPR of 17 years with his entire family in the U.S. pled to "possession of marijuana for sale" after 100 lbs. of marijuana belonging to his U.S. citizen brother was found in a storage locker that they shared; the defense attorney admitted "it had never crossed his mind" that alternatives existed which would avoid a plea to an aggravated felony for immigration purposes); *see also* an unpublished decision from the same California appellate court, *People v. Sanchez-Martinez*, 2004 WL 693225 (Cal. App. 6th Dist. 2004) (the defense attorney's testimony that he could not remember informing the defendant that deportation was mandatory for an aggravated felony conviction and that "he thought he told defendant he would 'probably be deported'" if the defendant went to state prison resulted in the court finding ineffective assistance, and remanding for withdrawal of plea, since the attorney did not advise the defendant that he *would* be deported even if he received probation, which did not allow the defendant to make an informed decision).

[30]*People v. Pozo*, 85 Colo. 319 (1987).

[31]*See also Lyons v. Pearce*, 694 P.2d 969 (Or. 1985) (*Lyons I*).

[32]*Gonzalez v. State*, 340 Or. 452, 134 P.3d 955 (2006).

$Ex$-$E$



"THIS CORRESPONDENCE ORIGINATES
FROM AN INMATE INSTITUTION"

Ezeadige Oduche #107-414
3400 Concord Road
YoRk, PA 17402

LANCASTER PA 176

17 APR 2008 PM 3 L

OFFICE oF The Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, DELaware 19801-3570

19801+35370 C0012