## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

EZEADIGO ODUCHE,          )
                          )
    Petitioner          )
                          )
v.                        )          Civ. Act. No. 08-125-SLR
                          )
UNITED STATES DEPARTMENT  )
OF HOMELAND SECURITY;     )
THOMAS H. HOGAN, Warden,  )
York County Prison; and   )
ATTORNEY GENERAL OF       )
THE STATE OF DELAWARE,    )
                          )
    Respondents          )

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, the Attorney General of the State of Delaware submits the following in response to the petition for a writ of habeas corpus:

1. On the evening of November 15, 2005, Wilmington police went to the 300 block of West 34th Street in response to a complaint of a man with a gun. The incident was the culmination of an ongoing argument that day between petitioner Ezeadigo Oduche and the three victims, DH, KH, and SH. That evening, Oduche and DH became engaged in an altercation, and during the affray, Oduche ran into the house, returning with a pistol in his right hand which he brandished at the three women and at onlookers. Oduche chased the women, but they eluded him. Police found Oduche in the 400 block of West 34th Street; he refused to stop, and officers chased him on foot, apprehending him in the 3300 block of Jefferson Street. At the station house, Oduche told officers that he had not had a pistol and that he had not threatened anyone. Oduche, however, did admit having argued with DH.

2. The grand jury indicted Oduche in December 2005, charging him with three counts of aggravated menacing (Del. Code Ann. tit. 11, §602(b)), possession of a deadly weapon during the commission of a felony (Del. Code Ann. tit. 11, §1447), and resisting arrest (Del. Code Ann. tit. 11, §1257). On March 30, 2006, Oduche pled guilty to one count of aggravated menacing, and he was immediately sentenced to 3 years imprisonment, suspended for 2 years probation. Oduche took no appeal from the conviction.

In October 2006, Oduche was charged with having violated the terms of his probation by virtue of his arrest on October 4, 2006 in Kent County, Delaware on new criminal charges. At a violation hearing on March 20, 2007, Superior Court found Oduche to have violated his probation; the court revoked Oduche's probation and sentenced him to 90 days imprisonment. Oduche took no appeal from the Superior Court's revocation of probation. On March 22, 2007, Oduche filed a state habeas corpus petition, complaining about being held in prison pending his transfer to the Central Violation of Probation Center to serve the sentence imposed on the Kent County charges. Superior Court summarily denied that petition on March 23, 2007, and Oduche took no appeal from that decision.

On October 3, 2007, Superior Court rejected a non-complying post-conviction motion that had been received from Oduche on October 1. A new post-conviction motion was filed by Oduche on October 22, 2007. Superior Court summarily denied the motion on January 17, 2008, and Oduche took no appeal from that decision.

3. Oduche was arrested by federal immigration officals on September 11, 2007, and he is currently confined at the York County, Pennsylvania Prison in

the custody of the Department of Homeland Security.[1]  In his federal habeas petition and additional memoranda (DI 1, 5, 6).  Oduche advances what the state attorney general perceives to be four claims:

> a.  counsel was ineffective because he provided incorrect advice about the consequences of the guilty plea on Oduche's immigration status;
>
> b.  counsel was ineffective in recommending that Oduche accept the prosecution's plea offer, counsel telling Oduche that "he couldn't beat the case" and that Oduche, if he went to trial, would be exposed to a substantial prison term;
>
> c.  favorable evidence was suppressed because Oduche was not allowed to present to the court a letter from one of the victims saying that Oduche was "innocent;" and
>
> d.  Oduche's arrest was invalid because the arresting officers "believed a person with no evidence to arrest [him]."

As set out below, Oduche is not entitled to relief for three independent reasons: the court does not have subject matter jurisdiction because Oduche is not "in custody" for purposes of section 2254(a); the petition is untimely under section 2244(d); and Oduche has procedurally defaulted his claims.

**Custody**:

A federal district court has jurisdiction to entertain a petition for a writ of habeas corpus only if the petitioner is "in custody" in violation of the federal Constitution or federal law. *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  In turn, when the petitioner files the petition, he must be "in custody" pursuant to the conviction or sentence he is attacking.  *Maleng*, 490 U.S. at 490-91. Oduche's federal habeas petition, filed in February 2008, challenges only his conviction for aggravated menacing.  But Oduche has completed his sentence for that conviction: when Superior Court revoked his probation in March 2007,

---

[1]  Oduche has petitioned the Court of Appeals for review of the decision of the Board of Immigration Appeals affirming the decision of an Immigration Judge ordering his deportation.  *Oduche-Nwakaihe v. Attorney General of the United States, petition docketed*, No. 08-2736 (3d Cir. June 16, 2008).

the court sentenced Oduche to serve 90 days imprisonment with no term of probation to follow.

Having completed his Delaware prison sentence, Oduche was arrested by federal immigration authorities on September 11, 2007 and is detained by the Department of Homeland Security pending deportation proceedings. But Oduche's detention by federal immigration authorities, who presumably seek to deport him based on his Delaware convictions, is insufficient to establish that Oduche is in custody for purposes of the court's habeas jurisdiction. *Ogunwomoju v. United States*, 512 F.3d 69, 74-75 (2d Cir. 2008) ("Although Ogunwomoju was in immigration detention at the time he filed the habeas petition in the District Court to challenge his New York conviction, he was not in custody pursuant to a judgment of a state court.... [O]ne held in immigration detention is not 'in custody' for the purpose of challenging a state conviction under §2254.") (collecting cases); *Resendiz v. Kovensky*, 416 F.3d 952, 956-58 (9th Cir. 2005); *Broomes v. Ashcroft*, 358 F.3d 1251, 1253-55 (10th Cir. 2004) (also rejecting effort to challenge state court convictions under §2241 (citing *Drakes v. INS*, 330 F.3d 600, 605-06 (3d Cir. 2003)). Oduche accordingly is not "in custody" pursuant to a Delaware state court judgment, and the petition should therefore be dismissed for lack of jurisdiction.

**Timeliness**:

Under 28 U.S.C. §2244(d)(1), a petition for federal habeas corpus filed by a state prisoner is subject to a one year statute of limitations. The limitation period begins from the latest of the following dates: the date the state court judgment is final; the date on which an impediment to filing, created by state action violating the federal Constitution or federal law, is removed; the date on which a constitutional right is newly recognized and made retroactively applicable; or the date on which the factual predicate of the claim could have

been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(A)-(D). Only one of these dates is relevant to Oduche: the date on which the state court judgment became final.

a. Oduche's conviction became final on May 1, 2006: under Delaware law, the period for taking any appeal to the state supreme court from the March 30, 2006 conviction began on March 31, 2006. *See* Del. Supr. Ct. R. 11(a). Oduche then had 30 days in which to file any appeal. *See* Del. Code Ann. tit. 10, §147; Del. Supr. Ct. R. 6(a)(ii). Because the thirtieth day fell on Sunday, April 30, 2006, Oduche had until the end of Monday, May 1, 2006, in which to file any appeal. *See* Del. Supr. Ct. R. 11(a) (if last day of time period falls on Sunday, time period runs "until the end of the next day on which the office of the Clerk is open"). Because Oduche did not appeal his conviction, the limitations period under section 2244(d) began to run on May 2, 2006. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Eaves v. Burris*, 529 F.Supp.2d 470, 473 (D. Del. 2008); *Barnett v. Carroll*, 514 F.Supp.2d 619, 622 n.2 (D. Del. 2007); *Lindsey v. Carroll*, 421 F.Supp.2d 806, 809 (D. Del. 2006). Oduche accordingly had until May 2, 2007 in which to file his federal habeas petition. The petition, though, was filed on February 26, 2008,[2] thus being untimely under the statute.

b. The limitations period under §2244(d)(1)(A), of course, is tolled by a "properly filed" motion for state post-conviction relief, 28 U.S.C. §2244(d)(2),

---

[2] The date of filing is the date the prisoner delivers the petition to prison officials for mailing to the district court, and the date on the petition is the presumptive date of mailing. *E.g.*, *Woods v. Kearney*, 215 F.Supp.2d 458, 460 (D. Del. 2002). Oduche did not date the last page of the petition (DI 1 at 15), and there appears to be no date anywhere on the petition. But the envelope in which the petition was mailed is postmarked February 27, 2008 (a copy of the envelope is attached to the Attorney General's copy of DI 1). The Attorney General assumes that Oduche gave the petition to prison officials for mailing the day before, i.e., on February 26.

but the statutory tolling provision is no help to Oduche. Oduche filed a state
habeas petition on March 22, 2007; at that point, 323 days of the limitations
period had run. Superior Court denied the petition the next day, March 23,
2007, and Oduche did not appeal that decision. The limitations period was
thus tolled from March 22 (when the state habeas petition was filed) through
the end of the period in which Oduche could have appealed the decision to the
state supreme court, i.e., to April 23, 2007.[3] At that point, Oduche had 42
days remaining of the one year limitation period, i.e., until June 4, 2007. Of
course, nothing more was filed in state court by Oduche until October 2007,
and by then, the limitations period of §2244(d) had run; Oduche's October 22,
2007 post-conviction motion, being filed after the expiration of the limitations
period, did not trigger the provisions of §2244(d)(2).[4] *E.g., Long v. Wilson*, 393
F.3d 390, 394-95 (3d Cir. 2004); *Barnett*, 514 F.Supp.2d at 623. Moreover, for
a state post-conviction motion to be "properly filed" and thus toll the
limitations period, the state motion must be timely filed under state law. *E.g.,*
*Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005). The Delaware Superior
Court, however, held Oduche's October 2007 post-conviction motion to have
been untimely under Superior Court Criminal Rule 61(i)(1). Because the
October 2007 post-conviction motion was untimely, under *Pace*, the motion
was not "properly filed" for purposes of §2244(d)(2). That the Superior Court
looked at Oduche's motion to determine if review was warranted under
Criminal Rule 61(i)(5) is of no moment. *Pace*, 544 U.S. at 414 (citing *Carey v.*

---

[3] The thirtieth day was Sunday, April 22, 2007, thus extending the appeal
period to Monday, April 23. *See* Del. Supr. Ct. R. 11(a).

[4] The post-conviction motion, received on October 1, 2007, that led to the
issuance by Superior Court of the non-compliance notice on October 3, 2007
was not "properly filed" for purposes of section 2244(d). *See, e.g., Austin v.*
*Carroll*, 224 Fed. Appx. 161, 164 (3d Cir. 2007).

*Saffold*, 536 U.S. 214 (2002)); *Satterfield v. Johnson*, 434 F.3d 185, 192-94 (3d Cir. 2006).

The limitations period may be tolled for equitable reasons, of course, as this court has noted. *E.g., Eaves*, 529 F.Supp.2d at 476. But one requirement for equitable tolling is that the party invoking the principle have acted diligently in pursuing his rights. *E.g., Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89. 96 (1990)). The obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the prisoner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999)). The passage of more than a year after his conviction before Oduche initiated any challenge to his March 2006 conviction is hardly evidence of the requisite degree of diligence. That lapse of time is enough to foreclose any attempt by Oduche to invoke equitable tolling.

**Exhaustion and Procedural Default**:

Oduche, in his federal habeas petition, makes the same complaints that he made in his October 2007 state post-conviction action. DI 1, 5, 6. However, Oduche failed to appeal from the Superior Court decision that denied his motion for post-conviction relief, and he perforce has not presented his claims to the state supreme court. Because he has not done so, Oduche has not exhausted state remedies. *See, e.g., Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). But if there is no available state remedy, Oduche is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989). At this point, Oduche can not now appeal the January 2008 Superior Court decision to the state supreme court: the appeal would be dismissed as being untimely under state law. *E.g.,*

*Carr v. State*, 554 A.2d 778, 779 (Del. 1989); *Eller v. State*, 531 A.2d 951 (Del. 1987). He also can not return to Superior Court to present his claims again in order to appeal from the ensuing decision: because of his failure to appeal the earlier decision, state law precludes reconsideration of the claims Oduche made in his October 2007 post-conviction motion. *E.g., Guinn v. Phelps*, 2008 WL 1736818, mem. op. at *3 (D. Del. Apr. 15, 2008); *Kendall v. Attorney General*, 2002 WL 531221, mem. op. at *3-4 (D. Del. Mar. 26, 2002); *Kennedy v. Kearney*, 1996 WL 534877, mem. op. at *2-3 (D. Del. Sept. 11, 1996); *Qualls v. Williams*, 2004 WL 2283595, mem. op. at *3-4 (D. Del. Sept. 29, 2004). *See generally Davis v. State*, 1995 WL 439224 (Del. July 17, 1995); *Washington v. State*, 1994 WL 590489 (Del. Oct. 6, 1994); *Lundy-Bey v. State*, 1991 WL 28885 (Del. Feb. 14, 1991). Because there is no available state remedy, Oduche is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98.

