## IN THE UNITED SDTATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**EZEADIGO ODUCHE**            )
    Petitioner                )
                              )
        V.                    )    Civ. Act. No. 08-125-SLR
**UNITED STATES DEPARTMENT**   )
**OF HOMELAND SECURITY**;      )
**THOMAS H. HOGAN,**Warden,    )
York County Prison; and       )
**ATTORNEY GENERAL OF**        )
**THE STATE OF DELAWARE,**     )        **POR-SE**

FILED

AUG 1 8 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## THE DEFENDANT BRIEF IN  SUPPORT OF A WRIT OF HABEAS CORPUS RELIEF


**TO THE HONORABLE JUDGE OF THE SAID COURT, AND NOW COMES**

**EZEADIGO ODUCHE PRO-SE BEFORE HIS HONORABLE COURT WITH HIS WRIT**

**OF BRIEFING IN SUPPORT OF A WRIT OF HABEAS CORPUS RELIEF**

### LESS STRINGENT STANDARDS

**DEFENDANT EZEADIGO ODUCHE IS A PRO-SE LITIGANT AN IS ENTITLED TO**

**HAVE HIS WRIT OF BRIEFING IN SUPPORT OF POST- CONVICTION RELIEF.**

**AND ASSERTED CLAIMS CONSTRUED LIBERALLY. BECAUSE PRO-SE**

**LITIGANTS ARE HELD TO LESS STRINGENT STANDARDS THAN ATTORNEYS**

**DRAFTING SUCH CLAIMS SEE RICHARDSON V. U.S.193 F.3d 545, 548,(D.C.**

**CIR. 1999) ALSO HANES V. KERNER. 30L. ED.2d. 652,654,(1972) .**

# SUMMARY OF ARGUMENT

PETITIONER  EZEADIGO C. ODUCHE - NWAKAIHE ,RESPECTFULLY

SUBMITS THIS BRIEF IN OPPOSITION TO  OF A WRIT OF HABEAS CORPUS

RELIEFFROM THE ORDER OF THE COURT JUDGE , DATED _MARCH, 30, 2006_

PLEADED OF GUILTY .

## BACKGROUND

PETITIONER WAS ACCUSED, ARRSTED, AND DETAINEDFOR CRIMES I HAD NO

KNOWLEDGE OF. THIS ACT OCCURRED  ON THE EVENING OF NOVEMBER 15,

2005,  WILMINGTON POKICE WAS CALL TO  MR EZEADIGO ODUCHE

RESIDENT IN 300 BLOCK OF WEST 34TH STREET IN RESPONSE TO A

COMPLAINT OF MR ODUCHE HAVE  A GUN. UPON ON ARRIVING AT THE

POLICE DEPARTMENT, I WAS INFORMED THAT I WAS BEING CHARGED WITH

(6) CHARGES. I WAS THEN TAKEN TO THE POLICE STATION, THEN

TRANSPORTED TO CHRISTIAN HOSPITAL. THEN

HELD IN CUSTODY AT GANDER HILL, THEN TO SMYRNA DELAWARE. ON

MARCH 30, 2006, I WAS OFFERED A PLEA WHICH I REJECTED, BECAUSE I

INNOCENT OF THESE CHARGES. MY PUBLIC DEFENDER ADVISED ME TO

ACCEPT THE PLEA THAT WAS OFFERED OR FACE THE MAXIMUM PENALTY. I

GOT SCARED OF THE THOUGHTS OF DOING TIME BECAUSE OF THE STORIES

THAT WAS BEING TOLD IN GANDER HILL AND THE MOVIES THAT I SAW ON

T.V. OF PEOPLE BEING KILLED, RAPED AND STAB TO NAME A FEW. SO WHEN

MY ATTORNEY CAME WITH THIS PLEA AND ADVISE ME TO TAKE IT BECAUSE

ALL THE THINGS I WAS AFRAID OF I WOULD AVOID. I THEN PLEAD GUILTY

AND WAS SENTENCED. I DO ALSO BELIEVE THAT MY COUNSEL WAS

INEFFECTIVE  BECAUSE HE AFFIRMITIVELY MISADVISED ME TO TAKING A

PLEA OF GUILTY TO A CRIME THAT I KEPT TELLING HIM I WAS INNOCENSE

OF. I BELIEVE THAT MY ATTORNEY WAS WORKING FOR THE DISTRICT

ATTORNEY.


# ARGUMENT

**THE STATE ALLEGE THAT THE PETITIONER HABEAS**

**CORPUS RELIEF WAS UNTIMELY FILED**

RESPOND DENIED

**THE FACTS ARE THAT DEFENDANT'S ATTORNEY WAS INEFFECTIVE.**

*(A)THE DEFENDANT ATTORNEY ALLEGES THAT THE DEFENDANT'S PRELIMINARY*

*HEARING WAS, CONTINUED ON TWO OCCASIONS TO ALLOW TIME FOR THE ASSIGNED*

*ATTORNEY TO DETERMINE THE NEED FOR AN INTERPRETER AND IT WAS DETERMINED*

*THAT DEFENDANT SPOKE ENGLISH VERY WELL.*

*RESPONSE: DENIED*

*(B)THE DEFENDANT ATTORNEY ALLEGES THAT (1) AT ON TIME DURING MY*

*REPRESENTATION OF DEFENDANT DID HE EVER SPEAK NIGERIAN (2) ATTORNEY*

*ALLEGES THAT DEFENDANT WAS ADVISED OF THE POSSIBILITY OF DEPORTATION BUT*

*INDICATED HE WAS NOT WORRIED BECAUSE HE WAS NEVER DEPORTED UPON THE RESOLUTION OF CHARGES IN THE PAST,(3) ATTORNEY ALLEGES THAT DEFENDANT KNOWINGLY AND VOLUNTARILY ACCEPT THE GUILTY PLEA.*

*RESPONSE: DENIED*

*THE FACTS ARE MY ATTORNEY WAS INEFFECTIVE, BY NOT FILING AN SUPPRESSION HEARING, FAILURE TO ADVISE ME OF SELF INCRIMINATION,FAILURE TO ADVISE OF DEPORTATION AS A CONSEQUENCE OF CONVICTION, AND INEFFECTIVE ASSSISTANCE OF COUNSEL. ALSO SHE COERCED ME INTO A CONFESSION, WHICH COERCE BY AN ATTORNEY TELLING IS CLIENT THAT HE COULD NOT BEAT HIS CASE AND WILL RECIEVE MANY YEARS IN PRISON IF HE GOES TO TRIAL AND LOSE, MY ATTORNEY ALSO MISADVISED ME INTO TAKING A PLEA I WAS NOT GUILTY OFF.*

**DEFENDANT ODUCHE STATED TO HIS PUBLIC DEFENDER THAT HE WAS INNOCENT OF THESE CHARGES AND WANTED TO GO TRAIL ,AND ALSO PETITIONER WAS ADVISED BY HIS P.D. THAT IF HE DIDN'T TAKE A PLEA ON THESE CHARGES THAT HE WOULD BE FOUND GUILTY AND RECEIVE 30 YEARS IN PRISON , AND  PETITIONER'S ATTORNEY MISADVISED ME INTO TAKING A GUILTY PLEA TO A CRIME HE  WAS INNOCENT OF AND HIS ATTORNEY NEVER ADVISED HIM OF HIS IMMIGRATION CONSEQUENCES.**

