IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EZEADIGO ODUCHE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-125-SLR |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| THOMAS HOGAN,  Warden, and | ) | |
| and JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

Ezeadigo Oduche.  Pro se petitioner.

Loren Meyers, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

April   *15*   , 2009
Wilmington, Delaware

**ROBINSON, Judge**

## I. INTRODUCTION

Currently before the court is petitioner Ezeadigo Oduche's ("petitioner")
application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1)  For
the reasons that follow, the court will dismiss petitioner's § 2254 application.

## II. FACTUAL AND PROCEDURAL BACKGROUND[i]

On the evening of November 15, 2005, Wilmington police went to the 300 block
of West 34th Street in response to a complaint of a man with a gun.  The incident was
the culmination of an ongoing argument that day between petitioner and the three
victims, DH, KH, and SH.  That evening, petitioner and DH became engaged in an
altercation and, during the fray, petitioner ran into the house, returning with a pistol in
his right hand, which he then brandished at the three women and at onlookers.
Petitioner chased the women, but they eluded him.  Police found petitioner in the 400
block of West 34th Street; he refused to stop, and officers chased him on foot,
apprehending him in the 3300 block of Jefferson Street.  At the station house, petitioner
told officers that he did not have a pistol and that he had not threatened anyone.
However, petitioner did admit that he had an argument with DH.

The grand jury indicted petitioner in December 2005, charging him with three
counts of aggravated menacing, possession of a deadly weapon during the commission
of a felony, and resisting arrest.  On March 30, 2006, petitioner pled guilty to one count
of aggravated menacing.  He was immediately sentenced to three years imprisonment
at Level V, suspended immediately for one year of Level III probation, followed by one

---

[i]The facts pertaining to petitioner's convictions are summarized from the State's
answer.

year of Level II probation.  (D.I. 14)  Petitioner did not file a direct appeal.

In October 2006, petitioner was charged with having violated the terms of his probation by virtue of his arrest on October 4, 2006 in Kent County, Delaware, on new criminal charges.  At a violation hearing held on March 20, 2007, the Superior Court determined that petitioner violated his probation, revoked his probation, and sentenced him to ninety days imprisonment at Level V.  (D.I. 14, Viol. of Probation Sent. Order, *State v. Oduche*, Cr. A. No. VN05-11-1670-01 (Del. Super. Ct. Mar. 20, 2007).  Petitioner did not appeal his revocation of probation.

On March 22, 2007, petitioner filed in the Superior Court a state habeas corpus petition, complaining about being held in prison pending his transfer to the Central Violation of Probation Center to serve the sentence imposed on the Kent County charges.  The Superior Court summarily denied the state habeas corpus petition on March 23, 2007.  Petitioner did not appeal that decision.

On September 11, 2007, federal immigration officials arrested petitioner.  He is presently being confined in Pennsylvania in the custody of the Department of Homeland Security.

On October 3, 2007, petitioner filed in the Superior Court a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied as non-compliant on October 3, 2007.  Petitioner filed a new Rule 61 motion on October 22, 2007, which challenged his March 2006 conviction.  The Superior Court denied the Rule 61 motion on January 17, 2008, and petitioner did not appeal that decision.

Petitioner's pending § 2254 application is post-marked February 27, 2008.  The

2

application asserts four claims: (1) counsel provided ineffective assistance by incorrectly advising petitioner about the effect his guilty plea would have on his immigration status; (2) counsel provided ineffective assistance by recommending that petitioner accept the prosecution's plea offer because he would be exposed to a substantial prison term if he proceeded to trial; (3) petitioner was not permitted to present to the court a letter from one of the victims saying that petitioner was innocent; and (4) petitioner's arrest was invalid because the arresting officers "believed a person with no evidence to arrest him."

The State filed an answer, alleging three alternative reasons for denying the petition: (1) the court lacks subject matter jurisdiction because petitioner is not "in custody" for the purposes of a § 2254 application challenging a state court judgment; (2) the application is time-barred; and (3) petitioner procedurally defaulted his claims.