However, review of Oduche's claims is barred unless he shows cause for failing to have appealed and actual prejudice stemming from the alleged constitutional errors. *E.g., Beaty v. Patton*, 700 F.2d 110, 112-13 (3d Cir. 1983) (failure to appeal constitutes procedural default). To the extent that Oduche says anything in his federal papers about his failure to have appealed the Superior Court January 2008 decision, it appears that he asserts the failure to appeal Superior Court's decision stemmed from his lack of legal knowledge and his *pro se* status. That, however, is not enough to constitute cause. *E.g., Qualls*, 2004 WL 2283595, mem. op. at *4 (citing cases). As a result, Oduche has not established cause for the default, and that alone is enough to warrant dismissal, the court not having to decide whether Oduche has established actual prejudice. *E.g., Coleman v. Thompson*, 501 U.S. 722, 757 (1991) *Smith v. Murray*, 477 U.S. 527, 533-38 (1986).

In turn, the "miscarriage of justice exception" to the procedural default rule applies only to "extraordinary cases." *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986). If in an effort to come within the exception, Oduche relies on the alleged statement of one of the victims that he was "innocent," that is insufficient. Invocation of the "miscarriage of justice" principle requires that the petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in light of newly discovered evidence of innocence." *Schlup v. Delo*, 513 U.S. 298, 332 (1995) (O'Connor, J., concurring). *See, e.g., Calderon v. Thompson*, 523 U.S. 538, 539 (1998); *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004). Because on Oduche's own allegations, the victim's statement was available to him when he pled guilty in Superior Court, that statement is obviously not "newly discovered" evidence and is of no force at this stage.

**State Court Records**:  Based upon the Superior Court docket sheet, it appears that Oduche's plea colloquy and sentencing were recorded, but the transcript has not been prepared. In the event that the Court directs the production of any transcript, the Attorney General cannot state with specificity when such transcript would be available. However, the Attorney General reasonably anticipates that such production would take 90 days from the issuance of any such order by the Court.

The petition for a writ of habeas corpus should accordingly be dismissed without further proceedings.

Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us

July 14, 2008

Westlaw.

224 Fed.Appx. 161                                                    Page 1
224 Fed.Appx. 161
**(Cite as: 224 Fed.Appx. 161)**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Third Circuit LAR, App. I, IOP 5.7. (Find CTA3 App. I, IOP 5.7)

United States Court of Appeals,
Third Circuit.
Larry W. AUSTIN, Appellant,
v.
Thomas CARROLL, Warden; Office of Attorney General of Delaware, Appellees.
**No. 04-3811.**

Submitted Under Third Circuit
LAR 34.1(a), Dec. 13, 2006.
Filed Feb. 27, 2007.

**Background:** Defendant convicted of various controlled substance offenses petitioned pro se for a writ of habeas corpus. The United States District Court for the District of Delaware, 2004 WL 1949542, Joseph J. Farnan, Jr., dismissed, and the defendant appealed.

**Holding:** The Court of Appeals, Fuentes, Circuit Judge, held that the petition was time-barred.
Affirmed.

                West Headnotes

**[1] Habeas Corpus ☞603**
197k603 Most Cited Cases
Petitioner's state post-conviction relief (PCR) motion was not "properly filed," so as to statutorily toll the limitations period governing his petition for federal habeas relief, until the date he refiled the motion using the correct form, despite his claim that the corrected filing related back to his initial filing without the correct form. 28 U.S.C.A. § 2244(d)(2); Fed.Rules Civ.Proc.Rule 15(c), 28 U.S.C.A.

**[2] Habeas Corpus ☞603**
197k603 Most Cited Cases
Even if habeas petitioner was diligent in pursuing his rights, a two-week "delay" between his filing of a defective state post-conviction relief (PCR) motion and state court's issuance of a notice of noncompliance did not justify equitable tolling of the limitations period governing his habeas petition. 28 U.S.C.A. § 2244(d)(1).
**\*161** On Appeal from the United States District Court for the District of Delaware (D.C. No. 03-854), District Judge: Honorable Joseph J. Farnan, Jr.

Stephen M. Latimer, Loughlin & Latimer, Hackensack, NJ, for Appellant.

Thomas E. Brown, Department of Justice, Wilmington, DE, for Appellees.

Before: FUENTES and VAN ANTWERPEN, Circuit Judges, and PADOVA, [FN*] District Judge.

> FN* The Honorable John R. Padova, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

            OPINION OF THE COURT
FUENTES, Circuit Judge.

Petitioner Larry Austin appeals from an order of the District Court dismissing his petition for a writ of habeas corpus as time-barred. For the reasons set forth below, we will affirm the District Court's decision. [FN1]

> FN1. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of a district court's dismissal of a habeas petition on statute of limitations grounds is plenary. *LaCava v. Kyler,* 398 F.3d 271, 275 (3d Cir.2005).

**I. Background**

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

224 Fed.Appx. 161
224 Fed.Appx. 161
(Cite as: 224 Fed.Appx. 161)

In March 2000, after Austin failed to appear for the second day of his criminal trial, a Delaware jury convicted him *in absentia* of all counts of a four-count indictment charging him with various controlled *162 substance offenses. Austin was apprehended by police several months later, and was thereafter sentenced to thirty-two and one-half years imprisonment.

Austin filed a timely pro se appeal with the Delaware Supreme Court, which affirmed his conviction and sentence on August 6, 2001. Austin did not file a petition for certiorari in the United States Supreme Court, but did file a pro se motion for state post-conviction relief ("state PCR motion") in Delaware Superior Court on August 12, 2002. Approximately two weeks later, however, the Delaware Superior Court sent Austin a notice of non-compliance informing him that he had failed to use the correct form. On September 18, 2002, [FN2] Austin filed a corrected state PCR motion which the Delaware Superior Court ultimately denied on the merits. On July 7, 2003, the Delaware Supreme Court affirmed the Superior Court's denial of state post-conviction relief.

> FN2. Austin asserts that he mailed the corrected motion on September 14, 2002. Whether he is deemed to have filed the corrected motion on that date, or on September 18, 2002, when the court received it, is irrelevant to the issues raised in this appeal.

On August 31, 2003, Austin filed a pro se petition for a writ of habeas corpus in the United States District Court for the District of Delaware alleging ineffective assistance of trial counsel and trial court error. The District Court found that Austin's habeas petition was time-barred, but requested that the parties submit supplemental briefing on the issue of whether the statute of limitations should be equitably tolled. After the parties submitted supplemental briefing, the District Court concluded that Austin failed to establish that he was entitled to equitable tolling and dismissed the petition.

We subsequently granted a certificate of appealability on the issue of whether the District Court erred in calculating the starting point for statutory tolling under 28 U.S.C. § 2244(d)(2) as September 18, 2002, where Austin's properly filed Rule 61 motion may have related back to, or been deemed filed on, the original filing date of August 12, 2002. In addition, we asked the parties to address whether state law or federal law governs the calculation of the starting point for statutory tolling under § 2244(d)(2), and whether equitable tolling is warranted under the circumstances.

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prescribes a one-year statute of limitations within which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) *the date on which judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;*
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action.
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*163 28 U.S.C. § 2244(d)(1) (emphasis added). Only the first provision set forth above is implicated in this appeal.

A state court criminal judgment becomes "final" for purposes of § 2244(d)(1)(A) "at the conclusion of review in the United States Supreme Court or when the period for seeking certiorari review expires." *Kapral v. United States,* 166 F.3d 565, 575 (3d

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Cir.1999). Austin's conviction undisputedly became final on November 5, 2001, the date his deadline for filing a petition for certiorari in the United States Supreme Court passed without his having pursued such relief. Therefore, absent statutory or equitable tolling, the deadline for Austin to file a federal habeas petition was scheduled to expire one year later in November 2002.

**A. Statutory Tolling**

[1] Section 2244(d)(2) of AEDPA sets forth the following tolling provision:

The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added). The parties do not dispute that Austin's state PCR motion tolled the one-year statute of limitations. They do disagree, however, on when the motion was "properly filed" and, therefore, when the statutory tolling period commenced. [FN3]

> FN3. We note that Austin advanced, and the District Court rejected, a different statutory tolling argument in the proceedings below. There, Austin contended that the statutory tolling period should be extended seven days because under AEDPA, holidays do not count in any term of tolling. Although the argument Austin now asserts on appeal was not raised before the District Court in the first instance, we have discretionary power to address questions of law that may have been waived. *See Bagot v. Ashcroft,* 398 F.3d 252, 256 (3d Cir.2005).

According to Austin, his state PCR motion was "properly filed" on August 12, 2002, irrespective of the fact that he used the wrong form. If Austin is correct, then 279 days had elapsed between the date his conviction became final and the date on which he filed his state PCR motion, leaving him 86 days after the Delaware Supreme Court affirmed the

denial of his state PCR motion, that is until October 1, 2003, [FN4] in which to file a federal habeas petition. Accordingly, Austin's federal habeas petition, which he filed on August 31, 2003, was timely.

> FN4. In his brief, Austin states that he had until September 19, 2003, only 74 days after the Delaware Supreme Court affirmed the denial of post-conviction relief. Whether the correct deadline is September 19 or October 1, 2003, has no bearing on the issues raised in this appeal.

By comparison, the State contends that Austin's state PCR motion was not "properly filed" until September 18, 2002, when Austin refiled the motion using the correct form. By that time, 316 days had elapsed since Austin's conviction had become final, leaving only 49 days remaining in the one-year statute of limitations. Therefore, when the Delaware Supreme Court affirmed the denial of post-conviction relief on July 7, 2003, Austin had only until August 25, 2003, in which to file a timely habeas petition in federal court. Accordingly, his August 31, 2003 filing was untimely.

In *Artuz v. Bennett,* 531 U.S. 4, 8-9, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), the Supreme Court held that an application for state post-conviction relief

*164 is '*properly filed*' when its delivery and acceptance are in compliance with the applicable rules governing filings. These usually prescribe, for example, *the form of the document,* the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers.

(internal citations and footnotes omitted) (second emphasis added). As we noted in *Satterfield v. Johnson,* 434 F.3d 185, 192 (3d Cir.2006) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)), "[t]hese requirements prevent tolling because they 'go to the very initiation of a petition and a court's ability to con-

224 Fed.Appx. 161
224 Fed.Appx. 161
**(Cite as: 224 Fed.Appx. 161)**

sider that petition....' "

Here, the Delaware Superior Court notified Austin that his initial state PCR motion did not comply with Delaware Superior Court Rule of Criminal Procedure 61. The notice, signed by Superior Court Judge Susan C. DePesco, stated:

> This will acknowledge receipt of your application for postconviction remedy. It has been recorded as received on the date indicated above. However, it is being returned to you because it does not comply with Superior Court Criminal Rule 61. The reason for its return is as follows: ... You must use the attached form.

(App. 110.) Rule 61, which governs state post-conviction proceedings, provides in relevant part:

> *Form of Motion.* An application under this rule shall be made by a motion for postconviction relief. The movant must use the prescribed form which shall be made available without charge by the prothonotary. The motion shall be typewritten or legibly handwritten.

Del. Super. Ct. Crim. R. 61(b)(1).

The form of motion requirement set forth in Rule 61 is precisely the type of condition to filing that the Supreme Court described in *Artuz.* Because Austin failed to comply with that requirement when he initially filed his state PCR motion on August 12, 2002, the Superior Court returned it to him with instructions to refile the motion using the correct form. Austin did so on September 18, 2002, and only then did the statutory tolling period commence.