**IN ADDITION  TO HIS OWN TESTIMONY ,THE DEFENDANT  STATES**

THAT HIS RIGHTS WAS VIOLATED WHEN HIS  ATTORNEY  COERCED AND

INDUCED HIM INTO TAKING A PLEA HE WAS NOT GUILTY OF THE CHARGE

AND ALSO HE DOES NOT KNOW HOW TO READ OR WRITE ENGLISH WELL AND

AT THE TIME HIS ATTORNEY BROUGTH THE PLEA TO HIM WHICH WAS ON

*MARCH, 30, 2006* THE DEFENDANT TOLD HIS ATTORNEY THAT HE DOESN'T

KNOW HOW TO READ OR WRITE ENGLISH VERY WELL AND HIS ATTORNEY

TOLD HIM THAT HE WOULD HELP HIM READ AND CHECK THE BOX OFF FOR

HIM AND ALL HE NEED TO DO IS SIGNED AT THE BOTTOM OF THE PAGE AND

WHICH HE  DID AS HIS ATTORNEY ADVISE HIM TO DO, WITH HOPE THAT HIS

ATTORNEY WAS MAKE AN PROPER DECISION FOR HIM TO PLEA GUILTY NOT

KNOWING THAT HIS OWN ATTORNEY WAS WORKING FOR THE DISTRICT

ATTORNEY. DEFENDANT AT THAT TIME DIDN'T KNOW THE LAW AND RULES ,

HE SHOULDN'T  BE HELD ACCOUNTABLE FOR THIS ILLEGAL PLEA

AGREEMENT AND DEFENDANT WAS TOLD THAT HE COULD NOT HAVE A

SUPPRESSION HEARING TO SHOW THE DOCTORS REPORT THAT THE

PETITIONER WAS INJURY BY THE  VICTIM'S  WHICH WAS A *BRADY VIOLATION,*

*SEE* *BRADY V. MARYLAND ,373 U.S. 87, 83 S.CT. 1194 ,10 L.Ed. 2d 215 (1963).* THE

UNITED STATES SUPREME COURT HELD "THAT  SUPPRESSION BY THE

PROSECUTOR OF EVIDENCE FAVORABLE TO AN ACCUSED UPON REQUEST

VIOLATES DUE PROCESS WHERE THE EVIDENCE IS MATERIAL EITHER TO

GUILTY OR TO PUNISHMENT, IRRESPECTIVE OF THE GOOD FAITH OR BAD

FAITH OF THE PROSECUTION ," *Id. at 87 . 83 S. CT . at 1196. (FN3)*

FURTHERMORE," *(W)*HEN THE 'RELIABILITY OF A GIVEN WITNESS MAY WELL

BE DETERMINATIVE OF GUILT OR INNOCENCE ,"NONDISCLOSURRE OF

EVIDENCE AFFECTING CREDIBILITY FAILS WITHIN THIS GENERAL RULE

."*GIGLIO V. UNITED STATES ,405 U.S.150 ,154 ,92 S. CT .763 ,31 L .Ed .2d 104 (1972)*

*quoting Napue V. LLLinois ,360 U.S. 264 ,269 79 S, CT .1173 ,1177 ,3L .Ed .2d 1217 (1959).*

THE DEFENDANT BELIEVE HIS ATTORNEY WAS INEFFECTIVE.


DEFENDANT  IS GOING TO REFER TO THE *UNITED STATES V. ALEMAN (417 F.*

*Supp. 117, 120 (S.D. TEX. 1976),* A FEDERAL DISTRICT COURT HELD THAT VA

DEFENDANT DID NOT MAKE A KNOWING AND VOLUNTARY PLEA BECAUSE

THE UNITED STATES MAGISTRATE TOOK THE IN A ROTE AND MECHANICAL

MANNER AND DID NOT TAKE ACCOUNT OF THE DEFENDANT'S LIMITED

PROFICIENCY IN ENGLISH. THE MORE IMPERATIVE TO ENSURE THAT THE

LANGUAGE BARRIER EXISTS, IT IS EVEN MORE IMPERATIVE TO ENSURE

THAT THE DEFENDANT FULLY UNDERSTANDS THE PLEA BARGAINING

PROCESS. *SEE BOYKIN V. ALABAMA, 395* U.S. 238, 242–43 N. 5 (1969) SEE ALSO

SCHOOL RECORD (**DEL TECH)**, WHICH SHOW THAT ENGLISH WAS HIS SECOND

LANGUAGE.

DEFENDANT  EZEADIGO ODUCHE WAS ALSO UNDER THE INFLUENCE OF

SEVERAL DIFFERENT TYPES OF MEDS, INCLUDING PSYCHIATRIC

MEDICATIONS WHEN HE TOOK THIS PLEA THE DEFENDANT WAS NEVER

ADVISED BY HIS P.D. THAT HE WOULD  BE DEPORTED FOR THESE CHARGES

WHEN HE PLEA GUILTY, WHICH DEFENDANT  WAS INNOCENCE OF THESE

CHARGES AND  ALSO TOLD HER THAT   HE DID NOT WANT TO PLEAD GUILTY

TO THE CHARGE OF, HIS LAWYER WAS INEFFECTIVE ON THE GROUNDS

THAT SHE ALLOW ME TO TAKE A PLEA OF GUILTY EVEN THOUGH HE WAS

INNOCENCE OF THE CHARGE , DEFENDANT BELIEVE THERE WERE EVIDENCE

WITHHELD WHICH COULD PROVE HIS INNOCENCE, WHICH WAS NEVER

BROUGHT UP, WHICH WAS A *BRADY VIOLATION* , HIS GUILTY PLEA WAS NOT

VOLUNTARILY AND INTELLIGENTLY MADE. BECAUSE IT WAS MADE AS A

RESULT OF THE PLEA BARGAIN AND THE  PETITIONER CONFESSION WAS

INVOLUNTARY BECAUSE IT WAS MADE AS  A RESULT OF THE PLEA BARGAIN

AND FOR THE PLEA BARGAIN AT BUT INCARCERATION IN THAT SENSE HAS

NEVER BEEN THE TEST OF VOLUNTARIES AND EVERY STATEMENT MADE AS

A RESULT OF A PLEA BARGAIN IS ADMISSIBLE.  CAUSATION, IN SENSE THAT

STATEMENT WOULD NOT HAVE BEEN MADE BUT FOR THE BARGAIN IS NOT

THE TEST OF VOLUNTARIES.


   PETITIONER'S  ATTORNEY NEVER ASKED HIM WAS HE A UNITED STATES

CITIZEN OR DID SHE DO ANY RESEARCH IN HIS CASE OR HIS IMMIGRATION

STATUS. DEFENDANT IS GOING TO REFER TO THE OREGON SUPREME COURT

HAS HELD THAT THE NONCITIZEN "MAY" BE DEPORTED UPON HIS PLEA WAS

NOT AFFIRMATIVE MISADVISE GIVING RISE TO AN INEFFECTIVE

ASSISTANCE OF COUNSEL CLAIM. GONZALEZ V. STATE, 340. OR 452, 134P 3d 955

(2006).