## III. DISCUSSION

### A. Subject Matter Jurisdiction

A federal district court has jurisdiction to entertain an application for habeas corpus relief only if the petitioner is "in custody" pursuant to the state court judgment or sentence he is attacking at the time the application is filed.   28 U.S.C.  § 2254;  *Maleng v. Cook*, 490 U.S. 488, 490 (1989);  *United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975)("in custody" jurisdictional requirement is determined as of the date the [application] is filed in the district court").   The application in this case challenges petitioner's March 2006 conviction in Delaware for aggravated menacing. Petitioner completed his sentence for aggravated menacing in June 2007 when he

3

finished serving the 90 days of imprisonment imposed upon his revocation of probation.

Petitioner, however, did not file the instant application until February 27, 2008[2] and,

therefore, the court concludes that petitioner is not "in custody" for § 2254 purposes.[3]

Accordingly, the court will dismiss the application for lack of jurisdiction.

## B. Timeliness

Alternatively, the court concludes that the application is time-barred. Petitioner's

§ 2254 application is subject to the one-year limitations period prescribed in the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v.*

*Murphy*, 521 U.S. 320, 336 (1997); 28 U.S.C. § 2244(d)(1). The one-year limitations

period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2]*See infra* at p. 5 n. 5.

[3]Although petitioner is housed in a Pennsylvania county prison, he is in the custody of the U.S. Department of Homeland Security, waiting for the Third Circuit Court of Appeals to review the Board of Immigration Appeals' decision affirming an Immigration Judge's order of deportation. *See Oduche-Nwakaihe v. Att'y General of the United States*, petition docketed, No. 08-2736 (3d Cir. June 16, 2008). Petitioner's "immigration detention" does not satisfy the "in custody" requirement of § 2254, given that petitioner is challenging his 2006 criminal conviction. *See Ogunwomoju v. United States*, 512 F.3d 69, 74-75 (2d Cir. 2008).

4

28 U.S.C. § 2244(d)(1). In this case, petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Thus, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for pursuing an appeal. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Superior Court sentenced petitioner on March 30, 2006, and he did not appeal his conviction or sentence. As a result, petitioner's conviction became final thirty days later, on May 1, 2006.[4] *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by May 1, 2007. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on February 27, 2008,[5] approximately nine

---

[4]Because the last day of the appeal period actually fell on Sunday, April 30, 2006, the appeal period extends through Monday, May 1, 2006. *See* Del. Supr. Ct. R. 11(a)(computation of filing period).

[5]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Although petitioner's application is not dated, the envelope in which it was mailed is post-marked February 27, 2008. Therefore, the court adopts the post-mark date as the date of filing.

months after the expiration of the limitations period. Thus, his habeas application is
time-barred and should be dismissed, unless the time period can be statutorily or
equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The court will
discuss each doctrine in turn.

### 1. Statutory tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-
year period of limitations:

> The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's
limitations period during the time the action is pending in the state courts, including any
post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000).

Here, 323 days of the limitations period had already lapsed by the time petitioner
filed his state habeas corpus petition on March 22, 2007. The Superior Court denied
the petition on March 23, 2007, and petitioner did not appeal that decision. Therefore,
the state habeas corpus petition tolls the limitations period from March 22, 2007
through April 23, 2007, the end of the time period during which petitioner could have
appealed the Superior Court's decision.[6]

The limitations clock started to run again on April 24, 2007, and ran without

---

[6]The thirty-day appeal period ended on Sunday, April 22, 2007. Therefore, the
appeal period extends through Monday, April 23, 2007. *See* Del. Supr. Ct. R. 11(a).

interruption until it expired on June 4, 2007.[7] Therefore, statutory tolling does not render the application timely filed.

## 2. Equitable tolling

The court may toll AEDPA's limitations period for equitable reasons if petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling may be warranted:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, equitable tolling will only be available if petitioner demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. New Jersey State Dept. of Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

In this case, petitioner appears to assert that his lack of legal knowledge and his

---

[7]Petitioner's non-compliant Rule 61 motion, filed in the Superior Court on October 1, 2007, does not toll the limitations period because it was filed after the expiration of AEDPA's limitations period and it was not "properly filed" for federal habeas corpus purposes. In addition, petitioner's subsequent Rule 61 motion, properly filed on October 22, 2007, does not toll the limitations period because it was filed after the expiration AEDPA's limitations period.