Austin argues that when he "refiled his motion on the prescribed form as directed, under both Delaware and federal law it was constructively filed on August 12, 2002, the date of the original filing." (Appellant's Br. at 8.) In support of this argument, Austin cites Delaware Superior Court Rule of Civil Procedure 15, and its federal counterpart, Federal Rule of Civil Procedure 15, both of which provide that, provided certain conditions are met, "[a]n amendment of a pleading relates back to the date of the original pleading." *See* Del. Super. Ct. R. Civ.

P. 15(c); Fed.R.Civ.P. 15(c). Relying on this provision, Austin argues that his corrected September 18, 2002 filing "relates back" to his August 12, 2002 filing. Unfortunately, this argument is unpersuasive.

Rule 15, in both its federal and state incarnations, governs *amended and supplemental pleadings* filed in civil actions. Here, Austin filed a motion for post-conviction relief pursuant to Delaware Criminal Rule 61. Rule 61 provides that, "[a] motion may be amended as a matter of course at any time before a response is filed or thereafter by leave of the court, which shall be freely given when justice so requires." Del. Super. Ct. Crim. R. 61(b)(6). However, even assuming that Austin's refiling of his state PCR motion constituted *165 an "amendment" to his original defective motion, Rule 61 does not provide that an amendment will relate back to the original filing.

Austin nevertheless invites us to apply Rule 15's relation back provision to Rule 61 motions for post-conviction relief. Austin does not identify, nor have we found, any authority that would justify this approach. Indeed, we agree with the State that do so here would "allow state prisoners to circumvent and defeat the purpose of the limitations period." (Appellee's Br. at 15.) Accordingly, we reject Austin's contention that the statutory tolling period commenced on the date he filed his non-compliant motion for state post-conviction relief. [FN5]

> FN5. Austin also argues that Rule 61 does not constitute "an adequate and independent state bar" that would prevent federal habeas review. Austin's argument is specious since the District Court did not dismiss Austin's habeas petition because it found that Austin had defaulted on his claims but rather, as discussed in this opinion, because his habeas petition was time-barred. In addition, Austin requests that the Court hold its decision in this case in abeyance pending the Supreme Court's decision in *Lawrence v. Florida,* 421 F.3d 1221

224 Fed.Appx. 161
224 Fed.Appx. 161
**(Cite as: 224 Fed.Appx. 161)**

(11th Cir.2005), *cert. granted,* 547 U.S. 1039, 126 S.Ct. 1625, 164 L.Ed.2d 332 (2006). We note that the Supreme Court issued its decision in *Lawrence v. Florida,* --- U.S. ----, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007), holding that AEDPA's one-year statute of limitations for filing a federal habeas petition is not tolled during the pendency of a petition for certiorari to the United States Supreme Court seeking review of the denial of state post-conviction relief. Accordingly, *Lawrence* is of no help to Austin in this appeal.

**B. Equitable Tolling**

[2] We have held that AEDPA's one year statute of limitations is subject to equitable tolling. *LaCava,* 398 F.3d at 275. A petitioner seeking equitable tolling bears the burden of showing that "he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.' " *Satterfield,* 434 F.3d at 195 (quoting *Pace,* 544 U.S. at 418, 125 S.Ct. 1807). For example, equitable tolling may be appropriate if: (1) the government has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights in the wrong forum. *Id.* We have noted, however, that "courts should be sparing in their use of this doctrine." *LaCava,* 398 F.3d at 275.

Austin argues that he is entitled to equitable tolling because despite the fact that he was diligent in pursuing his rights, his state PCR motion "languished" in the Superior Court for two weeks before he was notified that it was non-compliant. Assuming for purposes of analysis only that Austin was diligent in pursuing his rights, we simply cannot find that the two week "delay" between Austin's filing of his defective motion for post-conviction relief and the Superior Court's issuance of the notice of non-compliance would justify equitable tolling.

**III. Conclusion**

For the foregoing reasons, we will affirm the District Court's dismissal of Austin's habeas petition as time-barred.

224 Fed.Appx. 161

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Westlaw.

663 A.2d 486
663 A.2d 486, 1995 WL 439224 (Del.Supr.)
**(Cite as: 663 A.2d 486, 1995 WL 439224 (Del.Supr.))**

Davis v. State
Del.,1995.
(The decision of the Court is referenced in the At-
lantic Reporter in a 'Table of Decisions Without
Published Opinions.')

Supreme Court of Delaware.
Debro M. DAVIS, (a/k/a Debro Siddiq Abdul-Ak-
bar), Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 219,1995.**

Submitted: June 22, 1995.
Decided: July 17, 1995.

Court Below: Superior Court of the State of
Delaware, in and for New Castle County, Cr.A. No.
IN93-11-0043R2.
Superior Court, New Castle County

AFFIRMED.

Before VEASEY, C.J., WALSH, and BERGER, JJ.

*ORDER*

VEASEY, Chief Justice.
*1 This 17th day of July, 1995, it appears to the
Court that:

(1) The appellee, State of Delaware ("State"), has
moved to affirm the judgment of the Superior Court
on the ground that it is manifest on the face of ap-
pellant's opening brief that the appeal is without
merit. Supr.Ct.R. 25(a).

(2) In April 1994, the appellant, Debro M. Davis
("Davis), pleaded guilty to first degree robbery, two
counts of possession of cocaine, and shoplifting.
All four crimes were charged under separate indict-
ments. In June 1994, the Superior Court declared
Davis to be an habitual offender and sentenced him
to ten years imprisonment, suspended after five

years for five years confinement at a halfway
house, followed by various levels of probation.

(3) In December 1994, Davis filed a motion for
postconviction relief, pursuant to Superior Court
Criminal Rule 61 ("Rule 61"), contending that
Delaware's robbery statute is unconstitutionally
vague, that the indictment against him for robbery
was defective, and that his sentence is not being
carried out according to law. The Superior Court
denied Davis's motion on its merits in an order
dated January 31, 1995. Davis's subsequent appeal
from that order was dismissed by this Court on jur-
isdictional grounds because Davis failed to file his
notice of appeal in a timely manner. *Abdul-Akbar v.
State,* Del.Supr., No. 102, 1995, Holland, J. (Apr. 6,
1995) (ORDER).

(4) In April 1995, Davis filed a second motion for
postconviction relief, contending that (1) the pro-
secutor engaged in misconduct by indicting him for
robbery when the facts alleged did not support such
a charge; (2) the indictment against him for robbery
failed to properly charge the offense of first degree
robbery; and (3) his guilty plea could not operate as
a waiver of the jurisdictional defect created by the
defective indictment against him for robbery. The
Superior Court, in accordance with Rule 61(i)(4),
held that Davis's claims had been adjudicated in
connection with his first postconviction motion and
that reconsideration of the claims was not warran-
ted in the interest of justice. Davis now appeals
from that ruling.

(5) When reviewing the Superior Court's denial of a
postconviction motion pursuant to Rule 61, this
Court first must consider the procedural require-
ments of the rule before addressing any substantive
issues. *Younger v. State,* Del.Supr., 580 A.2d 552,
554 (1990). Rule 61(i)(4) provides, in part, that any
claim raised in a postconviction motion that was
adjudicated in a previous postconviction proceeding
"is thereafter barred, unless reconsideration of the
claim is warranted in the interest of justice."

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

663 A.2d 486
663 A.2d 486, 1995 WL 439224 (Del.Supr.)
**(Cite as: 663 A.2d 486, 1995 WL 439224 (Del.Supr.))**

Page 2

(6) In his latest motion, Davis's claims are founded on his contention that the actions for which he was arrested did not constitute robbery. The Superior Court rejected that contention on the merits in ruling on Davis's first postconviction motion. The Superior Court was not required to reconsider the claims in Davis's latest motion simply because they were refined or restated. *Riley v. State,* Del.Supr., 585 A.2d 719, 721 (1990).

**\*2** (7) Furthermore, Davis's failure to perfect a timely appeal from his first unsuccessful postconviction motion is no reason for this Court, "in the interest of justice," to reconsider his previously adjudicated claims. *See Lundy-Bey v. State,* Del.Supr., No. 38, 1991, Moore, J. (Feb. 14, 1991) (ORDER). This Court has defined "interest of justice" to require a showing that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" the accused. *Flamer v. State,* Del.Supr., 585 A.2d 736, 746 (1990). Davis has not attempted to satisfy this requirement.

(6) Consequently, it is manifest on the face of Davis's opening brief that his appeal is without merit because the issues presented in this appeal are clearly controlled by settled Delaware law and, to the extent that judicial discretion is implicated, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State's motion to affirm is GRANTED. The judgment of the Superior Court is hereby AFFIRMED.

Del.,1995.
Davis v. State
663 A.2d 486, 1995 WL 439224 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy                                                        Page 1
Slip Copy, 2008 WL 1736818 (D.Del.)
**(Cite as: 2008 WL 1736818 (D.Del.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Tyrone GUINN, Petitioner,
v.
Perry PHELPS, Warden, and Attorney General of
the State of Delaware,
Respondents. [FN1]

> FN1. Perry Phelps assumed office in January 2008, replacing former warden Thomas Carroll, an original party to this case. *See* Fed.R.Civ.P. 25(d)(1).

**Civil Action Nos. 06-468-GMS, 07-625-GMS.**

April 15, 2008.

Tyrone Guinn, Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE, for respondents.

### MEMORANDUM OPINION [FN2]

> FN2. This case was originally assigned to the Vacant Judgeship, and re-assigned to the undersigned on February 1, 2008.

SLEET, Chief Judge.

### I. INTRODUCTION

*1 Presently before the court is petitioner Tyrone Guinn's ("Guinn") application for a writ of habeas corpus pursuant to 28 U .S.C. § 2254. (D.I. 2 in Civil Action No. 06-468; D.I. 1 in Civil Action No. 07-625.) Guinn is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss his application.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2004, Correctional Officers Malcolm Shannon and Neil Stevens brought Guinn, an inmate in the maximum security unit of the Delaware Correctional Center, to a small, caged exercise yard. The officers then escorted Ernest Hill, another inmate, to the shower. As the officers and Hill passed the exercise yard on the way to the shower, Guinn and Hill had a brief conversation. Immediately thereafter, Officer Shannon was hit in the side of the head by fluid composed of urine and feces. Although neither officer saw Guinn throw the fluid, he was the only person present in the yard, and Officer Stevens saw Guinn holding a small container. *See generally Guinn v. State,* 2006 WL 506433 (Del.2006).

As a result of this incident, a three count indictment charged Guinn with assault in a detention facility for: (1) striking Officer Shannon with the bodily fluid (count I); (2) hitting Officer Stevens with a small amount of fluid (count II); and (3) struggling with Officer Stevens while handcuffed (count III). *Id.* at * 1 n. 1. A trial was held before a Delaware Superior Court jury in May 2005. At the end of the trial, the Superior Court judge denied Guinn's motion for a judgment of acquittal on all three counts of assault in a detention facility. The jury convicted Guinn of the first count of assault, entered a not guilty verdict on the second count of assault, and acquitted Guinn of the third count of assault. *See Guinn v. State,* 894 A.2d 406 (Table), 2006 WL 506433 (Del. Feb. 28, 2006).

Guinn appealed, arguing that the Superior Court erroneously denied his motion for a judgment of acquittal on the first count because the State failed to present sufficient evidence of his intent to assault Officer Shannon. *Id.* at * 1. The Delaware Supreme Court held that the evidence created a triable issue of fact regarding Guinn's intent, and affirmed Guinn's conviction and sentence. *Id.*

Thereafter, Guinn filed several motions for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motions"), in Oc-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

tober 2005, November 2005, December 2005, April 2006, and June 2006. (D.I.33.) The Superior Court denied Guinn's first three Rule 61 motions because Guinn's direct appeal was still in progress at the time of filing. (D.I. 33, *State v. Guinn,* ID No. 0411013992, Letter Order, Johnston. (Del.Super.Ct. Jan. 12, 2006)) The Superior Court denied Guinn's April 2006 Rule 61 motion and a motion for new trial after determining the ineffective assistance of counsel claims were meritless, the illegal sentence claim was meritless, and the claim alleging error on the part of the Superior Court for denying his motion for acquittal was procedurally barred by Rule 61(i)(3). *State v. Guinn,* 2006 WL 1454811 (Del.Super.Ct. May 25, 2006). Guinn did not appeal the decision of the Superior Court.