PETITIONER ATTORNEY WAS INEFFECTIVE ON THE GROUND THAT SHE FAILURE TO MOVE FOR SUPPRESSION AND FAILURE TO ADVISE AGAINST OF SELF INCRIMINATION NOR FAILURE TO ADIVSE HIM OF THE POSSIDILITY OF DEPORTATION AS THE RESULT OF HIS CONVICTION, WHICH HE BELIEVE THAE HE DIDN'T RECEIVE INFORMANTION  ODUCHE IS GOING TO REFER TO THE COLORADO SUPREME COURT ADOPTED A SIMILAR  TEST IN *PEOPLE  V. POZO 85  COLO . 319 ( 1987).* HOLDING THAT FAILURE TO ADVISE OF DEPORTATION CONSEQUENCES CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL. SEE ALSO LYONS  V. PEARCE , 694 P .2d 969 (Or .1985) (LYONS I ).

THE OREGON SUPREME COURT HAS HELD THAT THE ADVICE OF CRIMINAL DEFENSE COUNSEL THAT THE NONCITIZEN "MAY" BE DEPORTED UPON HIS PLEA WAS NOT AFFIRMATIVE MISADVISE GIVING RISE TO AN INEFFECTIVE  ASSISTANCE OF COUNSEL CLAIM .*GONZALEZ V. STATE, 340 OR. 452, 134  P.3d 955 (2006)* THE DECISION OVERRULES THE PROIR LOWER APPELLATE COURT OPINION REQUIRING A HEIGHTENED STANDARD OF REPRESENTATION AND FINDING INEFFECTIVE ASSISTANCE OF COUNSEL. THE OREGON SUPREME COURT DID AFFIRM THAT THE STATE CONSTITUTION REQUIRES DEFENSE COUNSEL TO INFORM THE CLIENT THAT DEPORTATION MAY RESULT, BUT REFUSED TO EXTEND THAT PROTECTION TO REQUIRE  WARNINGS THAT DEPORTATION WOULD ALMOST CERTAINLY RESULT UPON HIS PLEA TO  AN AGGRAVATED FELONY OFFENSE. THIS

INFORMATION , ACCORDING TO THE COURT, WAS TOO SPECIFIC TO
AFFIRMATIVELY REQUIRE COUNSEL'S ADVICE. IN ANOTHER NOTEWORTHY
DECISION, THE NEW MEXICO SUPREME COURT HAS HELD THAT A CRIMINAL
DEFENDANT'S ATTORNEY HAS "AN AFFIRMATIVE DUTY TO DETERMINE {THE
DEFENDANT'S IMMIGRATION STATUS AND PROVIDE HIM WITH SPECIFIC
ADVICE REGARDING THE IMPACT A GUILTY PLEA WOULD HAVE ON HIS
IMMIGRATION STATUS. "THE COURT HELD THAT NOT ONLY WOULD
"MISLEADING" ADVICE BE DEFICIENT UNDER  THE FEDERAL STRICKLAND
TEST (INCLUDING ADVICE THAT ONE "COULD" BE DEPORTED WHEN
DEPORTATION FOR AN AGGRAVATED FELONY WOULD BE MOST CERTAIN)
BUT  DICTA ALSO STATED THAT "NONADVICE" WOULD BE DEFICIENT AS
WELL SINCE " THE CONSEQUENCE IS THE SAME; THE DEFENDANT DID NOT
RECEIVED INFORMATION SUFFICIENT TO MAKE AN INFORMED DECISION TO
PLEAD GUILTY. STATE V.PEREDEZ,  101P. 3D 799(2004). THE GEORGIA SUPREME
COURT HAS ALSO HELD THAT AFFIRMATIVE  MISADVISE STATES A
COLORABLE CLAIM  OF INEFFECTIVE ASSISTANCE OF  COUNSEL.  ROLLIN V.
STATE, 591 S.E. 2d 796 (GA. 2004).

IN AN UNPUBLISHED DECISION, A TEXAS APPELLATE COURT HAS FOUND
INEFFECTIVE ASSISTANCE OF COUNSEL FOR AFFIRMATIVELY MISADVISING
THE NONCITIZEN DEFENDANT ABOUT THE IMMIGRATION CONSEQUENCES
OF A CONVICTION.  ROSA V. STATE. 2005 WL 2038175 (TEX, AOO, DALLAS 2005),
PETITION FOR DISCRETIONARY REVIEW REFUSED, (DEC. 14M 2005)
("[M]ISINFORMATION REGARDING A MATTER ABOUT WHICH A DEFENDANT IS NOT

*ENTITLED TO BE INFORMED MAY RENDER A GUILTY PLEA INVOLUNTARY IF THE DEFENDANT SHOWS THAT HIS GUILTY PLEA WAS ACTUALLY INDUCED BY THE MISINFORMATION").*

**AS NOTED BY THE** *D.C. CIRCUIT IN UNITED STATES V. RUSSELL, 686 F.2d 35, 41-42 (D.C. CIR. 1982),* **NONCITIZENS FROM AN EASILY RECOGNIZED GROUP OF DEFENDANTS, SO THAT A CRIMINAL DEFENSE ATTORNEY SHOULD BE ALERTED TO THE NEED TO INVESTIGATE POTENTIAL IMMIGRATION CONSEQUENCES, INCLUDING THE VIABILITY OF SEEKING A JRAD. WHERE IMMIGRATION CONSEQUENCES OF A CRIMINAL CONVICTION INDIRECTLY LENGTHENED THE INCARCERATION DEFENDANT SUFFERED AS A RESULT OF THE CONVICTION, COUNSEL MAY BE HELD TO HAVE RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISINFORMING THE DEFENDANT CONCERNING THE IMMIGRATION CONSEQUENCES.** *STATE V. GARCIA, 320 N.J. SUPER. 332, 727 A. 2d 97 (1999).*

**PETITIONER   ODUCHE IS GOING TO REFER TO THE** *STATE V. GARCIA, 320 N.J. SUPER. 332, 727 A.2D97(1999).* **THE COLORADO SUPREME  COURT ADOPTED SIMILAR TEST IN** *PEOPLE V. POZO, (1987)* **HOLDING THAT FAILURE TO  ADVISED OF DEPORTATION CONSEQUENCES CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL,** *SEE( ALSO LYONS V PEARCE, 694 2D. 969) (LYONS).* **AND ALSO PETITIONER  EZEADIGO ODUCHE  BELIEVE HIS DUE PROCESS REQUIREMENT WAS VIOLATED DUE TO THE FACT THAT THE TRIAL COURT AT THE TIME THE PETITIONER , PLEA WAS ENTERED THE TRIAL COURT FAILED TO ADVISE HIM**