7

limited understanding of the English language constitute extraordinary circumstances which prevented him from timely filing the instant habeas application. (D.I. 1, at ¶ 18) The court disagrees. To begin, a pro se petitioner's lack of legal knowledge, or a mistake resulting from the absence of such knowledge, does not constitute an extraordinary circumstance for equitable tolling purposes. *See Simpson v. Snyder,* 2002 WL 1000094, at \*3 (D. Del. May 14, 2002).

As for petitioner's alleged lack of proficiency with the English language, this court denied a similar argument for equitable tolling in a habeas decision issued in 2004. *See Taylor v. Carroll,* 2004 WL 1151552 (D. Del. May 14, 2004). The Third Circuit Court of Appeals has not addressed the question as to whether a language barrier can act to equitably toll the limitations period since this court's decision in 2004. However, the Second and Ninth Circuits have held that a language deficiency may warrant equitable tolling when the petitioner demonstrates that the language barrier actually affected his ability to file the habeas application in a timely manner[8] and that he "made all reasonable efforts to obtain assistance and mitigated his language ability." *Diaz v. Kelly,* 515 F.3d 149, 154 (2d Cir. 2008); *see Mendoza v. Carey,* 449 F.3d 1065, 1069 (9th Cir. 2006). Even if the court were to apply the reasoning of the Second and Ninth Circuit courts to petitioner's situation, equitable tolling would not be warranted because the record belies any suggestion that language difficulties actually prevented petitioner

---

[8]According to the Ninth Circuit, a language barrier has actually prevented a petitioner from timely filing a habeas application when the petitioner does not speak English, the prison law library lacks legal materials in his native language, and he was unable to obtain translation assistance prior to the expiration of the limitations period. *Mendoza,* 449 F.3d at 1070.

8

from filing his application in a timely manner. *See United States v. Sosa*, 364 F.3d 507, 512-13 (4th Cir. 2004)(pro se litigant's alleged language difficulties did not justify equitable tolling for § 2255 motion because defendant wrote numerous court filings himself in English and PSR indicated defendant's belief that his English skills were excellent); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)(pro se litigant's alleged language difficulties did not justify equitable tolling for § 2254 application because record contained detailed letter written by defendant to counsel, in English; even if someone helped defendant draft post-conviction motions, he was able to communicate with the person who helped him). Petitioner has filed nine documents in the instant proceeding,[9] and only the first document (D.I. 1) indicates that someone helped petitioner prepare the document because of his alleged inability to understand English.[10] In contrast, the remaining eight documents, including three memoranda supporting petitioner's habeas application, are well-written, in English, and do not contain any indication that another person helped petitioner draft the court filings.[11] In addition, nothing in the state court record indicates that someone other than petitioner drafted the documents written in English and filed in his state collateral proceeding.[12]

---

[9](D.I. 1; D.I. 4; D.I. 5; D.I. 6; D.I. 15; D.I. 16; D.I. 17; D.I. 18; D.I. 20)

[10]The last page of petitioner's application contains the signature of "Rodney L. Willison" below petitioner's signature, as well as the following handwritten statement: "I help Mr. Oduche fil[l] out this petition to the best of my knowledge, because he really can't understand English that well." (D.I. 1, at p. 15)

[11](D.I. 5; D.I. 6; D.I. 15)

[12]Nor does petitioner's Rule 61 motion filed on October 22, 2007 assert that petitioner cannot understand or communicate in English. *See* (D.I. 14)

9

*See* (D.I. 14)   Therefore, viewing the totality of circumstances, the court concludes that petitioner's alleged lack of English proficiency does not justify equitable tolling. Accordingly, the court will alternatively dismiss petitioner's habeas application as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability.  *See* Third Circuit L.A.R. 22.2  (2008).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

The court finds that it lacks subject matter jurisdiction over petitioner's

habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find these conclusions to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.