**\*2** The Superior Court denied Guinn's June 2006 Rule 61 motion as procedurally barred by Rule 61(i)(2) and (4). *State v. Guinn,* 2006 WL 2441945 (Del.Super.Ct. Aug. 16, 2006). Guinn did not appeal that decision.

Guinn timely filed the instant petition in July 2006, asserting one claim that the Superior Court erroneously denied his motion for acquittal. The State filed an answer, asking the court to deny the claim raised as procedurally barred. (D.I.23.)

On October 12, 2007, Guinn filed another federal habeas petition in this court. *See Guinn v. Carroll,* Civ. A. No. 07-625-GMS. Although the new petition contains two claims ostensibly challenging the Delaware Supreme Court's September 2007 decision affirming one of Guinn's more recent Rule 61 motions, the new petition actually challenges the same conviction challenged in Guinn's first habeas petition, namely, his conviction for assault while in a detention facility. [FN3] *See Guinn v. Carroll,* Civ. A. No. 07-625- GMS. Rather than deny the October 2007 petition as an improper attempt to add a new claim to his first petition, the court consolidated the two proceedings. *See* (D.I.38.)

> FN3. The new petition contains two claims: (1) the same insufficient evidence

claim raised in his original petition; and (2) a new claim asserting that the Superior Court should have conducted an evidentiary hearing before denying the ineffective assistance of counsel claims raised in several of his Rule 61 motions. *See Guinn v. Carroll,* Civ. A. No. 07-625-GMS.

## III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a). One pre-requisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry,* 513 U.S. 364, 365 (1995); *Castille v. Peoples,* 489 U.S. 346, 351 (1989); *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir .1997). If the petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Harris v. Reed,* 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman,* 501 U.S. at 750-51; *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

*3 Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray,* 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Murray,* 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak,* 378 F.3d 333, 339-40 (3d Cir.2004).

## IV. DISCUSSION

Guinn asserts two claims for relief in this consolidated proceeding: (1) the Superior Court erred in denying his motion for acquittal on count one because there was insufficient evidence of his identity to support the conviction; and (2) the Superior Court erred by not holding an evidentiary hearing to consider his claims that counsel provided inef-

fective assistance by failing to subpoena and cross-examine defense witnesses and by failing to following Delaware Supreme Court Rule 26 on direct appeal. (D.I. 2 in Civil Action No. 06- 468; D.I. 1 in Civil Action No. 07-625.)

### A. Claim one

Guinn's first ground for relief contends that the State failed to establish the identity of the assailant because the two correctional officers did not actually see Guinn throwing the liquid. After reviewing the record, the court concludes that Guinn did not exhaust state remedies for this claim. First, the only issue before the Delaware Supreme Court on direct appeal was whether the State proved the intent element of assault in a detention facility, and not, as asserted here, that the State failed to prove the identity of the perpetrator. Consequently, the insufficient evidence claim asserted in Guinn's direct appeal did not satisfy the "fair presentation" component of the exhaustion requirement for claim one.

Moreover, the Guinn's post-conviction motions did not exhaust state remedies. Although Guinn did assert the version of claim one presented here to the Superior Court in his April 2006 Rule 61 motion, the Superior Court denied the claim as procedurally barred by Rule 61(i)(3) due to his failure to assert the issue on direct appeal. *Guinn,* 2006 WL 1454811, at *3. Guinn did not appeal the Superior Court's decision, and the time-period for filing an appeal has long expired. *See* Del.Supr. Ct. R. 6 (30 days). Additionally, at this juncture, Rule 61(i)(4) would bar Guinn from pursuing further review of the claim in state court via a new Rule 61 motion because the claim would be viewed as previously adjudicated. *See, e.g., Guinn,* 2006 WL 2441945 (Del.Super.Ct. Aug. 16, 2006)(where Guinn raised claim one to the Superior Court in a Rule 61 motion, and the Superior Court denied the claim as barred by Rule 61(i)(4)); *White v. Carroll,* 416 F.Supp.2d 270, 281 n. 10 (D.Del.2006); *Kennedy v. Kearney,* 1996 WL 534877, at *2-3 (D.Del.1996).

*4 Given Guinn's inability to pursue further review

Slip Copy
Slip Copy, 2008 WL 1736818 (D.Del.)
**(Cite as: 2008 WL 1736818 (D.Del.))**

of claim one in the Delaware state courts, the court must excuse Guinn's failure to exhaust state remedies and treat the claim as exhausted. Nevertheless, the claim is still procedurally defaulted, and the court can only review the merits of claim one if Guinn demonstrates cause for, and prejudice resulting from, his default of the claim, or that a miscarriage of justice will result in the absence of such review.

Guinn does not assert any explicit reason for his procedural default of claim one. To the extent claim two can be interpreted as asserting ineffective assistance of counsel as cause for the failure to raise the instant insufficient evidence claim on direct appeal, [FN4] it fails. Guinn did not assert the issue of counsel's failure to raise this particular insufficient evidence claim (Guinn's identity) in any of his state collateral proceedings or in his subsequent postconviction appeals. Consequently, the instant ineffective assistance of counsel allegation is itself procedurally defaulted, and cannot excuse Guinn's procedural default of claim one. *See* Del.Super. Ct.Crim. Rule 61(i)(2); *Edwards v. Carpenter,* 529 U.S. 446, 453-54 (2000).

> FN4. The court notes that Guinn filed a document titled "Motion for Objection," in which he states he should have been given a deadline for filing a reply to the State's answer. (D.I.35.) Contrary to Guinn's assertion, Rule 5 of the Habeas Rules, 28 U.S.C. foll. § 2254, does not require a petitioner's reply to the State's answer. However, in an exercise of caution, the court will consider claim two raised in Guinn's second habeas petition as an attempt to establish counsel's performance as cause for his default of claim one.

In the absence of cause, the court will not address the issue of prejudice. Additionally, the miscarriage of justice exception does not excuse Guinn's procedural default, because he has not provided new, reliable evidence of his actual innocence. Accordingly, the court will deny claim one as procedurally barred.

**B. Claim two**

In claim two, Guinn complains that the Superior Court should have held an evidentiary hearing on the ineffective assistance of counsel claims raised in his March 2007 Rule 61 motion. *See State v. Guinn,* ID No. 0411013992, Order, Johnston (Del.Super.Ct. Apr. 17, 2007)(Superior Court's decision denying Guinn's ineffective assistance of counsel claim without an evidentiary hearing). This claim fails to assert an issue cognizable on federal habeas review because it challenges the procedure utilized by the Superior Court in a state collateral proceeding. *Lambert v. Blackwell,* 387 F.3d 210, 247 (3d Cir.2004)("alleged errors in [state] collateral proceedings ... are not a proper basis for habeas relief."); *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir.1998)(the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding.")(emphasis in original). Accordingly, the court will deny the claim for failing to present a proper basis for federal habeas relief.

**V. CERTIFICATE OF APPEALABILITY**

Finally, the court must decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

*5 Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484.

For the reasons stated above, the court concludes that Guinn's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, the court will not issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, the court will deny Guinn's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.

### ORDER

For the reasons set forth in the memorandum opinion issued, this date, IT IS HEREBY ORDERED that:

1. Petitioner Tyrone Guinn's Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is *DISMISSED,* and the relief requested therein is *DENIED.* (D.I. 2 in Civil Action No. 06-468; D.I. 1 in Civil Action No. 07-625.)

2. The court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

Slip Copy, 2008 WL 1736818 (D.Del.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d                                    Page 1
Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.))**

Kendall v. Attorney General of Delaware
D.Del.,2002.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Jerry KENDALL, Petitioner,
v.
ATTORNEY GENERAL OF THE STATE OF
DELAWARE, and Rick Kearney, Warden, Respondents.
**No. Civ.A.01-231-JJF.**

March 26, 2002.

Jerry Kendall, Petitioner, pro se.
Thomas E. Brown, of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondents.

*MEMORANDUM OPINION*

FARNAN, J.
**\*1** Presently before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Jerry Kendall. (D.I.2.) Also pending in this matter are Petitioner's requests to amend the Petition, (D.I. 6 and 10), and his two motions for appointment of counsel, (D.I. 26 and 27). For the reasons set forth below, the Court will dismiss the Petition, grant his requests to amend the Petition, and deny as moot the motions for appointment of counsel.

I. BACKGROUND

In 1990, Petitioner moved to Delaware, established the Kendall Construction Company, and entered the business of building custom homes in Delaware. Between 1992 and 1994, numerous Delaware residents contracted with Petitioner to build custom homes. Several of the buyers complained that the construction of their homes was either defective or never completed. In 1995, Petitioner filed a petition in bankruptcy, thereby extinguishing the pur-

chasers' claims against him.

Based on these complaints, Delaware authorities initiated an investigation into Petitioner's business practices. The investigation revealed that between 1982 and 1984, several buyers in Reistertown, Maryland, suffered losses due to Petitioner's defective or incomplete construction of their homes. The investigation also revealed that in 1989, Petitioner had constructed defective homes in Secretary, Maryland, and then filed for bankruptcy. Delaware authorities also learned that Petitioner had changed his name and social security number when he moved to Delaware in 1990.

Based on his activities in Delaware, Petitioner was charged with theft by false pretenses, criminal racketeering, perjury, and other crimes. In a pretrial motion, the prosecutor sought to admit evidence of Petitioner's prior misconduct in Maryland. Over the objection of defense counsel, the Superior Court admitted the evidence of Petitioner's prior misconduct in Maryland. Following a lengthy jury trial in the Delaware Superior Court, Petitioner was convicted on November 25, 1996, of criminal racketeering, perjury, felony theft, and improper retention of contractor's funds. The Superior Court sentenced Petitioner on February 11, 1997, to eight years in prison followed by a period of probation.

On direct appeal, counsel for Petitioner raised a single issue: Whether the "admission into evidence of the Defendant's alleged prior misconduct in Maryland was irrelevant and unduly prejudiced his right to a fair trial."(D.I. 24, Appellant's Opening Br. at 3.) The Delaware Supreme Court concluded that the evidence was admissible as "direct proof" of theft by false pretenses.*Kendall v. State,* 726 A.2d 1191, 1193 (Del.1999). The Delaware Supreme Court also determined that the evidence was properly admitted under Rule 404(b) of the Delaware Rules of Evidence to show intent, knowledge, and common scheme or plan. *Id.* at 1194-95.The Delaware Supreme Court affirmed the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.))

judgment of sentence. *Id.* at 1196.

*2 On June 20, 2000, Petitioner filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. The Superior Court summarily dismissed all but three of Petitioner's claims on August 31, 2000. *State v. Kendall,* No. 9412010717 (Del.Super.Ct. Aug. 31, 2000). The Superior Court subsequently rejected on the merits Petitioner's claims of ineffective assistance of trial counsel and appellate counsel. *State v. Kendall,* 2001 WL 392650, *3- *4 (Del.Super.Ct. Apr. 10, 2001). The Superior Court also ruled that the remaining claim, *i.e.,* that the state lacked the evidence to prove theft, was procedurally barred because Petitioner failed to raise it on direct appeal.*Id.* at *3. Petitioner did not appeal to the Delaware Supreme Court from the denial of postconviction relief.

While his Rule 61 motion was pending before the Superior Court, Petitioner filed with this Court the current Petition for federal habeas relief. Respondents ask the Court to dismiss the Petition on the ground that the claims presented therein are procedurally barred from federal habeas review. Also pending in this matter are Petitioner's requests to amend his petition, and his motions for appointment of counsel.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Pursuant to the federal habeas statute:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert.denied,*532 U.S. 980 (2001).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."*O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Although a state prisoner need not "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. *Id.* at 844-45.A claim has not been fairly presented unless it was presented "at all levels of state court adjudication."*Cristin v.. Brennan,* 281 F.3d 404, 410 (3d Cir.2002).