**OF HIS IMMIGRATION CONSEQUENCES AS A RESULT OF THAT PLEA AT THE TIME THE GUILTY WAS ACCEPTED VIOLATED THE DELAWARE CONSTITUTION AND STATE LAWS AND UNITED STATES CONSTITUTION DUE PROCESS REQUIREMENT WHICH VIOLATED DEFENDANT U.S.C.A. CONSTITUTION AMENDS. 5, 14 RIGHT.  SINCE COURTS ARE REQUIRED TO INFORM DEFENDANTS OF MANDATORY SUSPENSION OF DRIVING PRIVILEGES**, *PARRY V. ROSEMEYER, 64 F.3d 110 (3d CIR. 1995) (DIRECT CONSEQUENCES ARE THOSE WHICH HAVE A DEFINITE, IMMEDIATE, AND LARGELY AUTOMATIC EFFECT ON THE RANG OF DEFENDANT'S PUNISHMENT); BARKLEY V. STATE, 724 A.2d 558 (DEL. 1999),* **IT IS DIFFICULT TO SEE THE DIFFICULTY IN HOLDING THEY MUST BE INFORMED OF MANDATORY IMMIGRATION CONSEQUENCES AS WELL. THERE IS AN OPEN ARGUMENT IN SOME CIRCUITS, HOWEVER, THAT THE IMMIGRATION EFFECTS OF A PLEA TO AN AGGRAVATED-FELONY OFFENSE ARE NOT 'COLLATERAL' BECAUSE REMOVAL IS A MANDATORY CONSEQUENCE WHERE THE UNITED STATES AS HELD OUT OF JUST CONSIDERATION THAT A COMMON GROUND AVAILABLE ON WHICH TO ATTACK A GUILTY PLEA IS THAT THE TRIAL COURT'S FAILURE TO EXPLAIN TO THE DEFENDANT THE NATURE OF THE RIGHT TO A JURY TRIAL RENDERED THE WAIVER NOT KNOWING AND INTELLIGENT.** *HENSLEY V. UNITED STATE, 87 F. 3d 181 (9TH CIR. 1995); SEE ALSO JOHNSON  V. ZERBST, 304 U.S. 458 (1938) ( A KNOWING AND INTELLIGENT WAUVER REQUIRES KNOWLEDGE OF THE NATURE OF THE RIGHT WAIVED); UNITED STATES V. LYONS, 898 F.2d 210, 215 (1ST CIR. 1990) (A KNOWING WAIVER REQUIRES THAT A DEFENDANT BE FULLY INFORMED ABOUT THE RIGHT HE OR SHE IS WAIVING).* **THE COURT SHOULD EXPLAIN THE**

NUMBER OF JURORS, WHERE THEY COME FROM, THE PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF, AND HOW MANY VOTES ARE IMPORTANT FOR IMMIGRANTS, WHO MAY HAVE HAD NO PREVIOUS WAY OF KNOWING THESE THINGS, AND HAVE EXPERIENCED A COMPLETELY DIFFERENT LEGAL SYSTEM IN THEIR NATION OF ORIGIN.  A FEDERAL CONVICTION WAS OVERTURNED IN THE NINTH CIRCUIT WHERE THE DEFENDANT'S ATTORNEY TESTIFIED THAT HE HAD PROPERLY TRANSLATED THE JURY TRIAL WAIVER TO THE NONCITIZEN, BUT THERE WAS NO EVIDENCE THAT THE ATTORNEY MET THE QUALIFICATIONS TO BE A COURT-CERTIFIED INTERPRETER. *U.S. V. BAILON-SANTANA, 429 F.3d 1258 (9TH CIR. 2005).* THERE ARE THREE IMMIGRATION-RELATED POST-CONVICTION THEORIES THAT A NONCITIZEN USES TO CHALLENGE A CONVICTION FROM A GUILTY PLEA:  *(1)* THE TRIAL COURT'S FAILURE TO COMPLY WITH STATE STATUTORY ADVISALS THAT REQUIRE A COURT TO ADVISE THE DEFENDANT OF THE IMMIGRATION CONSEQUENCES OF THE PLEA; (2) DEFENSE COUNSEL'S FAILURE TO ADVISE OF COLLATERAL CONSEQUENCES, OR EGREGIOUS CIRCUMSTANCES INVOLVING AFFIRMATIVE MISADVISE BY THE TRIAL COURT OR THE PROSECUTOR REGARDING SUCH CONSEQUENCES; (3) DEFENSE COUNSEL'S FAILURE TO ADVISE A NONCITIZEN DEFENDANT ABOUT THE IMMIGRATION CONSEQUENCES OF THE CONVICTION.  *SEE, E.G., DOWNS-MORGAN V. UNITED STATES, 765 F. 2d 1534 (11TH CIR. 1985) (REVERSING DISTRICT COURT DISMISSAL OF DEFENDANT'S POST-CONVICTION MOTION FOR INEFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENDANT COULD SHOW HE WOULD BE PREJUDICED BY COUNSEL'S FAILURE TO ADVISE HIM THAT PLEA COULD AFFECT*

*HIS ASYLUM ELIGIBILITY AND WHERE COUNSEL SHOULD HAVE KNOWN THAT DEFENDANT WAS FROM A COUNTRY IN WHICH HE WAS LIKELY TO FEAR PERSECUTION); JANVIER V. UNITED STATES, 793 F. 2d 449 (2d CIR. 1986) (REVERSING DISMISSAL OF DEFENDANT'S POST-CONVICTION MOTION FOR INEFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENSE COUNSEL FAIL TO SEEK JUDICIAL RECOMMENDATION AGAINST DEPORTATION). ALTHOUGH CONGRESS REPEALED THE JUDICIAL RECOMMENDATION AGAINST DEPORTATION ON NOVEMBER 29, 1990, A CHALLENGE MAY STILL EXIST FOR CONVICTIONS PRIOR TO NOVEMBER 29, 1990. SEE APPENDIX E FOR A DISCUSSION OF THE NOW REPEALED JUDICIAL RECOMMENDATION AGAINST DEPORTATION.*

**IN ADDITION TO THESE THREE THEORIES UNIQUE TO NONCITIZENS, HOWEVER, IT IS IMPORTANT TO REMEMBER THAT ANY ILLEGALITY IN THE PROCESS THAT LED TO THE CONVICTION THAT IS SO PROFOUND AS TO REQUIRE IT TO BE VACATED MAY BE EMPLOYED BY A NONCITIZEN (ALONG WITH ALL OTHER CRIMINAL DEFENDANTS) TO VACATE THE CONVICTION.**
*FOR EXAMPLE, FEDERAL HABEAS CORPUS CAN RAISE ANY CLAIM OF VIOLATION OF A SPECIFIC PROVISION OF THE BILL OF RIGHTS AND ANY OTHER ERROR THAT "SO INFECTED THE TRIAL WITH UNFAIRNESS AS TO MAKE THE RESULTING CONVICTION A DENIAL OF DUE PROCESS"(DONELLY V. DeCHRISTOFORO, 416 U.S. 637, 642 (1974)), OR ANY OTHER CLAIM OF ERROR, IF THE ERROR WAS MANDATED BY STATUTE OR A WELL ESTABLISHED PROCEDURE, THAT THE STATUTE OR PROCEDURE VIOLATED DUE PROCESS BECAUSE IT OFFENDED SOME PRINCIPLE OF JUSTICE SO ROOTED IN THE TRADITIONS OR CONSCIENCE OF OUR PEOPLE AS TO BE RANKED FUNDAMENTAL. HERRERE V. COLLINS, 113 S. CT. 853, 865 (1993).*

**FEDERAL HABEAS CORPUS IS A PROCESS OR SENTENCE ON ANY PROPERLY**

**PRESERVED GROUND OF FEDERAL COURTS TO VACATE A FINAL CONVICTION OR SENTENCE ON ANY PROPERLY PRESERVED GROUND OF FERDERAL CONSTITUTIONAL ERROR.** *SOLEM V. STUMNES, 465 U.S. 638, 653 (1984) (POWELL, J., CONCURRING). FOR A CATALOGUE OF SUCH CLAIMS, SEE I J. LIEBMAN & R. HERTZ, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE SECTION 9.1 (2d ed. 1994 AND 1997 CUM. SUPP.).*