If a claim has not been fairly presented, and further state court review is procedurally barred, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000), *cert.denied,*531 U.S. 1082 (2001). Although deemed exhausted, such claims are considered procedurally defaulted. *Lines,* 208 F.3d at 160. Additionally, where a claim was presented to a state court, but the state court refused to consider it for failure to comply with an independent and adequate state procedural rule, the claim is considered procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice.*Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Lines,* 208 F.3d at 160.

*3 In order to demonstrate cause for a procedural default, a petitioner must show that "some objective

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.))**

factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."*Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner may establish cause, for example, by showing that the factual or legal basis for a claim was not reasonably available or that government officials interfered in a manner that made compliance impracticable. *Werts,* 228 F.3d at 193. Additionally, ineffective assistance of counsel constitutes cause, but only if it is an independent constitutional violation. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). In addition to cause, a petitioner must establish actual prejudice, which requires him to show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."*Murray,* 477 U.S. at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards,* 529 U.S. at 451;*Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception applies only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."*Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). To establish actual innocence, a petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 326 (1995); *Werts,* 228 F.3d at 193.

### III. DISCUSSION

Petitioner articulates the following claims for relief: FN1

> FN1. The Court has renumbered Petitioner's claims for organizational purposes only.

(1) Trial counsel rendered ineffective assistance and obstructed justice by withholding information and evidence.

(2) Appellate counsel rendered ineffective assistance by raising only the evidentiary issue on direct appeal.

(3) The state failed to prove theft.

(4) The admission into evidence of Petitioner's alleged prior misconduct was irrelevant and unduly prejudiced his right to a fair trial.

(D.I. 2 at 5-6.) Respondents assert that each of Petitioner's claims is procedurally barred from federal habeas review.

### A. Claims 1, 2, and 3

According to Respondents, Petitioner's claims 1, 2, and 3 are procedurally barred because he failed to present them to the Delaware Supreme Court. A review of the record confirms that Petitioner did not raise claims 1, 2, or 3 on direct appeal-the sole issue presented on direct appeal was the evidentiary issue. (D.I. 24, Appellant's Opening Br. at 3.) A review of the record also confirms that Petitioner did not appeal from the Superior Court's order denying his motion for postconviction relief. In short, the Court agrees with Respondents that Petitioner has never presented claim 1, 2, or 3 to the Delaware Supreme Court.

**\*4** The question remains; however, whether Petitioner can now exhaust these three claims by presenting them to the Delaware Supreme Court. If state rules preclude him from doing so, he has procedurally defaulted these claims, and federal habeas review is unavailable absent a showing of cause and prejudice, or a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750;*Lines,* 208 F.3d at 160.

First, Petitioner cannot present claim 1, 2, or 3 to the Delaware Supreme Court by appealing from the

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.)

**(Cite as: Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.))**

Page 4

order denying his Rule 61 motion. In Delaware, a notice of appeal in any proceeding for postconviction relief must be filed within thirty days after entry of the order denying relief. *See* Del. R.S.Ct. 6(a)(iii). Failure to file a timely notice of appeal deprives the Delaware Supreme Court of jurisdiction to hear an appeal. *Carr v. State,* 554 A.2d 778, 779 (Del.1989). In the matter at hand, the Superior Court denied Petitioner's Rule 61 motion on April 10, 2001. If Petitioner were to file a notice of appeal now, nearly one year later, the Delaware Supreme Court would dismiss the appeal for lack of jurisdiction.

Additionally, Petitioner's claims 1 and 2 are procedurally barred by Rule 61(i)(4):

Former Adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

Super. Ct. R.Crim. P. 61(i)(4). Reconsideration is warranted in the interest of justice where "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish the accused."*Cruz v. State,* No. 446, 1995, 1996 WL 21060 (Del. Jan. 10, 1996) (quoting *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)). In the matter at hand, the Superior Court rejected claims 1 and 2 on the merits in Petitioner's postconviction proceedings. The record is devoid of any subsequent legal developments suggesting that the Superior Court lacked authority to convict Petitioner. Accordingly, further state court review of claims 1 and 2 is foreclosed by Rule 61(i)(4).

Furthermore, claim 3 is procedurally barred from further state court review because Petitioner failed to present it on direct appeal. In Delaware, the failure to present a claim on direct appeal generally is treated as a procedural default under Rule 61(i)(3):

Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows

(A) Cause for relief from the procedural default and

(B) Prejudice from violation of the movant's rights.

Super. Ct. R.Crim. P. 61(i)(3).*SeeBialach v. State,* 773 A.2d 383, 386 (Del.2001) (explaining that Rule 61(i)(3) generally bars consideration of an issue that was not presented on direct appeal absent a showing of cause and prejudice).[FN2] In this case, the Superior Court specifically ruled that Petitioner's claim 3 was procedurally barred by Rule 61(i)(3).*Kendall,* 2001 WL 392650 at *3. The Superior Court's refusal to consider this claim rests on an independent and adequate state procedural rule. *SeeColeman,* 501 U.S. at 730;*Gattis v. Snyder,* 46 F.Supp.2d 344, 367 (D.Del.1999), *aff'd,*278 F.3d 222 (3d Cir.2002). For this reason, federal habeas review of claim 3 is procedurally barred absent a showing of cause and prejudice, or a fundamental miscarriage of justice.

> FN2. Rule 61(i)(3) does not apply to Petitioner's claims of ineffective assistance of counsel. In Delaware, claims of ineffective assistance of counsel are properly raised for the first time in a Rule 61 motion, not on direct appeal. *SeeMacDonald v. State,* 778 A.2d 1064, 1071 (Del.2001); *Flamer v. State,* 585 A.2d 736, 753 (Del.1990).

**\*5** The Court has carefully reviewed each of Petitioner's submissions in an effort to discern why he failed to appeal from the denial of postconviction relief. Petitioner has failed to allege any external impediment that prevented him from presenting claims 1 and 2 to the Delaware Supreme Court on appeal from the denial of his Rule 61 motion. Indeed, he has failed to provide the Court with any explanation for this procedural default. Under these circumstances, the Court cannot find cause to excuse Petitioner's procedural default in his Rule 61

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.))**

proceedings.

The Court has also carefully reviewed Petitioner's submissions in an effort to discern why he failed to raise claim 3 on direct appeal. Petitioner alleges that this procedural default was due to appellate counsel's ineffective assistance. "[C]ounsel's ineffectiveness in failing properly to preserve [a] claim for review in state court" may constitute cause to excuse a procedural default if that ineffectiveness rises to the level of an independent constitutional violation. *Edwards,* 529 U.S. at 451. A procedurally defaulted ineffective assistance claim, however, does not constitute cause. *See id.* at 452-53 (holding that the exhaustion requirement and procedural default rules apply to ineffective assistance claims asserted as cause for the procedural default of another claim). As explained above, Petitioner's claim of ineffective assistance of appellate counsel (claim 2) is procedurally defaulted. This procedurally defaulted claim cannot provide cause for Petitioner's failure to raise claim 3 (or any other claim) on direct appeal.

Because Petitioner has failed to establish cause for procedurally defaulting claims 1, 2, and 3, federal habeas review is barred unless Petitioner demonstrates a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show that it is more likely than not that no reasonable juror would have convicted him. *Werts,* 228 F.3d at 193.

Here, Petitioner asserts repeatedly that he is innocent of theft because the victims still owe him money for the construction work he completed. Under the Delaware theft statute, "A person is guilty of theft when the person takes, exercises control over or obtains property of another person intending to deprive that person of it or appropriate it."Del.Code Ann. tit. 11, § 841. Whether any victim failed to compensate Petitioner in full is irrelevant to the crime of theft as defined by Delaware law. Petitioner has fallen short of demonstrating a reasonable probability that no juror would have convicted him of theft. Because Petitioner cannot show that a miscarriage of justice has occurred, the

Court concludes that claims 1, 2, and 3 are procedurally barred from federal habeas review.

### B. Claim 4

Petitioner's final claim is that the admission into evidence of his prior misconduct was irrelevant and unduly prejudiced his right to a fair trial. From Petitioner's submissions, it is not entirely clear whether this claim rests solely on Delaware's evidentiary rules, or whether it asserts a violation of Petitioner's constitutional right to due process. A very liberal reading of this claim suggests that Petitioner attempts to allege violations of both state and federal law.

**\*6** To the extent this claim rests on state law, it is not cognizable in this habeas proceeding. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Riley v. Harris,* 277 F.3d 261, 310 n. 8 (3d Cir.2001). Thus, to the extent Petitioner alleges a violation of Delaware's rules of evidence, the Court concludes that claim 4 is not cognizable in this proceeding.

To the extent Petitioner alleges that the admission of his prior misconduct violated his constitutional right to due process, the Court must determine whether this claim was fairly presented as a federal claim to the state courts. According to the United States Supreme Court, "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."*Duncan v. Henry,* 513 U.S. 364, 366 (1995). A federal due process claim based on a state court's evidentiary ruling has not been fairly presented unless the state court has been "alerted to the fact that the prisoner[ ][is] asserting claims under the United States Con-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                            Page 6
Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.))**

stitution."*Id.* at 365-66.

The Court has reviewed Petitioner's briefs submitted to the Delaware Supreme Court on direct appeal. (D.I.24.) The Court is unable to locate a single reference to the Constitution or any other federal law, or a single citation to a case interpreting any federal constitutional provision. Rather, Petitioner's argument on direct appeal relies solely on state statutes and evidentiary rules, as well as cases from the Delaware courts interpreting those state laws. The Court simply cannot conclude that Petitioner fairly presented a federal due process claim to the Delaware Supreme Court.

Because Petitioner did not present a federal due process claim to the Delaware Supreme Court, the Court must determine whether he is now procedurally barred from doing so. As described above, failure to present a claim on direct appeal generally is treated as a procedural default under Rule 61(i)(3). The Court can discern no impediment that prevented Petitioner from arguing on direct appeal that the trial court's evidentiary ruling deprived him of his constitutional right to due process. The only explanation Petitioner offers is appellate counsel's ineffective assistance. For the reasons stated above, a procedurally defaulted claim of ineffective assistance cannot constitute cause for excusing Petitioner's procedural default. Petitioner has also failed to demonstrate his actual innocence, as explained by the Court previously. Because the Court cannot excuse Petitioner's failure to present a constitutional due process claim on direct appeal, the Court therefore concludes that Petitioner's due process claim is procedurally barred.

C. Requests to Amend Petition

*7 Shortly after filing his Petition, Petitioner filed three documents designated as "amendments" to his Petition. (D.I. 5, 6, and 10.) Two of these documents were docketed as requests to amend the Petition. (D.I. 6 and 10.) These "amendments" appear to be copies of documents in support of his claims.

The first, for example, consists of portions of the record of his Rule 61 proceedings in the Superior Court. (D.I.5.) The second consists of a motion for judgment of acquittal, and related documents, submitted to the trial court. (D.I.6.) The third is a copy of the Superior Court's order denying postconviction relief with Petitioner's handwritten notation on the back. (D.I.10.) In none of these documents does Petitioner propose any specific amendments to his Petition.

Although docketed as requests to amend the Petition, the Court finds that these documents are actually documents in support of his claims, not amendments to his Petition. The Court has read and considered each of these documents in rendering its decision, and will include these documents as part of the record in this case. Accordingly, the Court will grant Petitioner's requests to amend the Petition to the extent that they seek to supplement the record in this case.

D. Motions for Appointment of Counsel

Additionally, Petitioner has filed two motions requesting that the Court appoint counsel to represent him in this matter. (D.I. 26 and 27.) It is well established that Petitioner has no Sixth Amendment right to counsel in this habeas proceeding. *See* *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). A district court, however, may appoint counsel to represent an indigent habeas petitioner "if the interest of justice so requires." Rule 8(c) of the Rules Governing Section 2254 Cases.

For the reasons stated, the Court has determined that Petition's claims are procedurally barred from federal habeas review. Accordingly, his motions for appointment of counsel will be denied as moot.