**IN ADDITION TO THE MYRIAD OF CONSTITUTIONAL ERRORS THAT CAN INVALIDATE A CONVICTION FOLLOWING A TRIAL, THE FOLLOWING ARE SOME OF THE MORE COMMON TYPES OF ERRORS THAT MAY INVALIDATE CONVICTIONS FOLLOWING GUILTY PLEAS:(1)  FAILURE TO SECURE VOLUNTARY, KNOWING AND INTELLIGENT WAIVERS OF THE FUNDAMENTAL CONSTITUTIONAL RIGHTS WAIVED BY A PLEA OF GUILTY OR NO CONTEST;** *BOYKIN V. ALABAMA, 395 U.S. 238 (1969). THE PLEA MUST BE VACATED WHERE THE DISTRICT COURT FAILED TO TAKE FULL RULE 11 WAIVERS FROM A CRIMINAL DEFENDANT, EVEN THOUGH THE DEFENDANT HAS PRIOR EXPERIENCE WITH ENTRY OF GUILTY PLEAS, FAILS TO RAISE AN OBJECTION, AND IS ADVISED OF HIS RIGHT TO A JURY TRIAL. UNITED STATES V. HERNANDEZ-FRAIRE, 208 F.3d 945 (11TH CIR. 2000) (COURT FAILED TO INFORM THE DEFENDANT OF HIS RIGHT TO PLEAD NOT GUILTY, HIS RIGHT TO THE ASSISTANCE OF COUNSEL AT TRIAL, HIS RIGHT TO CONFRONT AND CROSS-EXAMINE ADVERSE WITNESSES AT TRIAL, AND HIS RIGHT AGAINST COMPELLED SELF-INCRIMINATION).* **THE COURT MUST CONDUCT AN ON-THE-RECORD COLLOQUY WITH THE DEFENDANT, IN ADDITION TO A WRITTEN WAIVER, IN ORDER TO OBTAIN A VALID WAIVER OF THE RIGHT TO JURY TRIAL.** *CABBERIZA V. MOORE, 217 F.3d 1329 (11TH CIR. 2000)(SEVENTH CIRCUIT*

*AGREES).* **THE WAIVER OF THE RIGHT TO A JURY TRIAL IS NOT KNOWING AND VOLUNTARY WHERE THE NATURE OF THE RIGHT WAS NOT SUFFICIENTLY EXPLAINED TO THE DEFENDANT.** *SEE JOHNSON V. ZERBST, 304 U.S. 458, 58 S. CT. 1019, 82 L. Ed. 1461, 146 A.L.R. 357 (1938); U.S. V. DUARTE-HIGAREDA, 113 F.3d 1000 (9TH CIR. 1997); U.S. V. MARTIN, 704 F.2d 267, 273 n.5 (6TH CIR. 1983) ("A DEFENDANT CAN HARDLY BE SAID TO MAKE A STRATEGIC DECISION TO WAIVE HIS JURY TRIAL RIGHT IF HE IS NOT AWARE OF THE NATURE OF THE RIGHT OR THE CONSEQUENCES OF IT WAIVER"); U.S. V. DELGADO, 635 F.2d 889, 890 ( 7TH CIR. 1981) (REVERSING CONVICTION AFTER BENCH TRIAL WHERE RECORD DID NOT REVEAL WHETHER DEFENDANT UNDERSTOOD HIS RIGHT TO A JURY TRIAL AND THE CONSEQUENCES OF WAIVER); SEE ALSO U.S. V. LYONS, 898 F.2d 210, 215 (1ST CIR. 1990)(A KNOWING WAIVER REQUIRES THAT A DEFENDANT BE FULLY INFORMED ABOUT THE RIGHT HE IS WAIVING).* **(2)    A DEFENDANT'S CLAIM THAT HIS GUILTY PLEA WAS INVOLUNTARY BECAUSE OF HIS INABILITY TO SPEAK ENGLISH WAS REJECTED, SINCE THE PETITION TO ENTER THE PLEA WAS WRITTEN IN BOTH ENGLISH AND SPANISH, THE DEFENDANT WAS REPRESENTED BY A BILINGUAL COUNSEL WHO EXPLAINED THE PETITION IN SPANISH, AND HE WAS ASSISTED BY AN INTERPRETER AT PLEA AND SENTENCING.** *UNITED STATES V. MARINEZ-CRUZ, 186 F.3d 1102 (8TH CIR. 1999).* **IN ANOTHER CASE, A FEDERAL CONVICTION WAS OVERTURNED WHERE THE DEFENDANT'S ATTORNEY TESTIFIED THAT HE AHD PROPERLY TRANSLATED THE JURY TRIAL WAIVER TO THE NONCITIZEN, BUT THERE WAS NO EVIDENCE THAT THE ATTORNEY MET THE QUALIFICATIONS TO BE A COURT-CERTIFIED INTERPRETER.** *U.S. V. BAILON-SANTANA, 429 F3.d 1258 (9th CIR. 2005).* **(3) IMPROPER USE OF A PRIOR CONVICTION, THAT HAS BEEN OR SHOULD HAVE**

**BEEN,** *COOK V. LYNAUGH, 821 F .2d 1072, 1078 (5TH CIR. 1987) (INEFFECTIVE COUNSEL TO ADMIT PRIOR CONVICTION ALLEGATION WITHOUT INVESTIGATING WHETHER IT WAS CONSTITUTIONALLY INVALID),* **INVALIDATED, TO CONTRIBUTE TO A LATER CONVICTION OR SENTENCE.** *JOHNSON V. MISSISSIPI, 486 U.S. 578, 580-84 n.7 (1988).* **A CONVICTION OF VIOLATING 18 U.S.C.A. SECTION 922(g)(9) (POSSESSION OF FIREARM BY PERSON PREVIOUSLY CONVICTED OF MISDEMEANOR DOMESTIC VIOLENCE) REQUIRES THE GOVERNMENT TO PROVE THE DEFENDANT WAS REPRESENTED BY COUNSEL OR KNOWINGLY AND INTELLIGENTLY WAIVED COUNSEL.** *U.S.C.A. SECTION 921(a)(33)(B)(i).* **WHEN DEFENDANT PLEADED GUILTY IN STATE COURT, HE SIGNED A FORM THAT STATED HE WAIVED COUNSEL, AND WARNED HIM OF CONSEQUENCES, BUT DID NOT WARN HIM OF DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION.** *FARETTA V. CALIFORNIA, 422 U.S. 806, 95 S. CT 2525, 45 L. ED. 2d 562 (1975).* **THE COURT HELD THIS WARNING WAS INSUFFICIENT TO PROVE A KNOWING AND INTELLIGENT WAIVER, AND THEREFORE THE PRIOR CONVICTION COULD NOT CONSTITUTE A PREDICATE OFFENSE ON WHICH TO SUSTAIN A CHARGE OF POSSESSION OF A FIREARM AFTER CONVICTION OF A LISTED CRIMINAL OFFENSE. IN THIS CASE, THE NINTH CIRCUIT EXPRESSLY EXTENDED THE FARETTA STANDARD TO MISDEMEANOR STATE COURT CRIMES. "[A] BRIEF EXCHANGE REGARDING THE WAIVER OF COUNSEL SHOULD NOT SIGNIFICANTLY INCREASE THE BURDEN ON THE COURTS.  WHILE THE VOLUME OF MISDEMEANOR CASES... MAY CREATE AN OVSESSION FOR SPEEDY DISPOSITIONS, REGARDLESS OF THE FAIRNESS OF**