E. Certificate of Appealability

Finally, the Court must determine whether a certi-

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.))

ficate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right."28 U.S.C. § 2253(c)(2).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)."Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."*Id.*

**\*8** Here, Petitioner's claims are procedurally barred from federal habeas review. The Court is persuaded that reasonable jurists would not debate otherwise. Because the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Jerry Kendall. The Court will grant Petitioner's requests to amend the Petition to the extent they seek to supplement the record in this case, and will deny his motions to appoint counsel. The Court will not issue a certificate of appealability.

An appropriate Order will be entered.

*ORDER*

At Wilmington, this 26th day of March 2002, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Jerry Kendall's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2) is DISMISSED, and the relief requested therein is DENIED.

2. Petitioner's Requests to Amend Petition (D.I. 6 and 10) are treated as requests to supplement the record, and so treated, are GRANTED.

3. Petitioner's Motions for Appointment of Counsel (D.I. 26 and 27) are DENIED as moot.

4. The Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

D.Del.,2002.
Kendall v. Attorney General of Delaware
Not Reported in F.Supp.2d, 2002 WL 531221 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.                                                        Page 1
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp., 1996 WL 534877 (D.Del.))**

Kennedy v. Richard Kearney
D.Del.,1996.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
John B. KENNEDY, Jr., Petitioner,
v.
Richard KEARNEY, Warden, Sussex Correctional
Institution and M. Jane Brady, Attorney General of
the State of Delaware, Respondents.
**Civ. A. No. 95-613-SLR.**

Sept. 11, 1996.

John B. Kennedy, Jr., petitioner, *pro se.*
Timothy J. Donovan, Jr., Esquire, Deputy Attorney
General, Delaware Department of Justice, Wilmington, Delaware, attorney for respondents.

MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

I. INTRODUCTION

*1 On January 9, 1992, petitioner was sentenced to
a twenty year term of imprisonment after pleading
guilty to one count of first degree unlawful sexual
intercourse. In his application for federal habeas
corpus relief, presently pending before this court,
he claims that his plea was not intelligently and
voluntarily made and that the assistance he received
from counsel was constitutionally deficient. Respondents have filed their answer, claiming that petitioner's claims are barred by his unexcused procedural default in presenting his claims to the state
courts. For the reasons discussed below, the court
will deny the requested relief and dismiss the petition.

II. BACKGROUND

In May 1991, a grand jury indicted petitioner on
nine separate felony counts related to the sexual

molestation of petitioner's daughter over a period of
three years. (D.I. 3 at Ex. C) Petitioner appeared in
Superior Court on January 9, 1992, for the purpose
of pleading guilty to one of the counts of the indictment. In exchange for petitioner's guilty plea, the
State agreed to dismiss the other felony counts as
well as charges of lewdness, indecent exposure, assault, and endangering the welfare of a child which
were pending against petitioner in Family Court.
(D.I. 3 at Ex. A3)

Before the plea colloquy began, petitioner's counsel
notified the court that, due to petitioner's illiteracy,
counsel had filled out the relevant forms for petitioner and had explained them to him. (D.I. 3 at Ex.
A3-A4) In response to the court's questions, petitioner indicated that he wished to enter a guilty
plea, that he understood the consequences of waiving a jury trial, and that he was aware of the range
of penalties he could receive. (D.I. 3 at Ex. A4-A7)
Petitioner stated, regarding his attorney, "He explained everything to me, went over everything.... 
He read everything over with me and my wife, went
over everything real good, so I understand what I
was doing." (D.I. 3 at Ex. A5-A6) Based on petitioner's responses, the court stated its finding that
petitioner's plea was "knowingly, intelligently and
voluntarily made." (D.I. 3 at Ex. A10) The court
sentenced petitioner to a twenty-year term of incarceration, fifteen of which were to be mandatory.
(D.I. 3 at Ex. A13)

In November 1994, petitioner filed a Rule 61 postconviction motion, in which he claimed that his
representation by counsel had been deficient, that
his guilty plea was defective, and that the warrant
for his arrest had been based on false information.
(D.I. 3 at Ex. D) The Superior Court denied the motion on the merits. (D.I. 3 at Ex. E) Petitioner did
not appeal.

Petitioner filed a second Rule 61 motion in Superior Court on January 17, 1995. (D.I. 3 at Ex. D) In
that motion, petitioner restated the grounds he had

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp., 1996 WL 534877 (D.Del.))**

raised in his first motion for postconviction relief. The court denied the motion on procedural grounds, pursuant to Rule 61(i)(4), which provides:

Any ground for relief that was formerly adjudicated, whether in the proceeding leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

*2 Because each of petitioner's claims had been adjudicated in his previous Rule 61 motion, the court denied the second motion. (D.I. 3 at Ex. E) Petitioner appealed, and the Delaware Supreme Court affirmed. *Kennedy v. State,* No. 39, 1995 (Del. July 25, 1995).

III. DISCUSSION

A. Exhaustion Requirement

Before the court can review petitioner's claims, the court must ascertain whether petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b). In making this determination, the court should inquire as to whether there is an "absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must have raised in the state courts the factual and legal premises of the claims for relief he asserts in the federal proceeding. *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986).

"It is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." The claim must be substantially equivalent to that litigated in the state court. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court.

*O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987) (citations omitted).

In the petition presently before the court, plaintiff has presented two grounds for relief: 1) ineffective assistance of counsel; and 2) a defective guilty plea. Petitioner has previously raised precisely the same claims before the state courts. His state remedies, therefore, are exhausted.

B. Procedural Default

The Delaware Supreme Court did not have an opportunity to rule on the merits of petitioner's claims because he failed to appeal the Superior Court's denial of his first postconviction motion. Petitioner's second postconviction motion was denied on procedural grounds. When petitioner appealed the denial of the second motion, the Delaware Supreme Court was barred from reaching the merits by Rule 61(i)(4).

Allowing applicants for federal habeas corpus relief to proceed in federal court where, as here, their own default is responsible for the absence of available state remedies would undermine the principles of comity and federalism that underlie the exhaustion requirement. *Coleman v. Thompson,* 501 U.S. 722 (1991). The United States Supreme Court has held that a state court ruling resting on an independent and adequate state procedural ground will bar federal review absent a showing of cause for and prejudice from the default. *Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977). The state courts' application of Rule 61(i)'s procedural default provision is a "plain statement" under *Harris v. Reed,* 489 U.S. 255 (1989), that the state court decisions rest on independent state grounds. Rule 61(i)(4) and similar rules in other states have also been held adequate to bar federal review under *Wainwright. See Bond v. Fulcomer,* 864 F.2d 306 (3d Cir.1989); *Beatty v. Patton,* 700 F.2d 110, 112-13 (3d Cir.1983); *Woodlin v. Snyder,* C.A. No. 95-138-JJF (D.Del. June 16, 1995).

*3 Because the state courts based their denial of petitioner's postconviction motion on an independent and adequate state procedural ground, this court

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp., 1996 WL 534877 (D.Del.))**

Page 3

may not consider the merits of petitioner's ineffective assistance of counsel claim unless he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims[ ] will result in the fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him...." *Id.* at 753,*citing Murray v. Carrier,* 477 U.S. 478, 488 (1986) (emphasis in original).

Petitioner seeks to explain his failure to appeal the denial of his first postconviction motion by stating that the trial court refused to supply him with a free transcript "to verify facts." (D.I. 2) As a result, petitioner contends, the Superior Court dismissed his motion in a summary fashion without benefit of the record of petitioner's plea. Petitioner does not explain why the lack of a transcript, while not deterring him from filing a Rule 61 motion in Superior Court, would prevent him from appealing the denial of that motion. As respondents point out, if petitioner believed that the decision to deny him the transcript was erroneous, or that the lack of a transcript caused the wrongful dismissal of his postconviction motion, he had all the more reason to file an appeal. Petitioner's explanation, therefore, does not constitute cause. Because petitioner has failed to show cause for his default, it is not necessary for this court to address the issue of prejudice.

Petitioner also contends that the state courts should have excused his procedural default "in the interest of justice," and that their failure to do so constitutes a "substantial miscarriage of justice." (D.I. 10) Where a petitioner has defaulted his state remedies and has not demonstrated cause and prejudice, a federal court may entertain a petition for habeas corpus only if the petitioner makes a showing of "actual innocence." *Sawyer v. Whitley,* 112 S.Ct. 2514, 2519 (1992); *Murray,* 477 U.S. at 496. Petitioner has made no claim that he is actually inno-

cent, and has articulated no facts that would support such a claim. His procedural default, therefore, is not excused.

IV. CONCLUSION

For the reasons set forth above, the court will dismiss the application for habeas corpus relief and deny the writ of habeas corpus. An appropriate order will be entered.

D.Del.,1996.
Kennedy v. Richard Kearney
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



587 A.2d 454                                                              Page 1
587 A.2d 454, 1991 WL 28885 (Del.Supr.)
**(Cite as: 587 A.2d 454, 1991 WL 28885 (Del.Supr.))**

Lundy-Bey v. State
Del.,1991.
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Kenneth L. LUNDY-BEY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
**No. 38,1991.**

Submitted: Feb. 4, 1991.
Decided: Feb. 14, 1991.

Superior Court, Sussex County.

AFFIRMED.

Before HORSEY, MOORE and WALSH, Justices.

*ORDER*

MOORE, Justice.
*1 This 14th day of February, 1991, it appearing that:

1) Pursuant to Supreme Court Rule 25(a), the State has moved to affirm a judgment of the Superior Court denying Lundy-Bey's post-conviction relief petition under Superior Court Criminal Rule 61(i)(4) ("Rule 61(i)(4)"). The State contends that the issues raised in Lundy-Bey's opening brief are clearly controlled by settled Delaware law and the Superior Court did not abuse its discretion by denying appellant's petition. We agree.

2) On October 9, 1986, Lundy-Bey pled guilty as part of a plea bargain agreement to the charges of Attempted Murder, First Degree Kidnapping, and Possession of a Deadly Weapon During the Commission of a Felony. The trial court sentenced

Lundy-Bey to two statutorily mandated life terms plus three years.

3) In September, 1989, Lundy-Bey applied to the Superior Court for post-conviction relief claiming constitutionally ineffective assistance of counsel at his plea hearing and challenging the length of his sentences. The trial court denied Lundy-Bey's petition after carefully examining the record and the allegations raised in his application. *See In re Lundy-Bey,* Del.Super., Cr.A. Nos. S86-04-0195, 0196, 0199, Lee, J. (October 31, 1989) (Letter Op.).

4) Lundy-Bey subsequently appealed the trial court's decision to deny his post-conviction relief petition to this Court. The Court dismissed his appeal after Lundy-Bey failed to timely file an opening brief in support of his claim. *See Lundy-Bey v. State,* Del.Supr., No. 477, 1989, Christie, C.J. (March 14, 1990) (ORDER).

5) On December 20, 1990, Lundy-Bey filed another appeal to this Court directly challenging his October 9, 1986 sentencing. The Court again rejected his claim as untimely. *See Lundy-Bey v. State,* Del.Supr., No. 406, 1990, Christie, C.J. (Jan. 8, 1991) (ORDER).

6) In January, 1991, Lundy-Bey filed a second post-conviction relief petition with the Superior Court restating the claims he raised in his first petition. The lower court summarily rejected Lundy-Bey's application pursuant to Rule 61(i)(4) which procedurally bars a petitioner from asserting "[a]ny ground for relief that was formally adjudicated ... in a post-conviction proceeding ... unless reconsideration of the claim is warranted in the interests of justice." *See In re Lundy-Bey,* Del.Super., Cr.A. Nos. S86-04-0195, 0196, 0199, Lee, J. (Jan. 18, 1991) (Letter Op.).

7) We find, after carefully reviewing the record, that the trial court did not abuse its discretion in rejecting Lundy-Bey's second post-conviction relief

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

587 A.2d 454
587 A.2d 454, 1991 WL 28885 (Del.Supr.)
**(Cite as: 587 A.2d 454, 1991 WL 28885 (Del.Supr.))**

Page 2

petition. Lundy-Bey raised virtually identical claims in both of his applications. His current claim is therefore barred unless reconsideration of his petition is necessary "in the interests of justice." *See Younger v. State,* Del.Supr., 580 A.2d 552, 556 (1990).