THE RESULT, WE MUST CONTINUALLY GUARD AGAINST ASSEMBLY-LINE JUSTICE, IN WHICH EXPEDIENCY IS PLACED AHEAD OF FUNDAMENTAL FAIRNESS. *ARGERSINGER V. HAMLIN (INTERNAL QUOTES OMITTED).* THE COURT ALSO POINTED OUT THAT AN INNOCENT DEFENDANT, WNAWARE OF THE POTENTIAL CONSEQUENCES OF A MISDEMEANOR CONVICTION, MAY BE MORE LIKELY TO WAIVE COUNSEL TO "GET THE WHOLE THING OVER WITH," ESPECIALLY IF HE IS TO BE SENTENCED TO TIME SERVED, AS WAS DONE HERE. *FOOTNOTE 4, QUOTING MOLIGNARO V. SMITH, 408 F .2d 795, 801 (5TH CIR. 1969).* THE DEFENDANT, WHO DID NOT KNOWINGLY AND INTELLIGNTLY WAIVE HIS RIGHT TO COUNSEL IN THE PRIOR CRIMINAL PROCEEDING, CANNOT BE CONVICTED OF BEING A FELON OR MISDEMEANANT IN POSSESSION OF A FIREARM UNDER 18 U.S.C.A. SECTION 922 (g)(9). *U.S. V. AKINS, 243 F.3d 1199 (9TH CIR. 2001).* (4) DENIAL OF THE RIGHT TO COUNSEL; *ALABAMA V. SHELTON, 122 S. CT. 1764, 152 L. Ed. 2d 888 (U.S. 2002) (A SUSPENDED SENTENCE THAT MAY RESULT IN DEPRIVATION OF LIBERTY CANNOT BE IMPOSED UNLESS THE DEFENDANT IS AFFORDED THE ASSISTANCE OF COUNSEL); UNITED STATES V. TUCKER, 404 U.S. 443 (1972); BURGETT V. TEXAS, 389 U.S. 109 (1967). A DEFEDANT WHO WAIVED HIS RIGHT TO COUNSEL AT SENTENCING WAS HELD TO HAVE BEEN ADEQUATELYU INFORMED OF THE DANGER5S OF SELF-REPRESENTATION, REJECTING CLAIMS THE COURT SHOULD HAVE INFORMED HIM CONCERNING HIS RIGHT TO CROSS-EXAMINE THE DOCTOR WHOSE REPORT FORMED THE BASIS FOR A DANGEROUS OFFENDER SENTENCE. BON MOLTKE V. GILLIES, 332 U.S. 708, 724, 68 S. Ct. 316, 92 L. Ed. 309 (1948) (PLURALITY OPINION) (FOR A VALID WAIVER OF THE RIGHT TO COUNSEL, THE TRIAL COURT MUST UNDERTAKE A THOROUGH INQUIRY TO ENSURE THAT THE DEFENDANT HAS MADE AN INFORMED DECISION); LOPEZ V. THOMPSON, 202*

*F .3d 1110 (9TH CIR. 1997). IN ORDER TO TAKE A VALID WAIVER OF THE RIGHT TO COUNSEL, THE COURT MUST GO BEYOND GENERAL REFERENCES TO THE CONSEQUENCES OF WAIVING THE RIGHT, AND DESCRIBE THE SPECIFIC DANGERS OF SELF-REPRESENTATION. UNITED STATES V. HAYES, 231 F .3d 663 (9TH CIR. 2000)(NOTING THE COURT HAD REVERSED 16 PUBLISHED CASES ON THIS GROUND SINCE 1978, AND GIVING MODEL ADMONISHMENT FOR USE BY DISTRICT COURTS); BAKER V. CITY OF BLAINE, 205 F.3d 1138 (9TH CIR.2000).* **(5) DENIAL OF THE RIGHT TO AN EFFECTIVE APPEAL;** *SEE JOHNSON V. MISSISSIPPI, 486 U.S. 578 (1988).* **(6) INEFFECTIVE ASSISTANCE OF COUNSEL, FOR ANY REASON THAAT CALLS THE OUTCOME OF THE CASE INTO QUESTION;** *DARDEN V. WAINWRIGHT, 477 U.S. 168 (1986); STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984); SEE IN RE ALVERNAZ, 2 CAL. 4TH 924,8 CAL. RPTR. 2D 713 (1992) (INEFFECTIVE ASSISTANCE OF COUNSEL FOR MISTAKEN ADVICE IN PLEA-BARGAINING); LORD V. WOOD, 184 F.3D 1083 (9TH CIR. 1999)(SAME); DELGADO V. LEWIS, 223 F.3d 976 (9TH CIR. 2000)(FINDING "CONSWTRUCTIVE WITHDRAWAL FROM [] REPRESENTATION" WHERE COUNSEL WAS ABSENT FROM VIRTUALLY EVERY IMPORTANT COURT PROCEEDING, INCLUDING SENTENCING, AND FAILED TO RAISE REQUESTED ISSUSE ON APPEAL).* **(7) RELIANCE ON INACCURATE LEGAL ADVICE;** *UNITED STATES V. TOOTHMAN, 137 F.3d 1393 (9TH CIR. 1998)(MISTAKE IN THE ESTIMATE OF APPELANT'S SENTENCE); UNITED STATES V. PIERRE, 120 F.3d 1153 (11TH CIR. 1997)(MISTAKEV BELIEF THAT AN APPEAL ISSUE WAS PRESERVED); UNITED STATES V CORTEZ, 973 F.2d 764 (9TH CIR. 1992) (MISTAKEN BELIEF THAT AN APPEAL ISSUE WAS PRESERVED); CHIZEN V. HUNTER, 809 F.2d560 (9TH CIR. 1986)(MISREPRESENTATION TO DEFENDANT THAT SENTENCE AGREEMENT HAD BEEN REACHED WITH JUDGE); UNITED STATES V. CARRASCO, 786 F.2d 1452 (9TH CIR. 1986) (MISTAKEN BELIEF THAT PLEA WAS CONDITIONALL AND THAT APPEAL OF DENIAL OF MOTION TO SUPPRESS EVIDENCE WOULD BE ALLOWED AFTER PLEA). SEE UNITED STATES V. REYES-PLATERO, 224 F.3d*

*1112 (9TH CIR. 2000), CITING TOLLETT V. HENDERSON, 411 U.S. 258, 267 (1973); U.S. V. DAY, 285 F.3d 1167 (9TH CIR. 2002) (INCORRECT OR UNWISE LEGAL ADVICE SURROUNDING DECISION ABOUT WHETHER TO ACCEPT PLEA BARGAIN AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL).* **(8) FAILURE TO INFORM THE**