Lundy-Bey does not raise any arguments which would even tend to support a finding that his claims merit review in the "interest of justice." To the contrary, the record clearly indicates that Lundy-Bey had previously initiated appellate review of his first post-conviction claims and later knowingly abandoned his appeal after this Court supplied him with sufficient notice and warning. There is now no reason to permit Lundy-Bey to again avail himself of appellate review "in the interest of justice" merely because he presents a new timely appeal of previously adjudicated claims. *See, e.g., Riley v. State,* Del.Supr., No. 200, 1988, Horsey, J., slip op. at 5 (Dec. 21, 1990); *Nicholson v. State,* Del.Supr., No. 264, 1990, Moore, J. (Oct. 3, 1990) (ORDER).

**\*2** 8) Accordingly, it is manifest on the face of the appellant's opening brief that his appeal is without merit. The issues on appeal are clearly controlled by Delaware law and there was no abuse of discretion by the trial judge.

NOW, THEREFORE, IT IS ORDERED that the State's Motion to Affirm be, and the same hereby is, GRANTED. The judgment of the Superior Court is,

AFFIRMED.

Del.,1991.
Lundy-Bey v. State
587 A.2d 454, 1991 WL 28885 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2283595 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2004 WL 2283595 (D.Del.))

Page 1

Qualls v. Williams
D.Del.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Luther QUALLS, Petitioner,
v.
Raphael WILLIAMS, Warden, Respondent.
**No. Civ.A. 02-1257-KAJ.**

Sept. 29, 2004.

Luther Qualls. Petitioner, pro se.
Loren C. Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

MEMORANDUM OPINION

JORDAN, J.

I. INTRODUCTION

*1 Petitioner Luther Qualls is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Qualls' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2; D.I. 7; D.I. 19.) For the reasons that follow, I will dismiss Qualls' § 2254 petition.

II. FACTUAL AND PROCEDURAL BACK-GROUND

In July 2000, a Delaware Superior Court grand jury indictment charged Qualls with aggravated menacing, attempted second degree assault, possession of a deadly weapon during the commission of a felony, two counts of third degree unlawful sexual contact, and resisting arrest. These charges stemmed from an altercation occurring on June 3, 2000 at a restaurant/bar located in Wilmington, Delaware.

In January 2001, a Delaware Superior Court jury convicted Qualls of aggravated menacing, the weapons offense, and resisting arrest. The Superior Court judge dismissed one count of unlawful sexual contact, and the prosecution entered a *nolle prosequi* on the attempted assault charge and the remaining count of unlawful sexual contact. In April 2001, the Superior Court sentenced Qualls to 26 years imprisonment, suspended after 7 1/2 years, for a total of 14 3/4 years at a halfway house and on probation. The Delaware Supreme Court affirmed the convictions and sentence on direct appeal. *Ryons v. State,* No.190,2001 (Del. Oct. 17, 2001).

In January 2002, Qualls filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61.[FN1] He alleged: (1) various ineffective assistance of counsel claims; (2) the Superior Court erred in denying his motion to dismiss counsel; (3) the jury was racially biased and he was prevented from taking part in the jury selection process; (4) various evidentiary errors; and (5) prosecutorial misconduct. (D.I. 18, Rule 61 Motion in *State v. Ryons (aka Qualls),* filed Jan. 14, 2002). The Superior Court summarily dismissed the claims alleging trial errors as barred by Delaware Superior Court Rule 61(d)(4) because he should have raised these claims during his direct appeal. (D.I. 18, *State v. Ryons,* ID# :0006002195, Order (Del.Super.Ct. Jan. 30, 2002)). However, the Superior Court ordered trial counsel to answer the ineffective assistance of counsel allegations. *Id.* On March 11, 2002, the Superior Court issued a Final Order dismissing the entire Rule 61 motion, finding that Qualls' trial counsel had provided effective assistance of counsel. (D.I. 18, *State v. Ryons,* ID# :0006002195, Final Order (Del.Super.Ct. Mar. 11, 2002)). Qualls did not appeal.

> FN1. Qualls filed a Rule 61 motion in April 2001, while his appeal was pending. The Superior Court denied the motion without prejudice, holding that the pendency of Qualls' direct appeal divested it of jurisdiction.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2283595 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2004 WL 2283595 (D.Del.))

Page 2

In June and July of 2002, Qualls filed an initial § 2254 petition and a second petition in this Court. (D.I. 2; D.I. 3.) After the State filed its Answer, (D.I.16.), Qualls filed an amended petition. (D.I.19.) The State filed an Answer to the Amended Petition, (D.I.25.), and Qualls filed a "Motion of Opposition to Respondent [sic] Answer."FN2 (D.I.28.)

> FN2. Because Qualls' "Motion in Opposition" is really a Traverse, I will refer to it as a Traverse rather than as a motion.

*2 Quall's § 2254 petition is now ready for review.

III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."28 U.S.C. § 2254(a). When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner raised the issue on direct appeal in the correct procedural manner, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts.*Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are still considered to be procedurally defaulted. *Lines,* 208 F.3d at 160. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."*Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2283595 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2004 WL 2283595 (D.Del.))

substantial disadvantage, infecting his entire trial with error of constitutional dimensions."*Id.* at 494.

**\*3** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent."*Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

## IV. DISCUSSION

Qualls filed an initial § 2254 petition, (D.I.2.), a second petition, (D.I.3.), and an amended petition. (D.I.19.) The State correctly asserts that the amended petition merely supplements the claims raised in Qualls' two previous petitions. (D.I.25.) Viewed together, these petitions allege six claims: (1) the prosecution failed to disclose all favorable evidence to Qualls, constituting prosecutorial misconduct and violating Qualls' due process and equal protection rights; (2) Qualls' trial counsel provided ineffective assistance by failing to object to inadmissible evidence, by failing to argue on the basis of the Delaware Rules of Evidence and other rules of law, and by failing to conduct a DNA investigation; (3) Qualls' conviction is illegal because the grand or petit jury was unconstitutionally selected and impaneled; (4) Qualls' conviction is illegal because the Delaware police officers never tagged all articles as evidence, thereby violating his due process rights; (5) the Superior Court violated Qualls' constitutional rights by refusing to appoint new trial counsel; and (6) his punishment for an offense for which he was acquitted constitutes a double jeopardy violation.

The State correctly asserts that Qualls has not exhausted state remedies. Qualls raised the same claims he asserts in his § 2254 petition to the Delaware Superior Court in his Rule 61 motion, but he never appealed the Superior Court's denial of the motion to the Delaware Supreme Court. His failure to exhaust state remedies is excused, however, because state procedural rules would prevent him from pursuing further state court relief. *See Coleman,* 501 U.S. at 750;*Lines,* 208 F.3d at 160. First, any attempt now to file an appeal with the Delaware Supreme Court would be dismissed as untimely. *See* Del.Supr. Ct. R. 6(a)(iii) (A notice of appeal must be filed within thirty days after entry of an order denying post-conviction relief); *Carr v. State,* 554 A.2d 778, 779 (Del.1989) (Failure to file a notice of appeal within the thirty-day time limit deprives the Delaware Supreme Court of jurisdiction to hear the appeal). Second, because Qualls raised these claims in his 2002 Rule 61 motion, he cannot now assert these claims in a new Rule 61 motion to the Delaware Superior Court in an effort to appeal from the resulting decision. *See* Del.Super. Ct.Crim. Rule 61(i)(4)(preventing further state review of claims formerly adjudicated); *Kendall v. Attorney General of Delaware,* 2002 WL 531221, at \*4 (D.Del. Mar. 26, 2002).

**\*4** Although Qualls' failure to exhaust state remedies is excused, these claims are still procedurally defaulted. Consequently, federal habeas review is foreclosed unless Qualls establishes cause for his procedural default and prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to hear the claims. *See Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Harris,* 489 U.S. at 262;*Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

In his Traverse, Qualls contends that he did not deliberately bypass state procedural rules when he failed to appeal the Superior Court denial of his Rule 61 motion. Rather, he blames his procedural

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2283595 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2004 WL 2283595 (D.Del.))

Page 4

default on his lack of legal knowledge and misinformation given to him by the prison paralegal. (D.I. 28 at ¶ 2.) To the extent these assertions are his attempt to establish cause for his default, they fail. "Generally, 'cause' cannot be based on the mere inadvertence of the petitioner or the petitioner's counsel to take an appeal."*Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir.2002). Qualls' failure to demonstrate cause obviates any need to reach the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

Finally, even though Qualls contends that he is innocent, his conclusory statement fails to satisfy the miscarriage of justice exception to the procedural default doctrine. (D.I. 28 at ¶¶ 3, "Conclusion"). In order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."*Hubbard v. Pinchak,* 378 F.3d 333, 339-40 (3d Cir.2004). Here, Qualls does not present any new evidence; rather, his Traverse merely reasserts the claims he raised in his § 2254 petitions. Thus, because Qualls has failed to provide any reason to excuse his procedural default, I will dismiss his § 2254 petition as procedurally barred.

## V. CERTIFICATE OF APPEALABILITY

Finally, I must decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."*Id.*

*5 I conclude that Qualls' habeas petition must be dismissed as procedurally barred. Reasonable jurists would not find this conclusion to be unreasonable. Thus, I will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Qualls' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate Order shall issue.

## ORDER

At Wilmington, this 29 th day of September, 2004, consistent with the Memorandum Opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Luther Qualls' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 2; D.I. 7; D.I. 19.)

2. The Court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2004.
Qualls v. Williams
Not Reported in F.Supp.2d, 2004 WL 2283595 (D.Del.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Washington v. State
Del.,1994.
(The decision of the Court is referenced in the At-
lantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
Stanley E. WASHINGTON a/k/a Stanley E.
Shabazz, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 150, 1994.**

Submitted: July 26, 1994.
Decided: Oct. 6, 1994.

Court Below: Superior Court of the State of
Delaware, in and for New Castle County, Cr.A. No.
IN91-05-0797R3.
Superior Court, New Castle County

AFFIRMED.

Before WALSH, HOLLAND, and HARTNETT, JJ.

*ORDER*

HARTNETT, Justice.
*1 This 6th day of October, 1994, upon considera-
tion of the Opening Brief and Appendix of Stanley
E. Washington (the Appellant and Defendant Be-
low), the Motion To Affirm pursuant to Supreme
Court Rule 25(a) of the State (Appellee and
Plaintiff Below), it appears to the Court that:

(1) It is manifest on the face of Washington's open-
ing brief and appendix that the appeal is without
merit and the judgment of conviction in the Superi-
or Court must be affirmed.

(2) After a non-jury Superior Court trial, Washing-
ton was convicted of third degree burglary. On dir-
ect appeal this Court affirmed. *Washington v. State,*
Del.Supr., No. 40, 1992, Walsh, J. (Oct. 5, 1992)

(ORDER). Immediately thereafter Washington filed
his first post-conviction motion in which he
claimed ineffective assistance of counsel and a con-
flict of interest in the Office of the Public Defender.
The Superior Court denied the motion. Washington
did not appeal. A month later Washington filed his
second motion in the Superior Court making the
same claims. That motion was denied and Washing-
ton did not appeal. He then filed a motion for a new
trial, a motion for correction of sentence, and mo-
tion for reduction of sentence in the Superior Court.
Those motions were denied and again Washington
did not appeal. In April 1994 Washington filed his
third motion for post-conviction relief, again claim-
ing counsel was ineffective and had a conflict of in-
terest. In his third motion, Washington conceded
that in "two post-conviction motion(s) and *habeas
corpus,* [he presented] the same issues presented in
this application." The Superior Court found that the
claims were the same as presented in his earlier mo-
tions and summarily denied the motion as having
been previously adjudicated. Super.Ct.Crim.R.
61(i)(4). That decision is manifestly correct.

(3) In reviewing motions for post-conviction relief,
the Superior Court applies the rules governing pro-
cedure before considering the merits of the underly-
ing claim for post-conviction relief. *Bailey v. State,*
Del.Supr., 588 A.2d 1121, 1127 (1991); *Flamer v.
State,* Del.Supr., 585 A.2d 736, 745 (1990); *Young-
er v. State,* Del.Supr., 580 A.2d 552, 554 (1990).
Thus, in order to preserve the integrity of
Delaware's procedural rules, this Court should or-
dinarily not consider the merits of Washington's
post-conviction claims. *Younger v. State,* Del.Supr.,
580 A.2d at 554. *See Harris v. Reed,* 489 U.S. 255
(1989).