**DEFENDANT OF THE NATURE OF THE CHARGE AND ELEMENTS OF THE**

**OFFENSE;** *HENDERSON V. MORGAN, 426 U.S. 647 (1976); HAYES V. KINCHELOE, 784 F.2d 1434, 1438-40 (9TH CIR. 1986); UNITED STATES V. MOSLEY, 173 F.3d 1318 (11TH CIR. 1999) (COURT MAY EXAMINE ENTIRE RECORD); UNITED STATES V. LOPEZ, 907 F.2d 1096 (11TH CIR. 1990); UNITED STATES V. BYRD, 804 F.2d 1204 (11TH CIR. 1986). THE COURT CAN LOOK TO DEFENDANT'S PRIOR LIFE EXPERIENCES IN DECIDING WHETHER S/HE ADEQUATELY UNDERSTOOD THE NATURE OF THE OFFENSE TO WHICH A PLEA WAS ENTERED. UNITED STATS V. MOSLEY, 173 F.3d 1318 (11TH CIR. 1999); UNITED STATES V. SEESING, 234 F.3d 456 (9TH CIR. 2000) (GRANTING MOTION TO VACATE PLEA); U.S. V. TELEMAQUE, 244 F.3d 1247 (11TH CIR. 2001). A PLEA TO ILLEGAL REENTRY WAS HELD INVALID, WHERE NEITHER THE JUDGE NOR THE PROSECUTOR DESCRIBED THE ELEMENTS OF THE CHARGE, THE INDICTMENT WAS NOT READ, AND THE JUDGE DID NOT ASK THE DEFENDANTS WHETHER THEY UNDERSTOOD THE CHARGES. U.S. V. LUJANO-PEREZ, 274 F.3d 219 (5TH CIR. 2001).* **(9) FAILURE OF THE COURT TO**

**INQUIRE INTO THE DEFENDANT'S MENTAL COMPETENCE IF IT WAS OR**

**SHOULD HAVE BEEN ON NOTICE OF THE PROBLEM;** *GODINEZ V. MORAN, 509 U.S. 389 (1993); PATE V. ROBINSON, 383 U.S. 375, 385 (1966); TORRES V. PRUNTY, 223 F.3d 1103 (9TH CIR. 2000); UNITED STATES V. GIRON-REYES, 234 F.3d 78 (1ST CIR. 2000)* **(10) INABILITY OF DEFENSE COUNSEL TO RENDER EFFECTIVE ASSISTANCE BECAUSE OF A CONFLICT OF INTEREST;** *HOLLOWAY V. ARKANSAS, 435, 482 (1978); cf. CUYLER V. SULLIVAN, 446 U.S. 335, 348 (1980) (HOLDING THAT JOINTLY REPRESENTED INDIGENT DEFENDANTS MUST OBJECT OR SHOW AN ACTUAL*

*CONFLICT OF INTEREST); UNITED STATES V. CHRISTAKIS, 238 F.3d 1164 99TH CIR.*

*2001).* **WHERE THE TRAIL COURT KNEW, OR REASONABLY SHOULD HAVE**

**KNOWN, OF A CONFLICT OF INTEREST, BUT THE DEFENDANT MUST SHOW**

**ADVERSE PERFORMANCE OF HIS ATTORNEY TO WIN REVERSAL OF**

**CONVICTION ON THIS GROUND.** *MICKENS V. TAYLOR, 122 S. CT. 1237, 152 L. Ed. 2d.*

*291 (U.S. 2002) (RELIEF WAS DENIED FOR LACK OF ADVERSE PERFORMANCE SHOWING*

*WHERE A CAPITAL MURDER DEFENDANT WAS APPOINTED AN ATTORNEY WHO HAD*

*REPRESENTED THE VICTIM OF THE MURDER, IN ANOTHER CRIMINAL MATTER, WHICH*

*THE TRIAL JUDGE HAD PREVIOUSLY DISMISSED BEFORE HE APPOINTED HIM TO*

*REPRESENT THE DEFENDANT IN THIS MURDER).*

**(11) ERRONEOUS PERMISSION TO DEFENDANT TO WAIVE COUNSEL**

**WITHOUT ADEQUATE WARNING OF THE DANGERS OF SELF-
REPRESENTATION.**

*UNITED STATES V. BALOUGH, 820 F.3d 1485, 1487-90 (9TH CIR. 1987); UNITED STATES V.*

*KEEN, 108 F.3d 261 (9TH CIR. 1996), REHEARING DENIED AND AMENDED OPINION FILED*

*JAN. 2, 1997, 104 F.3d 1111. FOR A WAIVER OF THE RIGHT TO COUNSEL TO BE*

*CONSTITUTIONALLY VALID, THE DEFENDANT MUST BE MADE AWARE OF THE DANGERS*

*OF SELF-REPRESENTATION. FARETTA V. CALIFORNIA, 422 U.S. 806, 835 (19750; LOPEZ
V.*

*THOMPSON, 175 F.3d 1120 (9TH CIR. 1999); U.S. V. FULLER, 941 F.2d 993 (9TH CIR. 19910*

*(NONCITIZEN RELIED ON THE ADVICE OF THE PROSECUTOR AN INS AGENTS IN*

*PLEADING GUILTY; THE COURT HELD THAT "[G]IVEN [NONCITIZEN'S] LIMITED*

*EDUCATION, HER UNFAMILIARITY WITH ENGLISH, HER YOUNG AGE AND LACK OF*

*EXPERIENCE WITHIN THE LEGAL SYSTEM, THERE IS NO BASIS IN THIS RECORD FOR A*

*FINDING THAT SHE KNOWNINGLY WAIVED HER RIGHT TO COUNSEL"); CF. UNITED*

*STATES V. POYNTER, 489 F. SUPP. 604, 605 (S.D.N.Y. 1980).* **A WAIVER OF COUNSEL**

**IN A MISDEMEANOR CASE IS SUBJECT TO THE SAME STANDARDS AS IN A**

**FELONY CASE, REQUIRING THE COURT TO WARN THE DEFENDANT ABOUT THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION.** *U.S. AKINS,243 F.3d 1199 (9TH CIR. 2001), DISTINGUISHING U.S. V. SMITH, 171 F.3d 617 (8TH CIR. 1999), SINCE THE DEFENDANT HAD INITIALLY RECOGNIZED THE USEFULNESS OF COUNSEL. BUT SEE IN re JOHNSON, 62 CAL. 2.d 325, 42 CAL. RPTR. 228, 398 P.2d 420 (1982).* **(12) FAILURE TO FIND PROPER FACTUAL BASIS, WHERE DURING THE PLEA COLLOQUY THE DEFENDANT MADE FACTUAL STATEMENTS NEGATING ESSENTIAL ELEMENTS OF THE CRIMES CHARGED.** *MONTGOMERY V. UNITED STATES, 853 F.2d 83 (10TH CIR. 1988); GODWIN V. UNITED STATES, 687 F.2d 585 (10TH CIR. 1982).* **ONCE THE COURT FINDS A FACTUAL BASIS EXISTS, HOWEVER, RULE 11 DOES NOT REQUIRE THAT THE ISSUE BE REOPENED IF THE DEFENDANT LATER MAKES A STATEMENT  SUGGESTING THE AFFIRMATIVE DEFENSE OF JUSTIFICATION.** *UNITED STATES V. SMITH, 160 F.3d 117 (2d CIR. 1998).* **(13)  THE OMISSION OF AN ESSENTIAL ELEMENT OF AN OFFENSE FROM THE CHARGING PAPER CONSTITUTES ERROR.** *UNITED STATES V. DU BO, 186  F.3d 1177 (9TH CIR. 1999)(INDICTMENT ALLEGING VIOLATION OF HOBBS ACT, 18 U.S.C.A. SECTION 1951, FAILED TO SPECIFY MENTAL ELEMENT); UNITED STATES V. SPINNER, 180 F.3d 514 (3D CIR. 1999); U.S. V. PRENTISS, 256 F.3d 971 (10TH CIR. 2001)(EN BANC)(OMISSION OF ELEMENT IN INDICTMENT SUBJECT TO HARMLESS-ERROR ANALYSIS). THESE DECISIONS DISTINGUISHED NEDER V. UNITED STATES, 119 S. CT. 1827 (1999), WHICH HELD THAT JURY INSTRUCTIONS OMITTING OFFENSE ELEMENTS COULD BE FOUND HARMLESS.* **HOWEVER, DEFECTS IN THE INDICTMENT ARE NOT JURISDICTIONAL ERRORS AND DO NOT DEPRIVE THE COURT THE POWER TO ADJUDICATE A CASE.** *U.S. V. COTTON, 122 S. CT. 1781, 152 L. ED. 2d 860 (U.S. 2002).*