(4) Washington's third motion for post-conviction
relief was properly denied by the Superior Court on
procedural grounds. That motion was repetitive. A
defendant must include all of his claims in his first
post-conviction motion. Superior Court Criminal
Rule 61(b)(2). Absent a showing that the considera-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

651 A.2d 788                                                                        Page 2
651 A.2d 788, 1994 WL 590489 (Del.Supr.)
**(Cite as: 651 A.2d 788, 1994 WL 590489 (Del.Supr.))**

tion of a previously denied claim is warranted in the interests of justice, any future motion is barred as repetitive. *Robinson v. State,* Del.Supr., 562 A.2d 1184 (1989); *Younger v. State,* Del.Supr., 580 A.2d at 554-55. Washington has made no showing that the interest of justice justifies consideration of a third post-conviction motion.

**\*2** (5) Washington's latest motion is also barred under Superior Court Criminal Rule 61(i)(4) as having been formerly adjudicated. As Washington has conceded, he has raised the same issues in his earlier two motions. Under settled Delaware law, this attempt to relitigate a issue must be rejected. As this Court has observed, a Delaware court may not revisit an issue previously decided "simply because the claim is refined or restated." *Riley v. State,* Del.Supr., 585 A.2d at 719, 721 (1990). *Accord Younger v. State,* 580 A.2d at 556.

(6) Reconsideration of Washington's claims is therefore barred in this third post-conviction proceeding unless he can demonstrate that it is in the "interests of justice." *Flamer v. State,* 585 A.2d at 748-50. Washington has not made such a showing and the Superior Court therefore properly dismissed the motion.

(7) In the Superior Court, the earlier two decisions established the law of the case. *See Marine v. State,* Del.Supr., 624 A.2d 1181, 1186 (1993); *Bailey v. State,* Del.Supr., 521 A.2d 1069, 1093 (1987). There is no reason to permit Washington to relitigate these issues simply because "he presents a new timely appeal of previously adjudicated claims." *Lundy-Bey v. State,* Del.Supr., No. 38, 1991, Moore, J. (Feb. 14, 1991) (ORDER).

(8) It is therefore manifest on the face of Washington's opening brief and appendix that his appeal is without merit because it is procedurally barred, the issues on appeal are clearly controlled by settled Delaware law, and the decision of the Superior Court is free of any error of law.

NOW, THEREFORE, IT IS ORDERED, pursuant

to Supreme Court Rule 25(a), that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

APPENDIX

EXHIBIT A

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Stanley E. Washington, Defendant Below, Appellant

v.

State of Delaware, Plaintiff Below, Appellee.

No. 40, 1992

Court Below: Superior Court of the State of Delaware in and for New Castle County Cr.A. No. IN91-05-0797

Submitted: September 9, 1992

Decided: October 5, 1992

Before VEASEY, Chief Justice, MOORE, and WALSH, Justices.

*ORDER*

This 5th day of October, 1992, upon consideration of the briefs of the parties, it appears to the Court that:

(1)    The    appellant,    Stanley    Washington

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

651 A.2d 788
651 A.2d 788, 1994 WL 590489 (Del.Supr.)
**(Cite as: 651 A.2d 788, 1994 WL 590489 (Del.Supr.))**

Page 3

("Washington"), appeals his Superior Court conviction of Burglary Third Degree. In this appeal defendant asserts three claims of error: (1) that the evidence presented was insufficient to support conviction on the Burglary Third Degree charge; (2) that conviction of the defendant on the Burglary Third Degree charge and acquittal on the Theft charge is legally inconsistent; and (3) that conviction of the defendant on the Burglary Third Degree charge was the result of ineffective assistance of counsel. After careful review of each of these claims, we find them to be without merit and affirm the defendant's conviction.

**\*3** (2) At trial, the State presented evidence that Washington was discovered by police inside a sandwich shop located at Fourteenth and King Streets in Wilmington at approximately 3:30 a.m. on May 5, 1991. Washington was observed placing items into or taking items out of a box located in the center of the shop. The box was examined by the police and found to contain foodstuffs from the sandwich shop.

Washington argues that the State failed to present sufficient evidence of his intent to commit theft in the sandwich shop. When a defendant argues that evidence is insufficient to support a guilty verdict, it is necessary to determine whether, when viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Skinner v. State,* Del.Supr., 575 A.2d 1108, 1121 (1990). It is undisputed that Washington was inside the darkened shop at 3:30 a.m., when the shop was closed for business, and that Washington was observed reaching into one of the cartons containing foodstuffs. The evidence suggests that Washington was collecting various food items and placing them in the cartons in the center of the store. Clearly, a rational trier of fact could conclude that Washington entered the sandwich shop with the intent to steal.

(3) Defendant next alleges that the verdict convicting him of Burglary Third Degree and acquitting

him of Theft is legally inconsistent. Only when the elements of separate counts are identical may different verdicts be legally inconsistent. *Alston v. State,* Del.Supr., 410 A.2d 1019, 1020 (1980). In this case, the counts of burglary and theft are based on different statutes with different elements. *Compare* 11 *Del.C.* § 824 (Burglary Third Degree) *and* 11 *Del.C.* § 841 (Theft). The crime of burglary does not require an actual theft of property, but merely knowingly entering or remaining unlawfully in a building with the intent to commit a crime therein. 11 *Del.C.* § 824. However, theft requires that a person take or exercise control over the property of another. 11 *Del.C.* § 841. The extent of Washington's control over the property in the box is at least arguable. Apparently the Trial Judge, sitting without a jury, viewed the evidence as raising a reasonable doubt to that element of the crime of Theft. Thus, the Trial Judge concluded that Washington was not guilty of Theft, but further concluded the evidence was sufficient to convict Washington of Burglary Third Degree.

(4) Finally, defendant claims that his conviction of Burglary Third Degree is the result of ineffective assistance of counsel. A claim for ineffective assistance of counsel will not be considered by this Court on direct appeal unless the claim was adequately raised in the court below. *Wright v. State,* Del.Supr., 513 A.2d 1310, 1315 (1986). A claim of ineffective assistance of counsel may be raised in a motion for postconviction relief under Superior Court Criminal Rule 61 in which the defendant must not only show that defense counsel's performance was deficient but also that the defendant was prejudiced by this performance. It is clear from the record that this issue was not properly raised at the trial level and therefore will not be considered in the first instance on direct appeal.

**\*4** NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

651 A.2d 788                                                                      Page 4
651 A.2d 788, 1994 WL 590489 (Del.Supr.)
**(Cite as: 651 A.2d 788, 1994 WL 590489 (Del.Supr.))**

----BY THE COURT:

----/s/ Joseph T. Walsh

----Justice

EXHIBIT B

IN THE SUPREME COURT OF THE STATE OF
DELAWARE

Kenneth L. Lundy-Bey, Defendant Below, Appel-
lant,

v.

State of Delaware, Plaintiff Below, Appellee.

No. 38, 1991

Court Below: Superior Court of the State of
Delaware in and for Sussex County Cr.A. Nos.
S86-04-0195 thru 0199

Submitted: February 4, 1991

Decided: February 14, 1991

Before HORSEY, MOORE and WALSH, Justices.

*ORDER*

This 14th day of February, 1991, it appearing that:

1) Pursuant to Supreme Court Rule 25(a), the State
has moved to affirm a judgment of the Superior
Court denying Lundy-Bey's post-conviction relief
petition under Superior Court Criminal Rule
61(i)(4) ("Rule 61(i)(4)"). The State contends that
the issues raised in Lundy-Bey's opening brief are

clearly controlled by settled Delaware law and the
Superior Court did not abuse its discretion by deny-
ing appellant's petition. We agree.

2) On October 9, 1986, Lundy-Bey pled guilty as
part of a plea bargain agreement to the charges of
Attempted Murder, First Degree Kidnapping, and
Possession of a Deadly Weapon During the Com-
mission of a Felony. The trial court sentenced
Lundy-Bey to two statutorily mandated life terms
plus three years.

3) In September, 1989, Lundy-Bey applied to the
Superior Court for post-conviction relief claiming
constitutionally ineffective assistance of counsel at
his plea hearing and challenging the length of his
sentences. The trial court denied Lundy-Bey's peti-
tion after carefully examining the record and the
allegations raised in his application. *See In re Lundy-
Bey,* Del.Super., Cr.A. Nos. S86-04-0195, 0196,
0199, Lee, J. (October 31, 1989) (Letter Op.).

4) Lundy-Bey subsequently appealed the trial
court's decision to deny his post-conviction relief
petition to this Court. The Court dismissed his ap-
peal after Lundy-Bey failed to timely file an open-
ing brief in support of his claim. *See Lundy-Bey v.
State,* Del.Supr., No. 477, 1989, Christie, C.J.
(March 14, 1990) (ORDER).

5) On December 20, 1990, Lundy-Bey filed another
appeal to this Court directly challenging his Octo-
ber 9, 1986 sentencing. The Court again rejected
his claim as untimely. *See Lundy-Bey v. State,*
Del.Supr., No. 406, 1990, Christie, C.J. (Jan. 8,
1991) (ORDER).

6) In January, 1991, Lundy-Bey filed a second
post-conviction relief petition with the Superior
Court restating the claims he raised in his first peti-
tion. The lower court summarily rejected Lundy-
Bey's application pursuant to Rule 61(i)(4) which
procedurally bars a petitioner from asserting "[a]ny
ground for relief that was formally adjudicated ... in
a post-conviction proceeding ... unless reconsidera-
tion of the claim is warranted in the interests of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

651 A.2d 788                                                              Page 5
651 A.2d 788, 1994 WL 590489 (Del.Supr.)
**(Cite as: 651 A.2d 788, 1994 WL 590489 (Del.Supr.))**

justice." *See In re Lundy-Bey,* Del.Super., Cr.A. Nos. S86-04-0195, 0196, 0199, Lee, J. (Jan. 18, 1991) (Letter Op.).

*5 7) We find, after carefully reviewing the record, that the trial court did not abuse its discretion in rejecting Lundy-Bey's second post-conviction relief petition. Lundy-Bey raised virtually identical claims in both of his applications. His current claim is therefore barred unless reconsideration of his petition is necessary "in the interests of justice." *See Younger v. State,* Del.Supr., 580 A.2d 552, 556 (1990).

Lundy-Bey does not raise any arguments which would even tend to support a finding that his claims merit review in the "interest of justice." To the contrary, the record clearly indicates that Lundy-Bey had previously initiated appellate review of his first post-conviction claims and later knowingly abandoned his appeal after this Court supplied him with sufficient notice and warning. There is now no reason to permit Lundy-Bey to again avail himself of appellate review "in the interest of justice" merely because he presents a new timely appeal of previously adjudicated claims. *See, e.g., Riley v. State,* Del.Supr., No. 200, 1988, Horsey, J., slip op. at 5 (Dec. 21, 1990); *Nicholson v. State,* Del.Supr., No. 264, 1990, Moore, J. (Oct. 3, 1990) (ORDER).

8) Accordingly, it is manifest on the face of the appellant's opening brief that his appeal is without merit. The issues on appeal are clearly controlled by Delaware law and there was no abuse of discretion by the trial judge.

NOW, THEREFORE, IT IS ORDERED that the State's Motion to Affirm be, and the same hereby is, GRANTED. The judgment of the Superior Court is,

AFFIRMED.

----BY THE COURT:

----/s/ Andrew G. Moore, II

----Justice

Del.,1994.
Washington v. State
651 A.2d 788, 1994 WL 590489 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District

Court for the District of Delaware, hereby certifies that on July 14, 2008,

1. He caused two copies of the attached document (Answer) to be

deposited in the United States Mail, first class postage prepaid, addressed to the

following non-registered participant:

Ezeadigo Oduche
No. 107414
York County Prison
3400 Concord Rd.
York, PA 17402

2. He electronically filed the Answer with the Clerk of the District Court

using CM/ECF.

Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us