DEFENDANT'S GOING TO REFERS TO THE UNITED STATES SUPREME COURT IN (D.C.) IT'S POSSIBLE TO ARGUE THAT A GUILTY PLEA VIOLATES THE DUE PROCESS REQUIREMENT THAT IT BE KNOWING AND INTELLIGENT IF IT IS ENTERED WITHOUT A FULL UNDERSTANDING OF THEIR IMMIGRATION CONSEQUENCES. THE UNITED STATES SUPREME COURT HAS HELD." OUT OF JUST CONSIDERATION FOR PERSONS ACCUSED OF CRIMES COURTS ARE CAREFUL THAT A PLEA OF GUILTY SHALL NOT BE ACCEPTED UNLESS MADE VOLUNTARILY AFTER PROPER ADVICE AND WITH FULL UNDERSTANDING CONSEQUENCES. " *KERCHEVAL  V.  UNITED STATES , 274 U .S . 220 ,223 (1927),* SEE ESSENTIALLY, THEN, IN TERMS OF A CONCERN FOR FAIRNESS, THE KNOWING AND INTELLIGENT CHOICE REQUIRES THAT THE DEFENDANT UNDERSTAND WHAT IS INVOLVED WITH EACH OF THE ALTERNATIVES." *D .Rossman , "Guilty PLeas, "2Criminal Law Advocacy, 3-4 .* THE LAST BROAD CATEGORY OF INFORMATION IN THE KNOWING AND INTELLIGENT REQUIREMENT IS WHAT WILL HAPPEN TO THE DEFENDANT AS A RESULT OF HIS  PLEA. ACCURATE INFORMATION ABOUT WHAT THE PERSONAL CONSEQUENCES OF A GUILTY PLEA  MIGHT BE IS A PREREQUISITE FOR MAKING THE CHOICE FAIR." *Id . at  3 - 6 .* IT IS CERTAIN THAT TO BLINDSIDE A DEFENDANT, WITH TRAGIC IMMIGRATION CONSEQUENCES, FIRST DISCLOSED AFTER THE PLEA HAS BEEN ENTERED, VIOLATES THE SPIRIT OF FAIRNESS THAT UNDERLIES THESE DUE PROCESS PRINCIPLES . SEE ALSO THE  FLORIDA SUPREME COURT HELD THAT TO CHALLENGE CRIMINALS ON THE GROUNDS THAT THE TRAIL COURT AT THE TIME A PLEA WAS ENTERED

FAILED, IN VIOLATIONS OF STATE LAWS TO ADVISE THEM OF THE

POSSIBILITIES OF DEPORTATION AS A RESULT OF THE PLEA, SEE *(FLA.R. OF*

*CRIM.P.3.172(c)(8).* TO ADVISE THEM OF THE POSSIBILITY OF DEPORTATION AS

A RESULT OF THE PLEA. IT FURTHER HELD THAT THE PETITION MUST BE

FILED WITHIN TWO YEARS AFTER THE DEFENDANT BECAME AWARE, OR

SHOULD HAVE BECOME AWARE, OF THE THREAT OF DEPORTATION AS A

RESULT OF THE PLEA. SINCE THE RULE IT ANNOUNCED WAS A NEW RULE, THE

COURT IN FAIRNESS ALLOWED DEFENDANTS TO FILE A PETITION WITHIN TWO YEARS

AFTER APRIL 13,2000, THE DATE THE CASE WAS *DECIDED.* FINALLY, IT HELD THAT

THE DEFENDANT NEED ONLY SHOW THAT S/HE WOULD NOT HAVE ENTERED

THE PLEA IF S/HE HAD KNOWN OF THE DEPORTATION CONSEQUENCES, BUT

NEED NOT SHOW ANY LIKELIHOOD OF ACQUITTAL AT TRIAL. *PEART V. STATE,*

*756 SO. 2d 42 (FLA. 2000).*


## CONCLUSION

BECAUSE A WRIT OF HABEAS CORPUS RELIEF IS THE ONLY RELIEF

AVAILABLE TO AN  DEFENDANT SUCH AS THE ODUCHE  WHO, BY REASON OF

HIS CONVICTION OF A PARITHHOLDING SERIOUS CRIME, BECAUSE ERROR

CORAM NOBIS WAS THE PROPER VEHICLE FOR DEFENDANTS, NO LONGER IN

CUSTODY, TO CHALLENGE CRIMINAL CONVICTIONS ON THE GROUNDS THAT

THE TRAIL COURT AT THE TIME A PLEA WAS ENTERED FAILED, IN

VIOLATION OF THE STATE LAW, (*FLA. R. OF CRIM. P. 3.172(c)(8).* TO ADVISE

THEM OF THE POSSIBILITY OF DEPORTATION AS A RESULT OF THE PLEA.

ACCORDINGLY TO THE BASIS OF THE FOREGOING, AND ANY ADDITIONAL

REASON THAT MAY BE INCLUDED IN THIS STATEMENT OF RESPONDENT

BRIEF. WHEREFORE ODUCHE PRAYS THAT THIS HONORABLE COURT

GRANTS HIS  DEFENDANT AND DISMISS ALL CHARGES AND HIS SENTENCE

BE VACATED WITH PREJUDICE. ACCORDING TO THE BASIS OF THE

FOREGOING AND ALL THE ADDITIONAL REASON LISTED ABOVE, THE

DEFENDANT  RESPECTFULLY ASK THIS HONORABLE JUDGE OF THE SAID

COURT TO VACATE ALL SENTENCE AND DISMISS ALL CHARGES ,

WHEREFORE, MOVANT ASKS THAT THE COURT GRANT HIM ALL RELIEF TO

WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.


                                    RESPECTFULLY   SUBMITTED,

                                    _Chi L Oduche_

                                    EZEADIGO ODUCHE, # 107414
                                    YORK COUNTY PRISON
                                    3400 CONCORD ROAD
                                    YORK, PA. 17402


CC: FILE CLERK OF COURT.

DATE:7-28-2008



Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware, 19801-3570

"THIS CORRESPONDENCE ORIGINATES
FROM AN INMATE INSTITUTION"

Ezendigo Oduche, 107414
York County Prison
3400 Concord Road
York, PA 17402

